SYLVIA M. SCOTT (BAR NO. 134360)
sms@ffslaw.com
RUSSELL R. FISK (BAR NO. 227634)
rrf@ffslaw.com
FREEMAN, FREEMAN & SMILEY, LLP
Penthouse Suite
3415 Sepulveda Boulevard
Los Angeles, California 90034
Telephone: (310) 255-6100
Facsimile: (310) 391-4042

Attorneys for Defendant/Counter-Claimant/Third-Party Plaintiff, TURAN PETROLEUM, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION - SANTA ANA

| | |
|---|---|
| KAZENERCOM TOO, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> TURAN PETROLEUM, INC., ET AL., <br><br> Defendants. | Case No. SA-CV-09-0059 JVS (MLGx) <br><br> Assigned for All Purposes To: <br> Hon. James V. Selna <br><br> **ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |
| TURAN PETROLEUM, INC, <br><br> Defendant and Counterclaimant, <br><br> vs. <br><br> YERKIN BEKTAYEV and KANET MEIRMANOV, <br><br> Plaintiffs and Counterdefendants. | |
| TURAN PETROLEUM, INC., <br><br> Defendant and Third-Party Plaintiff, <br><br> vs. <br><br> WELLS FARGO, N.A., YERKIN AKKUZOV. SABIRGAN | |

1
[PROPOSED] TRO AND, ORDER GRANTING OTHER EMERGENCY RELIEF AND ORDER TO SHOW
CAUSE RE PRELIMINARY INJUNCTION

932143.1
21262-892

DUSHALIEV, IGOR MAXIMOV and DOES 1 through 10, inclusive,

Third-Party Defendants.

Upon motion by Defendant/Counter-Claimant/Third-Party Plaintiff TURAN PETROLEUM, INC. ("Turan"), pursuant to Rule 65, Fed. R. Civ. Proc., and good cause having been shown, and having considered Plaintiffs' Ex Parte Application for Temporary Restraining Order, Order for Emergency Relief and Order to Show Cause Re Preliminary Injunction ("Ex Parte Application"); Plaintiff's Memorandum of Points and Authorities in Support of Ex Parte Application for Temporary Restraining Order ("TRO Brief"), Order for Emergency Relief and Order to Show Cause Re Preliminary Injunction, Declaration of Askar Karabayev In Support of Plaintiff's Ex Parte Application for Temporary Restraining Order ("Karabayev Declaration"), Order for Emergency Relief and Order to Show Cause Re Preliminary Injunction; and Emergency Counterclaims of Turan as Against Plaintiffs Yerkin Bektayev and Kanet Meirmanov (collectively, the "Counterclaim Defendants") and Third-Party Complaint Against Wells Fargo, N.A., Yerkin Akkuzov, Sabirgan Dushaliev and Igor Maximov (collectively, the "Third Party Defendants"),

**IT IS HEREBY ORDERED THAT**:

1. The Ex Parte Application is and shall be GRANTED in part.

2. Third Party Defendant Wells Fargo, N.A. ("Wells Fargo") IS ORDERED TO SHOW CAUSE at 3 p.m. on March 26, 2009, or as soon thereafter as counsel may be heard in the United States District Court for the Central District of California, courtroom of the Honorable James V. Selna (10C), located at 411

W. Fourth Street, Sanata Ana, California 92701 why it should not be ordered to lift the freeze that it has placed on Turan's sole operating account at Wells Fargo, in Costa Mesa, California, Account No. 573-8215283 (hereinafter, "the Operating Account).

3. Counterclaim Defendants Yerkin Bektayev ("Bektayev") and Kanet Meirmanov ("Meirmanov") and Third Party Defendants Yerkin Akkuzov ("Akkuzov"), Sabirgan Dushaliev ("Dushaliev"), and Igor Maximov ("Maximov") Counterclaim Defendants Bektayev and Meirmanov and Third Party Defendants Akkuzov, Dushaliev, and Maximov ARE ORDERED TO SHOW CAUSE at 3 p.m. on March 26, 2009, or as soon thereafter as counsel and/or parties appearing pro se may be heard in the United States District Court for the Central District of California, courtroom of the Honorable James V. Selna, located at 411 W. Fourth Street, Sanata Ana, California 92701 why Meirmanov Bektayev, Akkuzov, Dushaliev, and Maximov their officers, agents, servants, employees and attorneys and those in active concert or participation with him or them, should not be restrained and enjoined pending trial of this action from taking any action whatsoever in the capacity of a member of the Board of Directors of Turan, including but not limited to:

> --Communicating with Wells Fargo under color of authority as a member of the Board of Directors of Turan or any other alleged agent of Turan;

--Communicating with Turan shareholders under color of authority as a member of the Board of Directors of Turan or any other alleged agent of Turan;

--Communicating with any person under color of authority as a member of the Board of Directors of Turan or any other alleged agent of Turan; and

--Making unlawful demands on, and pronouncements to, Turan's corporate counsel, Freeman, Freeman & Smiley, LLP ("FFS"), Inc. to the effect that FFS is no longer to act as Turan's corporate counsel and that FFS is required to return legal fees received for legal services that it has already performed.

Said parties shall also show cause why they should not be ordered to:

--retract, in whole, the letter sent to Turan's corporate counsel, Freeman Freeman & Smiley LLP ("FFS"), on March 2, 2009 ("FFS Letter"), referenced in the TRO Brief and Karabayev Declaration. Specifically, Meirmanov Bektayev, Akkuzov, Dushaliev, and Maximov shall immediately send a letter to FFS stating that it had no authority to send the FFS letter and that the FFS letter is null and void;

--notify the shareholders of Turan immediately, by overnight mail and by posting on www.webwire.com, that Meirmanov, Bektayev, and their agents, are <u>not</u> members of the Board of Directors of Turan and that

Turan's shareholders are to disregard any and all prior communications indicating that they are members of the Board of Directors.

4. Turan shall serve upon the Counterclaim Defendants and the Third Party Defendants Plaintiffs the Ex Parte Application for Temporary Restraining Order, Order for Emergency Relief and Order to Show Cause Re Preliminary Injunction, which shall serve as Turan's application for a preliminary injunction, as well as this Order to Show Cause, Order for Emergency Relief and Temporary Restraining Order (hereinafter, the "Order") and supporting papers no later than March 13, 2009, and proof of service shall be filed no later than two court days before the hearing. Any response or opposition to the Order must be filed and personally served on counsel for Turan, no later than noon March 20, 2009, and proof of service shall be filed no later than one court day before the hearing. If Turan desires to file a reply memorandum to the oppositions, Plaintiff must file and serve its reply no later than noon March 24, 2009.

5. The Court also finds that adequate efforts were made by Turan, through its counsel, to locate and notify all of the Counterclaim Defendants and Third Party Defendants of the filing of the Ex Parte Application. No further notice is required.

Dated: March 12, 2009

*[signature]*

JAMES V. SELNA

UNITED STATES DISTRICT JUDGE