**BY FAX**

FILED 2009 APR -3 PM 3:31 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. SANTA ANA

1  Richard A. Solomon, SBN 82923
   Stephen M. Spinella, SBN 144732
2  SOLOMON, GRINDLE, SILVERMAN & SPINELLA
   A Professional Corporation
3  12651 High Bluff Drive, Suite 300
   San Diego, California 92130
4  Tel: (858) 793-8500; Fax: (858) 793-8263

5  Attorneys for Third-Party Defendant, Counter-Claimant
   and Cross-Claimant, WELLS FARGO BANK, N.A.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| KAZENERCOM TOO, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> TURAN PETROLEUM, INC., ET AL., <br><br> Defendants. | Docket No. 08:09cv00059 JVS (MLGx) <br><br> Assigned for All Purposes to: <br> Hon. James V. Selna <br><br> **ANSWER OF THIRD-PARTY DEFENDANT WELLS FARGO BANK, N.A. TO THIRD-PARTY COMPLAINT OF TURAN PETROLEUM, INC;** <br><br> **COUNTER-CLAIM OF WELLS FARGO IN INTERPLEADER (AGAINST TURAN, BEKTAYEV, MERIMANOV, DUSHALIEV, AKKUZOV AND MAXMOV)** |
| TURAN PETROLEUM, INC, <br><br> Defendant and <br> Counterclaimant, <br><br> vs. <br><br> YERKIN BEKTAYEV and KANET MEIRMANOV, <br><br> Plaintiffs and <br> Counterdefendants. | |
| TURAN PETROLEUM, INC., <br><br> Defendant and <br> Third-Party Plaintiff, <br><br> vs. <br><br> WELLS FARGO, N.A., YERKIN AKKUZOV, SABIRGAN DUSHALIEV, IGOR MAXIMOV, <br><br> Third-Party Defendants. | |

1

| | |
|---|---|
| 1 | WELLS FARGO BANK, N.A., |
| 2 | Third-Party Defendant and Counter-Claimant, |
| 3 | |
| 4 | vs. |
| 5 | |
| 6 | TURAN PETROLEUM, INC., YERKIN BEKTAYEV, KANET MEIRMANOV, YERKIN AKKUZOV, SABIRGAN DUSHALIEV and IGOR MAXIMOV, |
| 7 | |
| 8 | Defendants, Third-Party Claimants and Counter-Defendants. |
| 9 | |

Third-Party Defendant, Counter-Claimant and Cross-Claimant WELLS FARGO BANK, N.A. ("Wells Fargo") submits the following Answer to the Third-Party Complaint of Turan Petroleum, Inc.

1. Answering paragraph 1 of the Third-Party Complaint of Turan Petroleum, Inc. ("TPC"), Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1, and on that basis denies each and every allegation contained therein.

2. Answering paragraph 2 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2, and on that basis denies each and every allegation contained therein.

3. Answering paragraph 3 of the TPC, Wells Fargo admits that Turan is a corporation organized under the laws of the State of Nevada, based on publicly-available information reasonably accessible by Wells Fargo. Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 3, and on that basis denies said remaining allegations.

4. Answering paragraph 4 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4, and on that basis denies each and every allegation contained therein.

5.  Answering paragraph 5 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5, and on that basis denies each and every allegation contained therein.

6.  Answering paragraph 6 of the TPC, Wells Fargo admits that it is a federally chartered national bank with its main office located in South Dakota. Wells Fargo denies the remaining allegations of paragraph 6.

7.  Answering paragraph 7 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7, and on that basis denies each and every allegation contained therein.

8.  Answering paragraph 8 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8, and on that basis denies each and every allegation contained therein.

9.  Answering paragraph 9 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9, and on that basis denies each and every allegation contained therein.

10. Answering paragraph 10 of the TPC, Wells Fargo admits it is aware of a letter dated February 4, 2009, entitled "Letter to Stockholders Regarding Special Meeting of Shareholders Convened by Majority Shareholders in Turan Petroleum, Inc., a Nevada corporation, inasmuch as a copy of said letter was directed to it on a date subsequent to February 4, 2009. Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 10, and on that basis denies said remaining allegations.

11. Answering paragraph 11 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11, and on that basis denies each and every allegation contained therein.

12. Answering paragraph 12 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12, and on that basis denies each and every allegation contained therein.

///

13. Answering paragraph 13 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13, and on that basis denies each and every allegation contained therein.

14. Answering paragraph 14 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14, and on that basis denies each and every allegation contained therein.

15. Answering paragraph 15 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15, and on that basis denies each and every allegation contained therein.

16. Answering paragraph 16 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16, and on that basis denies each and every allegation contained therein.

17. Answering paragraph 17 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17, and on that basis denies each and every allegation contained therein.

18. Answering paragraph 18 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18, and on that basis denies each and every allegation contained therein.

19. Answering paragraph 19 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19, and on that basis denies each and every allegation contained therein.

20. Answering paragraph 20 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20, and on that basis denies each and every allegation contained therein.

21. Answering paragraph 21 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21, and on that basis denies each and every allegation contained therein.

///

22. Answering paragraph 22 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22, and on that basis denies each and every allegation contained therein.

23. Answering paragraph 23 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 23, and on that basis denies each and every allegation contained therein.

24. Answering paragraph 24 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24, and on that basis denies each and every allegation contained therein.

25. Answering paragraph 25 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25, and on that basis denies each and every allegation contained therein.

26. Answering paragraph 26 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26, and on that basis denies each and every allegation contained therein.

27. Answering paragraph 27 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 27, and on that basis denies each and every allegation contained therein.

28. Answering paragraph 28 of the TPC, Wells Fargo admits that it placed a freeze on the bank accounts of Turan based, in part, on a letter it received from Meirmanov which was accompanied by an Affidavit from Merimanov. Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 28, and on that basis denies said remaining allegations. Wells Fargo also specifically denies that the freeze placed on the bank accounts of Turan was "unlawful" as alleged in paragraph 28.

29. Answering paragraph 29 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 29, and on that basis denies each and every allegation contained therein.

///

30. Answering paragraph 30 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 30, and on that basis denies each and every allegation contained therein.

31. Answering paragraph 31 of the TPC, Wells Fargo admits that, on or about March 5, 2009, it provided to Sylvia Scott, Esq., who represented to Wells Fargo that she was the legal representative of Turan, with a copy of the letter Wells Fargo received from Meirmanov. Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 31, and on that basis denies said remaining allegations. Wells Fargo also specifically denies that it had not notified Turan of the freeze placed on the bank account.

32. Answering paragraph 32 of the TPC, Wells Fargo admits that it refused to lift the freeze it placed on Turan's accounts. Wells Fargo also admits that representatives of Turan apprised Wells Fargo that it was allegedly suffering damages as a result of the freeze. Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 32, and on that basis denies said remaining allegations. Wells Fargo also specifically denies that the freeze placed on Turan's accounts was "wrongful" in nature as alleged by Turan, herein.

33. Answering paragraph 33 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 33, and on that basis denies each and every allegation contained therein.

34. Answering paragraph 34 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 34, and on that basis denies each and every allegation contained therein.

35. Answering paragraph 35 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 35, and on that basis denies each and every allegation contained therein.

36. Answering paragraph 36 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 36, and on that basis denies each and every allegation contained therein.

///

37. Answering paragraph 37 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 37, and on that basis denies each and every allegation contained therein.

38. Answering paragraph 38 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 38, and on that basis denies each and every allegation contained therein.

39. Answering paragraph 39 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 39, and on that basis denies each and every allegation contained therein.

40. Answering paragraph 40 of the TPC, Wells Fargo incorporates by this references its responses set forth in paragraphs 1 through 39 above.

41. Answering paragraph 41 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 41, and on that basis denies each and every allegation contained therein.

42. Answering paragraph 42 of the TPC, Wells Fargo admits that there were efforts made to resolve certain issues embraced in the motion for emergency and injunctive relief filed herein by Third-party Plaintiff. Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 42, and on that basis denies said remaining allegations.

43. Paragraph 43 of the TCP, and all sub-paragraphs thereof, is a request for relief which, under the Federal Rules of Civil Procedure, Wells Fargo is not obligated to admit or deny.

44. Answering paragraph 44 of the TPC, Wells Fargo incorporates by this references its responses set forth in paragraphs 1 through 43 above.

45. Answering paragraph 45 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 45, and on that basis denies each and every allegation contained therein.

46. Answering paragraph 46 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 46, and on that

1. basis denies each and every allegation contained therein.

47. Answering paragraph 47 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 47, and on that basis denies each and every allegation contained therein.

48. Answering paragraph 48 of the TPC, Wells Fargo admits that, in part, in reliance on the representations of parties holding themselves out as having authority to act for Turan, it froze the subject accounts. Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 48, and on that basis denies said remaining allegations.

49. Answering paragraph 49 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 49, and on that basis denies each and every allegation contained therein.

50. Answering paragraph 50 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 50, and on that basis denies each and every allegation contained therein.

51. Answering paragraph 51 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 51 and on that basis denies each and every allegation contained therein.

52. Answering paragraph 52 of the TPC, Wells Fargo incorporates by this references its responses set forth in paragraphs 1 through 51 above.

53. Answering paragraph 53 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 53, and on that basis denies each and every allegation contained therein.

54. Answering paragraph 54 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 54, and on that basis denies each and every allegation contained therein.

55. Answering paragraph 55 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 55, and on that

1  basis denies each and every allegation contained therein.

2      56.    Answering paragraph 56 of the TPC, Wells Fargo denies each and every allegation contained therein to the extent it is alleged to be a "third-party Defendant" as alleged in this paragraph.

## AFFIRMATIVE DEFENSES

Wells Fargo alleges the following matters as separate and affirmative defenses to each and every cause of action in the TPC:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Third-party Plaintiff has failed to plead facts sufficient to state a cause of action against Wells Fargo.

### SECOND AFFIRMATIVE DEFENSE
### (Own Acts)

Wells Fargo is informed and believes and on that basis alleges that any damages suffered by plaintiff were the result of Third-party Plaintiff's own acts and/or omissions.

### THIRD AFFIRMATIVE DEFENSE
### (Intervening Acts)

Wells Fargo is informed and believes and on that basis alleges that any damages suffered by Third-party Plaintiff are the result of an intervening and/or independent cause and not the result of any act or omission by Wells Fargo.

### FOURTH AFFIRMATIVE DEFENSE
### (Acts of Others)

Wells Fargo is informed and believes and on that basis alleges that any damages suffered by Third-party Plaintiff were caused either wholly or in part by persons or entities other than Wells Fargo, and that the conduct of such other parties comparatively reduces the percentage of responsibility, if any, to be borne by Wells Fargo.

///

///

### FIFTH AFFIRMATIVE DEFENSE

(Privilege)

Wells Fargo alleges that Third-party Plaintiff is precluded and estopped from maintaining any of the causes of action pleaded against Wells Fargo herein inasmuch as Wells Fargo was permitted and privileged to undertake all actions of which Third-party Plaintiff now complains.

### SIXTH AFFIRMATIVE DEFENSE

(Additional Affirmative Defenses)

Wells Fargo currently has insufficient information available upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Wells Fargo reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

**WHEREFORE,** Wells Fargo prays:

1. That Third-Party Plaintiff Turan Petroleum, Inc. take nothing by way of its Third-Party Complaint against Wells Fargo and that judgment be entered in favor of Wells Fargo;

2. For attorney fees and costs of suit;

3. For such other and further relief as the Court deems just and proper.

Dated: March 30, 2009                SOLOMON, GRINDLE, SILVERMAN & SPINELLA, APC

By: _____
Stephen M. Spinella
Attorneys for Third-Party Defendant Wells Fargo Bank, N.A.

## COUNTER-CLAIM OF WELLS FARGO

Counter-Claimant Wells Fargo Bank, N.A. ("Wells Fargo") files the following Counter-Claim against Defendant, Third-Party Claimant and Counter-Defendant, TURAN PETROLEUM, INC. ("Turan"), and Counter-Defendants, YERKIN BEKTAYEV ("Bektayev"), KANET MEIRMANOV ("Meirmanov"), YERKIN AKKUZOV ("Akkuzov"), SABIRGAN DUSHALIEV ("Dushaliev") and IGOR MAXIMOV ("Maximov"), and alleges as follows:

1. This Court has jurisdiction over this Counter-Claim pursuant to Federal Rules of Civil Procedure, Rule 22 and 28 U.S.C. § 1335. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391.

2. Third-party Defendant and Counter-Claimant, Wells Fargo Bank, N.A., is a federally-chartered national bank with its main office located in South Dakota.

3. Wells Fargo is informed and believes that Turan is a corporation organized under the laws of the state of Nevada, with its principal place of business in Orange County, California.

4. Wells Fargo is informed and believes that Bektayev is a citizen of the Republic of Kazakhstan who, on information and belief, resides in the Republic of Kazakhstan.

5. Wells Fargo is informed and believes that Meirmanov is a citizen of the Republic of Kazakhstan who, on information and belief, resides in the Republic of Kazakhstan.

6. Wells Fargo is informed and believes that Akkuuzov is a citizen of the Republic of Kazakhstan who, on information and belief, resides in the Republic of Kazakhstan.

7. Wells Fargo is informed and believes that Dushaliev is a citizen of the Republic of Kazakhstan who, on information and belief, resides in the Republic of Kazakhstan.

8. Wells Fargo is informed and believes that Maximov is a citizen of the Republic of Kazakhstan who, on information and belief, resides in the Republic of Kazakhstan.

9. Turan maintains several business accounts with Wells Fargo at its Costa Mesa banking center. Those accounts bear the following account numbers: 573-8215283, 313-8162700 and 265-3846101 ("the Accounts").

///

10. Upon the opening of a business account, Wells Fargo provides its depositors with a Business Account Agreement that outlines the rights and obligations of the account holder and Wells Fargo. When Wells Fargo revises its business account agreements, the revised version is mailed to the account holder at the address to which statements are sent.

11. The most recent version of the Business Account Agreement provides in relevant part:

> Adverse Claims
>
> If any person or entity makes a claim against funds in your Account, or if the Bank believes that a conflict exists between or among the Authorized Signers on your Account, or that there is a dispute over matters such as the ownership of your Account or the authority to withdraw funds from your Account, the Bank may, without any liability to you, take one or more of the following actions:
>
> \* \* \*
>
> - Freeze all or a part of the funds in your Account until the dispute is resolved to the Bank's satisfaction . . .
>
> - Pay the funds into an appropriate court.
>
> The Bank may charge your Account for expenses (including attorney's fees and expenses) and fees the Bank incurs.

12. On March 2, 2009, Wells Fargo received a facsimile transmission labeled "urgent" from Merimanov. The letter, written on Turan letterhead, demands that Wells Fargo freeze the Accounts pending receivership and is signed by Merimanov as the director of Turan. The letter attaches a notarized affidavit which itself appends Resolutions of the Special Meeting of the Stockholders [of Turan], held on February 19, 2009.

13. Said letter and attachments of March 2, 2009, represent that pursuant to a Special Meeting of the Stockholders of Turan, held on February 19, 2009, Meirmanov, Bektayev, Dushaliev, Maximov and Akkuzov became the newly-elected Board of Directors, authorized to act on behalf of Turan. Said letter and attachments further represents that all individuals holding themselves out previously as directors and/or officers of Turan had been replaced by the aforementioned individuals constituting the newly-elected Board of Directors.

14. In accord with the Business Account Agreement, Wells Fargo froze the Accounts on March 2, 2009.

15. On March 4, 2009, legal representatives of the Turan board of directors who were allegedly relieved of their duties by the newly-elected board of directors claimed that the newly-elected board of directors had no authority to act for Turan, that the election by which said newly-elected board of directors was elected was invalid, and that these competing factions were involved in active litigation.

16. Accordingly, Wells Fargo has been subjected to competing demands by competing parties, each of which claims to have the sole authority to act for Turan and control the Accounts. On the one hand, the individuals named herein; i.e., Meirmanov, Bektayev, Dushaliev, Maximov and Akkuzov, claim the authority to act for Turan as its newly-elected board of directors and have demanded that Wells Fargo freeze the Accounts. On the other hand, representatives of the board of directors of Turan who were allegedly relieved of their duties by the aforementioned newly-elected board of directors claim that said newly-elected board of directors has no authority to act for Turan, that the election by which said newly-elected board of directors was elected was invalid, and have demanded that Wells Fargo lift the freeze placed on the Accounts.

17. Wells Fargo is a mere stakeholder and has no interest in the Accounts.

18. Wells Fargo has a bona fide fear that it may be subjected to multiple liability, is unable to determine the validity of the conflicting demands made on the Accounts, and cannot safely determine who has the authority to act for Turan with respect to the Accounts without Court intervention herein.

19. Wells Fargo has incurred costs and reasonable attorney fees in connection with these proceedings and may incur additional costs and attorney fees hereafter.

20. Wells Fargo interpleads into court herewith, via deposit with the Clerk of the Court, the sum of $1,499,942.42, representing all sums on deposit in the Accounts.

WHEREFORE, Wells Fargo prays judgment as follows:

(1) that counter-defendants herein be ordered to interplead and litigate their claims to the money described in this Cross-Complaint in Interpleader;

(2) that Wells Fargo be discharged from liability to each of said counter-defendants, and any other party with notice of this Counter-Claim, with respect to all monies interpleaded herein; and

(3)     that Wells Fargo be awarded costs and reasonable attorney fees to be paid to it from the funds deposited with the Clerk of the Court; and

(4)     for such other and further relief as the Court deems just.

Dated: March 30, 2009          SOLOMON, GRINDLE, SILVERMAN & SPINELLA, APC

By: _____
Stephen M. Spinella
Attorneys for Third-Party Defendant/Counter-Claimant,
Wells Fargo Bank, N.A.