UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 09-59 JVS (MLGx)                                  Date  April 22, 2009

Title  Kazenercom Too, et al. v. Turan Petroleum, Inc.,

Present: The Honorable   James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers)   Order Granting Wells Fargo Bank's Motion for Discharge, to Dismiss, and for Attorney Fees

    Pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. § 2361, Third-Party Defendant/Counter-Claimant Wells Fargo Bank, N.A. ("Wells Fargo") moves the Court for discharge in the counterclaim in interpleader filed by Wells Fargo, dismissal of the third-party complaint against Wells Fargo with prejudice, and attorney fees incurred by Wells Fargo in this action. No timely opposition has been filed. The motion is GRANTED, as set forth below.

    The Court deems the parties' failure to oppose the motion as consent to the granting of the motion. L.R. 7-12. The Court also grants the motion on its merits. There are three issues here.

    The first issue concerns discharge. If an interpleader action is appropriate, the Court is entitled to discharge a disinterested stakeholder in an interpleader action. Gen. Elec. Capital Assurance v. Van Norman, 209 F. Supp. 2d 668, 670 (S.D. Tex. 2002) (dismissing stakeholder in rule interpleader action); see also 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. § 1704 (3d ed. 2001). In the present case, there appears to be no question that Wells Fargo is entitled to file an interpleader action;[1] Wells Fargo has disclaimed any further interest in the proceeds of the insurance policy at issue (Spinella Decl. ¶ 4 & Ex. 1), and the parties have declined to

---

[1] Under Rule 22, a defendant exposed to double liability may seek interpleader through a counterclaim. Fed. R. Civ. P. 22(a)(2). Here, two parties have made demand on Wells Fargo for the funds at issue. (Appenrodt Decl. ¶ 11 & Ex. B; id. ¶ 14 & Ex. C.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 09-59 JVS (MLGx)                           Date   April 22, 2009

Title     Kazenercom Too, et al. v. Turan Petroleum, Inc.,

object to the motion.  Accordingly, the Court finds that discharge is appropriate, and discharges Wells Fargo in the interpleader action.  See Gen. Elec., 209 F. Supp. 2d at 670; Equitable Life Assurance Soc. v. Miller, 229 F. Supp. 1018 (D. Minn. 1964) (finding that when interpleader is proper, discharge is justified); see also 28 U.S.C. § 2361 ("Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.").

The second issue concerns dismissal of the third-party complaint against Wells Fargo.  Although Wells Fargo does not advance a specific theory for dismissing the third-party complaint, the Court has discretion to do so because it exercises supplemental jurisdiction over this complaint.  (Docket No. 90 ¶ 1.)  "It has consistently been recognized that [supplemental] jurisdiction is a doctrine of discretion, not of plaintiff's right."  United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) (footnote omitted).  Here, because there is no opposition, because discharge is appropriate, and because the third-party complaint seeks to enjoin Wells Fargo to relinquish funds already interpled with the Court,[2] the Court declines to exercise supplemental jurisdiction.  28 U.S.C. § 1367(c)(3), (4).  Accordingly, the third-party complaint is dismissed without prejudice as to Wells Fargo.[3]

The third issue concerns attorney fees.  A grant of attorney fees to an interpleader is not mandatory, but is permissive and within the trial court's discretion.  San Rafael Compania Naviera, S.A. v. Am. Smelting & Refining Co., 327 F.2d 581, 587 (9th Cir. 1964).  Reasonable attorney fees may be awarded for services directly attributable to the interpleader action.[4]  Hartford Fire Ins. Co. v. Prof'l Men's Inv., Inc., 337 F.2d 1011, 1012 (3rd Cir. 1964) (trial court did not abuse its discretion in awarding $1,000 in

---

[2] Of the three claims in the third-party complaint, only the first for declaratory and injunctive relief is alleged against Wells Fargo.  (Docket No. 90 ¶¶ 40-43.)

[3] To be sure, the third-party complaint is not dismissed as to other third-party defendants.

[4] Reasonable attorney fees are determined by the lodestar method.  Hanlon v. Chrysler Corp., 150 F.3d 1011, 1029 (9th Cir. 1998) ("The lodestar calculation begins with the multiplication of the number of hours reasonably expended by a reasonable hourly rate.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-59 JVS (MLGx) | Date | April 22, 2009 |
| Title | Kazenercom Too, et al. v. Turan Petroleum, Inc., | | |

attorney fees to the stakeholder where the reasonable value of all services rendered was $6,000 including services valuable only to insurer); In re OEM Industrial Corp., 135 B.R. 247, 248-49 (Bankr. W.D. Pa. 1991) (interpleading party awarded $120 for a filing fee and $1,000 for attorney fees which were necessary, itemized to show that they were related to the interpleader action, and small in proportion to the balance of the fund). A stakeholder may be awarded fees for the following: (1) the preparation and filing of the complaint in the interpleader; (2) securing the issuance of orders of the court restraining further prosecution against the stakeholder; and (3) preparing the details of the stakeholder's accounting. Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp., 306 F.2d 188, 194 (9th Cir. 1962).

In this case, Wells Fargo seeks attorney fees for both March and April 2009. For March, Wells Fargo documents that its counsel billed 32 hours at an hourly rate of $260 hours for a total of $8,320. (Spinella Decl. ¶¶ 5-6 & Ex. 2.) The Court agrees that the hourly rate is reasonable for experienced attorneys in San Diego (id. ¶ 5), but limits the fee award to hours clearly spent performing the three activities outlined above. The Court therefore grants $1,586 in attorney fees for March. (See id., Ex. 2.) Wells Fargo does not offer time records for April, but offers declaratory evidence that counsel spent 7.9 hours at a rate of $230, and 1.4 hours at a rate of $260, for a total of $2,181 in bringing this motion for discharge. (Id. ¶ 7.) The Court finds the claimed amount of $2,181 reasonable.

Accordingly, the Court grants $3,767 in attorney fees to be paid out of the funds deposited with the registry of the Court. See Abex Corp. v. Ski's Enters., Inc., 748 F.2d 513, 516 (9th Cir. 1984).

The Court finds that oral argument would not be helpful on this matter, and therefore vacates the April 27, 2009 hearing. Fed. R. Civ. P. 78; L.R. 7-15.

IT IS SO ORDERED.

| | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |