1  Paul Evan Greenwald (Bar No. 57162)
2  Paul A. Hoffman (Bar No. 146805)
   **GREENWALD & HOFFMAN, LLP**
3  1851 E. First Street, Suite 860
   Santa Ana, California 92705-4039
4  Telephone No.: (714) 285-0025
5  Facsimile No.: (714) 285-0028

6  Attorneys Specially Appearing for Third-Party Defendants,
   ASIA PACIFIC OIL & GAS LTD., a Seychelles
7  Islands entity, AMIRZHAN JAKISHEV, and
8  ADILZHAN DZHAKISHEV

9                 UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11

12 | KAZENERCOM TOO; ET AL.,                    | CIVIL ACTION No. 08:09cv00059-JVS
13 |        Plaintiffs,                         | Assigned for all purposes to:
   |        v.                                  | Hon. James V. Selna; Dept: 10C
14 |                                            |
15 | TURAN PETROLEUM, INC.; ET AL.,             | Date Action Filed: January 14, 2009
   |        Defendants.                         | Trial Date: None Set
16 |                                            |
17 | TURAN PETROLEUM, INC.,                     | **SPECIALLY APPEARING THIRD PARTY**
18 |        Defendant and Counterclaimant,      | **DEFENDANTS ASIA PACIFIC OIL & GAS**
   |        v.                                  | **LTD., AMIRZHAN JAKISHEV, AND**
19 |                                            | **ADILZHAN DZHAKISHEV'S NOTICE OF**
   |                                            | **MOTION AND MOTION TO DISMISS**
20 | YERKIN BEKTAYEV and KANET                  | **COMPLAINT FOR (1) INSUFFICIENT**
   | MEIRMANOV,                                 | **SERVICE; (2) LACK OF PERSONAL**
21 |        Plaintiffs and Counterdefendant.    | **JURISDICTION; (3) FAILURE TO STATE**
22 |                                            | **A CLAIM; AND (4) LACK OF SUBJECT**
   | TURAN PETROLEUM, INC.,                     | **MATTER JURISDICTION [Fed.R.Civ.Pro.**
23 |        Defendant and Third-Party Plaintiff,| **12(b)(1),(2),(5),(6); 28 U.S.C. §1367(c)]**
24 |        v.                                  | [Filed concurrently with: [Proposed] Order;
25 |                                            | Declarations of Adilzhan Dzhakishev,
   | WELLS FARGO, N.A., YERKIN AKKUZOV,         | Amirzhan Jakishev, and Paul A. Hoffman]
26 | SABIRGAN DUHALIEV, IGOR MAXIMOV,           |
   |        Defendants in Third-Party Complaint.| Date:      August 31, 2009
27 |                                            | Time:      1:30 p.m.
28 |                                            | Courtroom: 10C

1

YERKIN BEKTAYEV and KANET MEIRMANOV,

      Counterdefendants and Third-Party Plaintiffs,

            v.

ASIA PACIFIC OIL & GAS  LTD. (incorporated in the Seychells Islands); AMIRGAN DZHAKISHEV, ADILZHAN DZHAKISHEV, YURI VANETIK; ROBERT VAN DUREN; ROBIN BISARYA; OKKE FINANCIAL LTD.; ALCINA COMPANY CORP., PINGTON INVESTMENT LTD.; PINE BROOK S.A., HINES INVESTMENTS S.A.; ESSEX MANAGERS LTD.; VARRIAL FINANCIAL TRADING LTD.; COAST FINANCE LTD.; FREEMAN FREEMAN SMILEY LLP,

      Third-Party Defendants.

_____

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 31, 2009, at 1:30 p.m., in Courtroom 10C of the Southern Division of the United States District Court for the Central District of California, located at 411 West Fourth Street, Santa Ana, California 92701-4516, Specially Appearing Third-Party Defendants Asia Pacific Oil & Gas Ltd., a Seychelles Islands entity ("Asia Pacific"), Amirzhan Jakishev ("Amirzhan"), and Adilzhan Dzhakishev ("Adilzhan") will and hereby do move for an Order dismissing the Verified Amended Third-Party Complaint of Yerkin Bektayev and Kanet Meirmanov pursuant to Fed.R.Civ.P., Rules 4 and 12(b) and 28 U.S.C. Sec. 1367(c).

This Motion is made following the conference of counsel pursuant to L.R. 7-3 that took place on July 16, 2009.

The Motion is based on the following grounds:

1.    Insufficient Service.  Asia Pacific, Amirzhan, and Adilzhan are foreign citizens that are required to be served pursuant to Federal Rules of Civil Procedure, Rule 4.  Third-

2

1  party Plaintiffs merely served the third-party defendants by mail and by way of non-parties to

2  this lawsuit, none of which methods were authorized by defendants or by applicable law.

3       2.    Lack of Personal Jurisdiction.  Asia Pacific, Amirzhan, and Adilzhan have

4  insufficient contacts with California or the United States; they have not consented to personal

5  jurisdiction within the United States; and they were not served in the United States or within

6  this judicial district.  Based on a lack of contacts with the forum, forcing the third-party

7  defendants to defend this action in the United States would be unfair, unduly burdensome,

8  and unreasonable under the circumstances.

9       3.    Failure to State a Claim.  The first claim for violation of securities laws fails to

10  state a claim against third-party defendants Asia Pacific, Amirzhan, and Adilzhan because it

11  fails to name them within the body of the count for securities violations and the elements of

12  securities fraud are not alleged with the required specificity as to any of the defendants.  The

13  claim for fraudulent transfer also fails to state a viable legal claim against them.

14       4.    Lack of Subject Matter Jurisdiction.  Since the federal claims fail to state a claim

15  against these moving defendants, this Court lacks subject matter jurisdiction over the third-

16  party defendants because the remaining claims are pendent state law claims over which this

17  Court has no original jurisdiction and because there is no diversity jurisdiction in this case

18  against the moving defendants.

19       This Motion is based on the Notice of Motion, the Motion, the Memorandum of Points

20  and Authorities, the Declarations of Adilzhan Dzhakishev, Amirzhan Jakishev, and Paul E.

21  Greenwald, and the exhibits attached thereto, the Verified Amended Third-Party Complaint

22  and Cross-Claim on file in this Action, the Court's file, and any other evidence or argument that

23  the Court permits at or before the hearing.

24  ///

25  ///

26

27

28

MOTION TO DISMISS AMENDED THIRD-PARTY COMPLAINT FOR: (1) INSUFFICIENT SERVICE; (2) LACK OF
PERSONAL JURISDICTION; (3) FAILURE TO STATE CLAIM; AND (4) LACK OF SUBJECT MATTER JURISDICTION

1    Dated:  July 16, 2009                    GREENWALD & HOFFMAN, LLP

2

3                                             _____
                                             Paul A. Hoffman,
4                                             Attorneys Specially Appearing for Third-Party
                                             Defendants ASIA PACIFIC OIL & GAS LTD., a
5                                             Seychelles Islands entity, AMIRZHAN
                                             JAKISHEV, and ADILZHAN DZHAKISHEV
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                             4

# TABLE OF CONTENTS

Description:                                                                    Page No.(s)

I.      SUMMARY OF ARGUMENT...............................................................   1

II.     FACTUAL BACKGROUND ...............................................................   2

        A.    Fact Background As To Asia Pacific: Service And Personal
              Jurisdiction ...................................................................   2

        B.    Fact Background As to Individual Defendants: Service And
              Jurisdiction ...................................................................   4

III.    THE AMENDED THIRD PARTY COMPLAINT SHOULD BE DISMISSED
        BECAUSE IT WAS NEVER PROPERLY SERVED ON THE MOVING
        THIRD PARTY DEFENDANTS ...........................................................   5

        A.    Plaintiffs Failed To Serve The Moving Third-Party Defendants
              Within This Judicial District .......................................................   6

        B.    Plaintiffs Also Failed To Serve The Moving Third Party Defendants
              In Accordance With Rule 4(f), The Hague Convention Regarding
              Service, Or By Another Method Reasonably Calculated to
              Provide Notice Under Rule 4(f)(2) ...........................................   7

IV.     THE AMENDED THIRD PARTY COMPLAINT SHOULD BE DISMISSED
        BECAUSE THERE IS NO PERSONAL JURISDICTION OVER THE
        MOVING THIRD PARTY DEFENDANTS ...........................................   9

        A.    Plaintiffs Have The Burden Of Proof To Establish Personal
              Jurisdiction ...................................................................   9

        B.    There Is No Traditional Basis For Jurisdiction In This Case ....   9

        C.    There Are No Minimum Contacts With These Moving
              Defendants ...................................................................   10

              1.    Defendants' Contacts With The Forum Do Not Establish
                    General Jurisdiction .......................................................   10

              2.    Defendants' Contacts With The Forum Do Not Establish
                    Specific Jurisdiction .......................................................   11

        D.    Exercise of Personal Jurisdiction Over These Moving Defendants
              Would Be Unreasonable ...........................................................   15

V.      THE AMENDED THIRD PARTY COMPLAINT FAILS TO STATE A
        CLAIM AGAINST THE MOVING THIRD PARTY DEFENDANTS
        BECAUSE IT DOES NOT ALLEGE ANY MATERIAL FACTS AGAINST
        THESE MOVING THIRD PARTY DEFENDANTS ...................................   16

        A.    Plaintiffs Do Not Having Standing to Bring A Securities Fraud
              Claim As To These Moving Defendants .....................................   17

i

B.    Plaintiff Has Not Alleged A Misrepresentation or Omission
      on the First Count .......................................................................... 18

C.    Plaintiffs Have Failed to Allege Scienter on the First Count ....... 19

D.    Plaintiffs Have Failed to Allege Loss Causation Against
      These Moving Defendants ............................................................. 20

E.    Plaintiffs Have Failed to Allege a Viable Fraudulent Transfer
      Claim Against These Moving Defendants ..................................... 20

VI.   THE PENDENT STATE CLAIMS MUST ALSO FAIL AS TO THESE
      MOVING THIRD PARTY DEFENDANTS AND, THEREFORE, SUBJECT
      MATTER JURISDICTION IS ENTIRELY ABSENT AGAINST THESE
      MOVING THIRD PARTY DEFENDANTS .................................................. 21

VII.  CONCLUSION ........................................................................................... 22

1

**TABLE OF AUTHORITIES**

2  <u>Description:</u>                                                                     <u>Page No. (s)</u>

3  *Amba Marketing Systems, Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784
   (9th Cir. 1977) .................................................................................      9
4
   *Asahi Metal Industry Co., Ltd. v. Superior Court*, 480 U.S. 102 (1987) .....   15
5
   *Beliveau v. Caras*, 873 F.Supp. 1393 (C.D.Cal. 1995) ..............................   16
6
   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .................................   16
7
   *Binder v. Gillespie*, 184 F.3d 1059 (9th Cir. 1999) ........................................   20
8
   *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723 (1975) ..................   18
9
   *Bridgeport Music, Inc. V. Rhyme Syndicate Music*, 376 F.3d 615
10 (6th Cir. 2004) .................................................................................      6

11 *Brockmeyer v. May*, 383 F.3d 798 (9th Cir. 2004) ........................................   6, 7, 9

12 *Burger King v. Rudzewicz*, 471 U.S. 462 (1985) ..........................................   11, 12

13 *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535 (9th Cir. 1986) ..   9

14 *California Department of Water Resources v. Powerex Corp.*, 533 F.3d 1087
   (9th Cir. 2008) .................................................................................      21
15
   *Core-Vent Corp. v. Nobel Inds. AB*, 11 F.3d 1482 (9th Cir. 1994) ...................   10, 15
16
   *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005) .........................   17
17
   *Estate of Heigho*, 186 Cal.App.2d (1960) .......................................................   21
18
   *Executive Software v. United States District Court*, 24 F.3d 1545 (9th Cir. 1994)..   21
19
   *Glazer Capital Management, LP v. Magistri*, 549 F3d (9th Cir. (Cal.) 2008) ....   20
20
   *Glen Holly Entertainment, Inc. V. Tektronix, Inc.*, 100 F.Supp.2d 1086
21 (C.D. Cal. 1999) .................................................................................      19

22 *Griggs Group Ltd. v. Filanto Spa*, 920 F. Supp. 1100 (D. Nev. 1996) ..........   7

23 *Hanson v. Denckla*, 357 U.S. 235 (1958) .......................................................   12

24 *Hatrock v. Edward D. Jones & Co.*, 750 F.2d 767 (9th Cir. 1984) .................   20

25 *Holland America Line, Inc. v. Wartsika North America, Inc.*, 485 F.3d 450
   (9th Cir. 2007) .................................................................................      10
26
   *In re Advanta*, 180 F.3d 525 (3d Cir. 1999) ....................................................   20
27
   *In re Hansen Natural Corp. Securities Litig.*, 527 F.Supp.2d (C.D. Cal. 2007)...   20
28

iii

1

**TABLE OF AUTHORITIES (CONT'D)**

2

<u>Description:</u>                                                                          <u>Page No. (s)</u>

3   *In re Silicon Graphics, Inc. v. Securities. Litig.*, 183 F.3d 970
    (9th Cir. (Cal.) 1999) ...................................................................................   19

4
    *International Show Co. v. Washington*, 326 U.S. 310 (1945) .........................   10

5
    *Neubronner v. Milken*, 6 F.3d 666 (9th Cir. 1993) ...........................................   17

6
    *Panavision Intern., L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998) ...............   12, 14

7
    *Pennoyer v. Neff*, 95 U.S. 714 (1877) .............................................................   9

8
    *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952) .............   10

9
    *Rano v. Sipa Press, Inc.*, 987 F.2d 580 (9th Cir. 1993) ...................................   15

10
    *Rocke v. Canadian Auto. Sports Club*, 660 F.2d 395 (9th Cir. 1981) ............   10, 15

11
    *Romak USA, Inc.v. Rich*, 384 F.3d 979 (8th Cir. 2004) ..................................   7

12
    *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470 (9th Cir. 1998)...   22

13
    *Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990) ............................................   9

14
    *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007) ..............   19

15
    *Terracom v. Valley Nat'l Bank*, 49 F.3d 555 (9th Cir. 1999) ..........................   15

16
    *Transphase Systems, Inc. v. Southern Calif. Edison Co.*, 839 F.Supp. 711
17  (C.D.Cal. 1993) ...........................................................................................   16

18  *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) ....................................   21

19  *Unity House, Inc. v. North Pacific Investments, Inc.*, 918 F. Supp. 1384
    (D.Haw. 1996) ..............................................................................................   18

20
    *Volkswagenwerk Aktiengesllschaft v. Schlunk*, 486 U.S. 694 (1988) ...........   7

21
    *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) ...............   10

22
    *Yaesu Electronics Corp. v. Tamura*, 28 Cal.App.4th 8 (1994) ........................   20

23

24   ///

25   ///

26   ///

27

28

1

## STATUTES

2  15 U.S.C.§ 78j ........................................................................................... 18

3  15 U.S.C.§ 78u-4(b) ................................................................................... 2

4  15 U.S.C.§ 78u-4(b)(1) ............................................................................... 17, 18

5  15 U.S.C. § 78u-4(b)(2) ............................................................................... 19

6  28 U.S. C. § 1367 ....................................................................................... 21, 22

7  28 U.S.C. § 1367(c) .................................................................................... 2, 21

8  Fed. R. Civ. Proc., Rule 4 ........................................................................... 5, 7

9  Fed. R. Civ. Proc., Rule 4(f) ........................................................................ 7-9

10  Fed. R. Civ. Proc., Rule 4(f)(2)(3)............................................................... 8

11  Fed. R. Civ. Proc., Rule 4(h)(1)(B) .............................................................. 6

12  Fed. R. Civ. Proc., Rule 4(h)(2) ................................................................... 7

13  Fed. R. Civ. Proc., Rule 9 (b) ...................................................................... 2, 17

14  Fed. R. Civ. Proc., Rule 12(b)(2) ................................................................. 9

15  Fed. R. Civ. Proc., Rule 12(b)(5) ................................................................. 5, 9

16  Fed. R. Civ. Proc., Rule 12(b)(6) ................................................................. 16

17  Cal. Civ. Code § 3439 ................................................................................. 4

18  Cal. Code of Civ. Proc. § 413.10(c) ............................................................. 7

19

20

21

## TREATISES

22  Rutter Group, *Cal. Prac. Guide: Fed. Civ. Proc. Before Trial*, Ch. 5-F, ¶ 5:205 ..  6

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  SUMMARY OF ARGUMENT.

The Verified Amended Third Party Complaint is a classic case of a party and its attorney overreaching to try to create federal jurisdiction where none exists.  In Count 1 of their Amended Third-Party Complaint, Third Party Plaintiffs ("Plaintiffs") try to allege a federal 10b-5 claim, as well as several other unsupported federal statutory claims, as the "hook" to get the Court to rule on a multitude of state law claims in Counts 2 through 9.  Each of these claims should be dismissed as against the moving third party defendants, Asia Pacific Oil & Gas Ltd., Amirzhan Jakishev, and Adilzhan Dzhakishev ("Defendants").

First, the Amended Third-Party Complaint should be dismissed as against these moving Defendants because there was insufficient service of process.  Fed. R. Civ. Proc., Rule 4 and 12(b)(5).  Plaintiffs merely mailed the third party summons and complaint to Adilzhan Dzhakishev's prior residence in Kazakhstan and the California residence of a non-party to this lawsuit. Defendants never waived their rights of service and never consented to being served in this manner.  Accordingly, the service of the Amended Third-Party Complaint and Summons was defective as to each of the Defendants and the motion to dismiss should be granted for this reason alone.

Second, this Court lacks personal jurisdiction over any of the moving Defendants because Defendants lack sufficient contacts with California or the United States to create either general jurisdiction or specific jurisdiction over Defendants in this case.  Defendants have not consented to personal jurisdiction within the United States, and they have not been served in the United States or within this judicial district.  Based on the lack of minimum contacts with the forum, it would be unfair, unduly burdensome, and unreasonable under the circumstances to require them to appear and defend the present case and, therefore, Defendants' motion to dismiss should be granted for this additional reason.

Third, Count I (Violation of Securities Laws), the only count on which there is arguably any federal question jurisdiction, fails to state a claim against these moving Defendants.  The

MOTION TO DISMISS AMENDED THIRD-PARTY COMPLAINT FOR: (1) INSUFFICIENT SERVICE; (2) LACK OF
PERSONAL JURISDICTION; (3) FAILURE TO STATE CLAIM; AND (4) LACK OF SUBJECT MATTER JURISDICTION

1   moving Defendants are not named anywhere in Count 1 and there are no allegations in Count

2   1 sufficient to state a claim against the moving Defendants. For this reason alone, Count 1

3   should be dismissed as against the moving Defendants.

4        Fourth, Count 1 also fails to satisfy the heightened pleading requirements of the Private

5   Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b) ("PSLRA") and Federal Rule of

6   Civil Procedure Rule 9(b), by, among other things: (1) failing to allege the elements of

7   securities fraud with the required particularity as to each moving defendant (e.g.,

8   misrepresentations, omissions); (2) failing to allege the required "scienter" facts as to each

9   defendant; and (3) failing to allege loss causation.

10       Fifth, Count 7 (Fraudulent Transfer), the only count in which Defendants are mentioned

11   by name, fails to allege facts sufficiently to state a claim against Defendants.

12       Sixth, since Count 1 is the sole basis for federal question jurisdiction and it fails to state

13   a claim and these moving Third Party Defendants are not diverse from the Third Party

14   Plaintiffs, there is no subject matter jurisdiction in this case against the moving Defendants and

15   the remaining pendent state law claims must be dismissed against these moving Defendants

16   for lack of subject matter jurisdiction. 28 U.S.C. § 1367(c).

17   II.    **FACTUAL BACKGROUND.**

18       Although the original complaint in this case was filed on August 4, 2008, the Verified

19   Amended Third-Party Complaint against these moving Third Party Defendants, Asia Pacific

20   Oil & Gas Ltd. ("Asia Pacific"), Amirzhan Dzhakishev ("Amirzhan"), and Adilzhan Jakishev

21   ("Adilzhan") was not filed until at least March 16, 2009. As explained below, the Amended

22   Third Party Complaint was never validly served on these Third Party Defendants, Asia Pacific,

23

24   Amirzhan, or Adilzhan.

25       **A.   Fact Background As To Asia Pacific: Service And Personal**
            **Jurisdiction.**

26

27       With regard to jurisdiction, defendant Asia Pacific is an entity organized in the

28   Seychelles Islands and has its principal place of business in the United Kingdom. It has not

MOTION TO DISMISS AMENDED THIRD-PARTY COMPLAINT FOR: (1) INSUFFICIENT SERVICE; (2) LACK OF
PERSONAL JURISDICTION; (3) FAILURE TO STATE CLAIM; AND (4) LACK OF SUBJECT MATTER JURISDICTION

imported, sold, or otherwise provided any goods or services to consumers in the State of California or anywhere else within the United States.[1] (Dzhakishev Decl., ¶ 6.)  Asia Pacific does not own or lease any real property in California or elsewhere in the United States. (*Id.*) Asia Pacific has no offices and does not advertise or market in the United States, has not applied for a loan or opened a bank account with any financial institutions in California or the United States, and has not previously sought use of the courts within the State of California or the United States. (*Id.*)

With regard to service, Plaintiffs allege that Asia Pacific "engages in business in the U.S. and internationally" and "is subject to the jurisdiction of this Court because it was used for the unlawful transfer of 20% of the assets represented by the rights under the Concession, because it became involved with Turan's assets in California, and because [Asia Pacific] was a transferee of assets in violation of the California Uniform Fraudulent Transfer Act." (Verified Amended Third Party Complaint, ¶ 6.)  None of these allegations are true or have any basis in fact. (Dzhakishev Decl., ¶ 7.)

Moreover, Plaintiffs unsuccessfully tried to serve Asia Pacific at Adilzhan's and Amirzhan's prior residence in Kazakhstan and at the California residence of a third party, even though such third party is not authorized to accept service on behalf of them or on behalf of Asia Pacific.  (Dzhakishev Decl., ¶ 5.)  Nor is such California resident an employee, officer, director, or managing or general agent for Asia Pacific.  (*Id.*)

---

[1] On January 7, 2009, Asia Pacific entered into two related agreements in Costa Mesa, California. (Dzhakishev Decl., ¶¶ 10-15.)  In the first  agreement, Asia Pacific agreed to purchase 20 percent of the shares of a Kazakhstan company, named Turan Enerpetroleum, LLP, from its parent company, Turan Petroleum, Inc., a Nevada corporation, as well as an option to purchase 10,000,000 shares of Turan Petroleum, in exchange for $5,000,000.00 (U.S.), which Asia Pacific paid to Turan. (*Id.* & **Ex. 5**.)  In the second agreement, Turan Petroleum agreed to grant Asia Pacific an option to purchase 10,000,000 shares of its stock at $0.25 per share (*Id.* & **Ex. 6**.)  Both agreements are governed by foreign law and relate to the purchase of shares of foreign companies.  (*Id.*)  No services have been performed pursuant to these agreements.  (*Id.*)

3

**B.**     **Fact Background As To Individual Defendants:  Service And Personal Jurisdiction.**

With regard to jurisdiction, defendants Amirzhan and Adilzhan are citizens of Kazakhstan.  (Dzhakishev Decl., ¶¶ 1, 8; Jakishev Decl., ¶¶ 1, 6.)  Amirzhan is a resident of Kazakhstan and Adilzhan has a temporary visa to study in the United States, which may terminate at any time he ceases to study here.  (*Id.*)  Although both of them have traveled a couple of times to California, Adilzhan never lived here before 2008 and does not have an intention of taking up permanent residence in California or the United States. (*Id.*)  Neither of them has imported, sold or otherwise provided any goods or services to consumers in the State of California or anywhere else in the United States.  (Dzhakishev Decl., ¶¶ 6, 10; Jakishev Decl., ¶¶ 5-6.)  Amirzhan does not own any real property in California or the United States. (*Id.*)  Although Adilzhan has entered into several  transactions for student housing and entered discussions regarding a potential contract in New York, the moving parties have not conducted or solicited business in California or the United States.  (*Id.*)  None of them has maintained a place of business in California or the United States.  (*Id.*)  Neither of them has ever been served with process or papers for any lawsuit in California or the United States. (*Id.*)

With regard to service, Plaintiffs allege that Amirzhan and Adilzhan are subject to the personal jurisdiction of the Court because they are principals of Asia Pacific and were "involved in the unlawful transfer of Turan's stock, causing approximately $5 million in proceeds to be fraudulently transferred in California in violation of Cal. Civ. Code § 3439 and other applicable law." (Verified Amended Third Party Complaint, ¶¶ 6-7.)  Plaintiffs additionally allege as to Adilzhan that he did these things while he was a "resident of California" and "signed an agreement with certain other Defendants regarding the transfer of the concession rights at issue." (*Id.*, at ¶ 6.) None of these allegations are true or have any basis in fact. (Dzhakishev Decl., ¶ 9; Jakishev Decl., ¶ 7.)

1    Moreover, Plaintiffs unsuccessfully attempted to serve Amirzhan and Adilzhan at their

2    prior residence in Kazakhstan and at the California residence of a third party, even though

3    such third party is not authorized to accept service on their behalf.  (Dzhakishev Decl., ¶¶ 3-5;

4    Jakishev Decl., ¶¶ 2-4.)  Nor is such third party an employee or agent for them.  (*Id.*)

5
6    **III.    THE AMENDED THIRD PARTY COMPLAINT SHOULD BE DISMISSED
             BECAUSE IT WAS NEVER PROPERLY SERVED ON THE MOVING THIRD
7            PARTY DEFENDANTS.**

8    A party is permitted to challenge insufficient service by way of a motion to dismiss.

9    Fed. R. Civ. P. 12(b)(5).  With regard to serving a foreign entity, Rule 4 of the Federal Rules of

10   Civil Procedure provides in pertinent part:

11   (h)  . . . . Unless federal law provides otherwise or the defendant's waiver has been
          filed, a . . . *foreign corporation, or a partnership* or other unincorporated
12        association that is subject to suit under a common name, *must be served*:

13
14        (1)  *in a judicial district of the United States*:

15             (A)  in a manner prescribed by Rule 4(e)(1) for serving an individual;
                    or
16             (B)  by *delivering a copy* of the summons and of the complaint *to an
                    officer, a managing or general agent, or any other agent*
17                  *authorized* by appointment or by law to receive service of
                    process and -- if the agent is one authorized by statute and the
18                  statute so requires -- by also mailing a copy of each to the
                    defendant; or
19

20        (2)  *at a place not within any judicial district of the United States, in any
                manner prescribed by Rule 4(f) for serving an individual*, except
21             personal delivery under (f)(2)(c)(i).

22   (f)  . . . Unless federal law provides otherwise, an individual . . . may be served at a
          place not within any judicial district of the United States:
23

24        (1)  *by any internationally agreed upon means of service that is
                reasonably calculated to give notice, such as those authorized by the
25              Hague Convention* on the Service Abroad of Judicial and Extrajudicial
                Documents;
26

27        (2)  *if there is not internationally agreed means*, or if an international
                agreement allows but does not specify other means, *by a method that is
28              reasonably calculated to give notice*:

5

MOTION TO DISMISS AMENDED THIRD-PARTY COMPLAINT FOR: (1) INSUFFICIENT SERVICE; (2) LACK OF
PERSONAL JURISDICTION; (3) FAILURE TO STATE CLAIM; AND (4) LACK OF SUBJECT MATTER JURISDICTION

     (A)  **as prescribed by the foreign country's law** for service in that country in an action in its courts of general jurisdiction;

     (B)  **as the foreign authority directs** in response to a letter rogatory or letter of request; or

     (C)  unless prohibited by the foreign country's law, by:

          (i)  **delivering a copy** of the summons and of the complaint **to the individual personally**; **or**

          (ii)  **using any form of mail** that the clerk addresses and sends to the individual and **that requires a signed receipt**; or

    (3)  by other means not prohibited by international agreement, **as the court orders**. (Emphasis added.)

Once service is challenged, the plaintiff has the burden of establishing that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

### A.  <u>Plaintiffs Failed To Serve The Moving Third-Party Defendants Within This Judicial District</u>.

As set forth in FRCP 4(h)(1)(B), Plaintiffs can serve a foreign entity within the judicial district by **delivering** the service papers to "an officer, a managing or general agent, or any other agent" **and then mailing** a copy of the papers to the entity defendant.  The service documents may be delivered to someone "not an officer" but who has "substantial responsibility" for the affairs of the business entity.  Rutter Group, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial*, Ch. 5-F, ¶ 5:205.  "A managing agent is one authorized to transact all business of a particular kind at a particular place and must be vested with powers of discretion rather than being under direct superior control."  *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 624 (6th Cir. 2004).

In this case, the third party that Plaintiffs purportedly served on behalf of Asia Pacific, Amirzhan and Adilzhan, was and is not one of the "officers, managing or general agents" of Asia Pacific.  Nor is such third party authorized by appointment or by law to receive service of process on behalf of any of these Third-Party Defendants.  (Dzhakishev Decl., ¶ 5.)  Plaintiffs

1  cannot satisfy process on the Third-Party Defendants by conveniently asserting, without proof,

2  that an unnamed third party is the "agent" or "nominee" of the Defendants or is "affiliated" with

3  them in some way.  While it may be convenient for Plaintiffs, it is not sufficient.  Plaintiff "has

4  the burden of proof regarding both the fact of the agency relationship and the scope of the

5  
6  agent's authority."  *Romak USA, Inc. v. Rich*, 384 F.3d 979, 985 (8th Cir. 2004); *Griggs Group*

7  *Ltd v. Filanto Spa*, 920 F.Supp. 1100, 1102 (D.Nev. 1996).  Absent adequate proof, Plaintiffs'

8  service is plainly insufficient.

9          **B.     Plaintiffs Also Failed To Serve The Moving Third-Party Defendants In**
10                 **Accordance With Rule 4(f), The Hague Convention Regarding Service,**
                   **Or By Another Method Reasonably Calculated to Provide Notice**
11                 **Under Rule 4(f)(2).**

12          Having failed to serve these moving Third-Party Defendants within the judicial district,

13  Plaintiffs were required to serve these Defendants in compliance with FRCP, Rule 4(f).  As set

14  forth above, FRCP Rule 4(f) authorizes service of process on foreign business entities "by an

15  internationally agreed means reasonably calculated to give notice, such as those means

16  authorized by the Hague Convention . . . ."  Fed.R.Civ.P. 4(f)(1), 4(h)(2).

17
18          The Seychelles Islands is a signatory to the Hague Service Convention that governs

19  service of process.  Accordingly,  the validity of service abroad on Asia Pacific "is controlled by

20  the   Hague   Convention."      *Brockmeyer*,  *supra*,  383  F.3d  at  801;  *Volkswagenwerk*

21  *Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) ("[C]ompliance with the Hague

22  Convention  is  mandatory  in  all  cases  to  which  it  applies.").    Even  California's  service

23  procedures are subject to Hague Convention limitations.  Cal. Code Civ. Proc. § 413.10(c)

24  ("These  rules  are  subject  to . . . (Hague  Service  Convention).").    Service  pursuant  to  the

25  Hague Convention may be effected by forwarding the summons and complaint to the "Central

26  
27  Authority" for the country in which service is to be made, along with a form Request for Service

28  containing, *inter alia*, a form Summary of the Documents to be served.  See FRCP Rule 4,

7

MOTION TO DISMISS AMENDED THIRD-PARTY COMPLAINT FOR: (1) INSUFFICIENT SERVICE; (2) LACK OF
PERSONAL JURISDICTION; (3) FAILURE TO STATE CLAIM; AND (4) LACK OF SUBJECT MATTER JURISDICTION

Pocket Part annotations, Hague Convention Arts. 2, 3, and 5. Once the Central Authority has completed service, it must "complete a Certificate in the form of the model annexed to the . . . Convention," detailing "the method, the place, and the date of service" or explaining why service did not occur, and thereafter must forward the completed Certificate "directly to the applicant." *Id.*, Art. 6.

By contrast, the nation of Kazakhstan is not a signatory to the Hague Service Convention, so defendants Amirzhan and Adilzhan could only be served "by a method that is reasonably calculated to give notice," such as a method prescribed by the law of Kazakhstan for service in an action in its courts of general jurisdiction, as the legal authority of Kazakhstan directs pursuant to a letter rogatory, or by "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt," or by other means "as the court orders." FRCP Rule 4(f)(2),(3).

Under any of the alternative standards of Rule 4(f) for either Hague Convention service or non-Hague Convention service, Plaintiffs have plainly failed to adequately serve these moving Third-Party Defendants. Plaintiffs attempted to serve them by delivering or mailing them to Adilzhan's and Amirzhan's former residence in Kazakhstan in a manner which did not comply with Kazakhstan law (see Dzhakishev Decl., ¶ 3) and by mailing three separate envelopes to the California residence of a third party (who is not the agent of any of the Third-Party Defendants), located at 33 Skyridge, Newport Coast, California 92657. (See **Exhibits 1, 2, and 3**, attached to Dzhakishev Decl.) None of the moving Third-Party Defendants reside, or were served, at these locations or have their place of business there. (Dzhakishev Decl., ¶ 3-5; Jakishev Decl., ¶ 2-4.) Nor is such third party authorized to accept service of process on behalf of any of the Third-Party Defendants. (*Id.*) After Defendants raised this defect in their June 16, 2009 meet and confer conference, Plaintiffs never even attempted to correct their

defective service by employing one of the methods authorized by Rule 4(f).  (Hoffman Decl., ¶ 2.)   Therefore, service on the Third-Party Defendants was clearly insufficient.   See *Brockmeyer*, *supra*, 383 F.3d at 805.

Accordingly, for each of the foregoing reasons, the Verified Amended Third-Party Complaint must be dismissed as against these moving Third-Party Defendants because of insufficient service of process.  FRCP, Rule 12(b)(5).

## IV.   THE AMENDED THIRD PARTY COMPLAINT SHOULD BE DISMISSED BECAUSE THERE IS NO PERSONAL JURISDICTION OVER THE MOVING THIRD PARTY DEFENDANTS.

### A.   Plaintiffs Have The Burden Of Proof To Establish Personal Jurisdiction.

Pursuant to Fed.R.Civ.P. 12(b)(2), a party is permitted to challenge personal jurisdiction by way of a motion to dismiss.  Once personal jurisdiction is challenged, the plaintiff has the burden of establishing jurisdiction.  *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 538 (9th Cir. 1986); *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).  A plaintiff cannot "simply rest on the bare allegations of its complaint."  *Amba Marketing Systems, Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977).

### B.   There Is No Traditional Basis For Jurisdiction In This Case.

The traditional bases for personal jurisdiction are service within the state, domicile, or consent.  *Pennoyer v. Neff*, 95 U.S. 714, 733 (1877).  None of the moving Third-Party Defendants (1) were served in this state or in the United States (see above); (2) are domiciled here; or (3) consented to personal jurisdiction.[2]  Absent one of the traditional bases for jurisdiction, due process requires "minimum contacts . . . such that the maintenance of the suit

_____

[2] According to Local Rule 8-1, the "statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in the first paragraph of any document invoking this Court's jurisdiction."  Plaintiffs fail to allege a valid basis for the Court to exercise personal jurisdiction over these moving Third-Party Defendants.

9

does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

### C.    There Are No Minimum Contacts With These Moving Defendants.

Even though there is a federal claim under a statute that provides for nationwide service of process, the exercise of personal jurisdiction cannot violate due process. *Holland America Line Inc. v. Wartsika North America, Inc.*, 485 F.3d 450, 461 (9th Cir. 2007); *Rocke v. Canadian Auto. Sports Club*, 660 F.2d 395, 398 (9th Cir. 1981); *Core-Vent Corp. v. Nobel Inds. AB*, 11 F.3d 1482, 1484-85 (9th Cir. 1994).  Due process requires an adequate basis for jurisdiction, which can be found by, among other things, minimum contacts with the forum state. *International Shoe*, *supra*, 326 U.S. at 316.  The purpose of requiring minimum contacts is to prevent the burdens of litigating at a distant or inconvenient forum and to insure that the states do not reach out beyond the limits of their sovereignty. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980) (defendant's "conduct and connection with the forum State" must be such that the defendant "should reasonably anticipate being haled into court there").

#### 1.  Defendants' Contacts With The Forum Do Not Establish General Jurisdiction.

In order to find the existence of personal jurisdiction, the Court may examine whether there is (1) general jurisdiction or (2) specific jurisdiction.  In order to find general jurisdiction, there must be a finding of substantial, continuous, and systematic contacts between the defendant and the forum state. *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 447-48 (1952).

Here, Asia Pacific is a Seychelles Islands partnership with its principal place of business in the United Kingdom.  Amirzhan and Adilzhan are citizens of Kazakhstan.

(Dzhakishev Decl., ¶ 1, 8; Jakishev Decl., ¶ 1, 6.)  Amirzhan is a resident of Kazakhstan and Adilzhan has a temporary visa to study in the United States. (*Id.*)  Although both of them have traveled occasionally to California, Adilzhan has never lived here before 2008 and Amirzhan has no intentions of taking up permanent residence in California or the United States. (*Id.*)  Asia Pacific, Adilzhan, and Amirzhan have not imported, sold or otherwise provided any goods or services to consumers in the State of California or anywhere else in the United States. (Dzhakishev Decl., ¶ 6; Jakishev Decl., ¶ 5.)  Asia Pacific and Amirzhan do not own or lease any real property in California or the United States. (*Id.*)  None of them has any offices, and they do not advertise or market, in the United States. (*Id.*)  Amirzhan and Asia Pacific have not applied for a loan or opened a bank account with any financial institutions in California or the United States. (*Id.*)  None of them has sought use of the courts within the State of California or the United States. (*Id.*)  None of them has ever been personally served with process or papers for any lawsuit in California or the United States. (*Id.*)  Accordingly, there are no substantial, continuous, or systematic contacts between the Defendants and the forum state sufficient to find general jurisdiction over these Defendants.

## 2. **Defendants' Contacts With The Forum Do Not Establish Specific Jurisdiction**.

Specific jurisdiction depends upon a showing that a non-resident defendant purposefully established contacts with the forum state, that a plaintiff's cause of action arises out of the defendant's forum-related contacts, and that the forum's exercise of personal jurisdiction comports with fair play and substantial justice. *Burger King v. Rudzewicz* (1985) 471 U.S. 462, 472, 476-78.  The three-part test for determining the existence of specific jurisdiction are:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails

himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable. *Panavision Intern., L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998) (emphasis added).

A "purposeful" contact is one in which a particular defendant has deliberately directed its activities at the residents of the forum state or has deliberately availed itself of the benefits and protections of the laws of the forum state. *Hanson v. Denckla*, 357 U.S. 235, 253-54 (1958).

In the present case, as citizens of Kazakhstan, Amirzhan and Adilzhan have done nothing that establishes any purposeful contact with, or avails them of the benefits of, the forum state. As a resident of Kazakhstan, Amirzhan does not even live here and rarely travels here and has not entered into any contracts here. (Jakishev Decl., ¶¶ 1, 6.) Adilzhan's only real connection with the forum state is that he has a temporary visa to study here, which may terminate at any time. (Dzhakishev Decl., ¶¶ 1, 8.) Neither of them conducts or solicits business in California or the United States. (Dzhakishev Decl., ¶ 10; Jakishev Decl., ¶ 6.)

In the case of Asia Pacific, Plaintiffs allege that a single transaction, on January 7, 2009, in which Asia Pacific agreed to purchase 20 percent of the shares of a Kazakhstan company, named Turan Enerpetroleum, LLP, after a solitication from its parent company, Turan Petroleum, Inc., a Nevada corporation, as well as an option to purchase 10,000,000 shares of Turan Petroleum, in exchange for $5,000,000.00 (U.S.), was enough to invoke this Court's specific jurisdiction. (Dzhakishev Decl., ¶¶ 10-11 and **Exhibits 4 through 6** attached thereto.) However, the mere existence of a contract with a party in the forum state does not constitute sufficient minimum contacts for the exercise of personal jurisdiction. *Burger King*, *supra*, 471 U.S. at 475-78. Moreover, both agreements are governed by ***foreign law*** and relate to the purchase of

1  shares of **foreign companies**.  (Dzhakishev Decl., ¶¶ 11.)  Furthermore, Asia Pacific

2  has not been able to exercise the stock option to purchase the shares of Turan

3  Petroleum and no services have been performed pursuant to these agreements. (*Id.* at

4  ¶ 12.)

5

6  Since the foregoing transaction is governed entirely by foreign law and concerns the

7  purchase of shares only in two foreign entities, there is nothing in Asia Pacific's actions which

8  shows that it is invoking the benefits and protections of California laws and the fact that the

9  agreements were signed in California is solely because Asia Pacific's director was a student in

10 California at the time the contract was signed.  (Dzhakishev Decl., ¶ 13.)  Accordingly, Asia

11 Pacific did not purposefully avail itself of the privilege of conducting activities within California

12 because the signing of those agreements in California was merely incidental.

13

14 Plaintiffs allege that Defendants are subject to the jurisdiction of this Court because of

15 (1) the allegedly unlawful transfer of at least 20% of Turan Petroleum's stock in Turan

16 Enerpetroleum, (2) Defendants' fraudulent transfer of proceeds in California, and (3)

17 Defendants' knowing violation of California's Uniform Fraudulent Transfers Act.   (Verified

18 Amended Third Party Complaint, ¶¶ 5-7.)  None of these alleged activities are sufficient to

19 exercise personal jurisdiction over the Defendants.

20

21 First, the transfer of 20% of Turan Enerpetroleum's stock merely represents a **stock**

22 **purchase or investment**, not a purchase or transfer of assets, **in a Kazakhstan company**

23 whose primary purpose is to explore and develop oil and gas fields **in Kazakhstan**.

24 (Dzhakishev Decl., ¶ 14.)  This foreign stock purchase was concerned with development of a

25 foreign oil concession and it is merely incidental that the agreement was signed in California.

26 No California assets, interests, or companies were involved in this transaction.   Thus,

27 Defendants clearly were not performing some act by which they purposefully availed

28

themselves of the privilege of conducting activities in California.   Moreover, the place of execution of the contract does not show that Asia Pacific was invoking the benefits and protections of California law because both agreements are clearly governed by foreign, not California, law.  (Dzhakishev Decl., ¶ 14, and **Exhibits 5 and 6**.)

Second, Asia Pacific clearly did not receive any monies from this transaction, as shown on the face of **Exhibits 5 and 6**.  Instead, ***Asia Pacific paid $5,000,000*** (U.S.) to make a stock investment in two foreign companies.  (*Id.*)   Therefore, there is no foundation in fact to Plaintiffs' allegation that Defendants were the recipients of any proceeds "fraudulently transferred in California" (Amended Third Party Complaint, ¶¶ 5-7) because Asia Pacific ***paid*** these monies, and did not ***receive*** any of these monies.  Accordingly, Plaintiffs' allegations regarding fraudulently transferring proceeds in California lack any foundation and cannot form the basis for demonstrating that Defendants purposefully availed themselves of the privilege of conducting activities within California.

Finally, since Defendants did not receive any monies or funds from the foregoing investment transaction, there is simply no basis for the alleged fraudulent transfer action and Defendants' allegedly knowing violation of California's Uniform Fraudulent Transfer Act has no factual foundation.  Accordingly, for the foregoing reasons, this allegation also cannot support the exercise of personal jurisdiction over the Defendants.

The second part of the test for determining the existence of specific jurisdiction states that the "claim must be one which arises out of or results from the defendant's forum-related activities." *Panavision*, *supra*, 141 F.3d at 1320.  In the present case, Plaintiffs' claims do not arise out of Amirzhan's forum-related activities because he has visited California only a couple of times on vacation unrelated to any facts in the Verified Amended Third-Party Complaint. (Jakishev Decl., ¶ 6.)   Plaintiffs' claims also do not arise out of Adilzhan's forum-related

14

MOTION TO DISMISS AMENDED THIRD-PARTY COMPLAINT FOR: (1) INSUFFICIENT SERVICE; (2) LACK OF PERSONAL JURISDICTION; (3) FAILURE TO STATE CLAIM; AND (4) LACK OF SUBJECT MATTER JURISDICTION

1   activities because he is in California solely pursuant to a study visa. (Dzhakishev Decl., ¶ 16.)

2   Finally, although one can assert that Plaintiffs' claims do arise out of Asia Pacific's stock

3   purchase transaction on January 7, 2009, as shown above, those activities were clearly not

4
5   illegal, did not harm anyone, did not purport to purposely avail Asia Pacific of the privilege of

6   conducting activities in California, and did not invoke the benefits or protections of California

7   law. Therefore, these claims are not sufficient to invoke specific jurisdiction over the

8   Defendants.

9          **D.      Exercise of Personal Jurisdiction Over These Moving Defendants
                      Would Be Unreasonable.**
10

11         Even if there were "minimum contacts," the exercise of personal jurisdiction must also

12   be reasonable. In determining reasonableness, courts consider multiple factors, including (1)

13   the extent of defendant's purposeful availment, (2) burden on defendant in defending the

14   action in the forum, (3) most efficient judicial resolution of the controversy, (4) importance of

15   the forum to plaintiff's interest, and (5) existence of alternative forums. *Core-Vent Corp.*, *supra*,

16   11 F.3d at 1486-87.
17

18         Where all other burdens and factors are equal, the burden on defendant in defending

19   the action locally is likely to be decisive. *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th

20   Cir. 1999) ("[T]he law of personal jurisdiction is asymmetrical and is primarily concerned with

21   the defendant's burden."). *Rocke*, *supra*, 660 F.2d at 399 ("A primary concern under a due

22   process analysis is with the burden placed upon the defendant.") This is especially true of

23   foreign defendants. *Asahi Metal Industry Co., Ltd. v. Superior Court*, 480 U.S. 102 (1987);

24   *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993) ("higher jurisdictional barrier"

25
26   required for aliens).

27         In the present case, it is unreasonable to require Defendants to defend this action in the

28   United States. Defendants are foreign citizens and entities that have not provided products or

1 services to residents of the forum and that have no place of business or dealings in California

2 or the United States.  The vague allegations regarding transfer of stock and receipt of monies

3 are insufficient to support a prima facie case for personal jurisdiction.

**V.     THE AMENDED THIRD PARTY COMPLAINT FAILS TO STATE A CLAIM AGAINST THE MOVING THIRD PARTY DEFENDANTS BECAUSE IT DOES NOT ALLEGE ANY MATERIAL FACTS AGAINST THESE MOVING THIRD PARTY DEFENDANTS.**

7 A defendant may move to dismiss the complaint where it fails to state a claim upon

8 which relief can be granted.  Fed.R.Civ P. 12(b)(6).  The complaint must be construed on the

9

10 assumption that all of its allegations are true, even if doubtful in fact.  *Bell Atlantic Corp. v.*

11 *Twombly*, 550 U.S. 544 (2007).  However, a court need not accept as true conclusory

12 allegations, legal characterizations, unreasonable inferences, or unwarranted deductions of

13 fact.  *Transphase Systems, Inc. v. Southern Calif. Edison Co.*, 839 F.Supp.711, 718

14 (C.D.Cal. 1993); *Beliveau v. Caras*, 873 F.Supp. 1393, 1395-96 (C.D.Cal. 1995).

15 In the present case, none of the nine counts specifies which defendants are named

16 therein.   The term "Defendants" is used within every count, but is nowhere defined.

17

18 Defendants Asia Pacific, Amirzhan, and Adilzhan are only named specifically in Count 7

19 (Fraudulent Conveyances) if one reads Count 7 in conjunction with Paragraphs 134 through

20 138 of the Verified Amended Third Party Complaint.  Those paragraphs allege on information

21 and belief that defendant Karabayev attempted to fraudulently transfer part or all of Turan's

22 interest in the oil concession (Turan's main and only corporate asset) to Asia Pacific, and to

23 keep the proceeds thereof, by selling such interest to defendants Amirzhan and Adilzhan,

24

25 who allegedly own the controlling shares of Asia Pacific, for the price of $5 million.  (Verified

26 Amended Third Party Complaint, ¶¶ 134 through 138.)  Paragraphs 6 and 7 further allege

27 that Defendants were "involved in the unlawful transfer of Turan's assets, causing

28 approximately $5 million in proceeds to be fraudulently transferred . . ." That is the full extent

of any specific allegations against the moving Defendants herein.  Clearly such allegations are not sufficient to support any cause of action against the moving Defendants, let alone a securities violation claim.

For example, in Count 1, Plaintiffs have attempted to plead a Rule 10b-5 securities fraud claim.   There are six basic elements of a Rule 10b-5 claim are:   (1) a *material misrepresentation (or omission)*; (2) *scienter*, i.e., a wrongful state of mind; (3) *a connection with the purchase or sale of a security*; (4) reliance, often referred to in cases involving public securities markets (fraud-on-the-market cases) as "transaction causation;" (5) economic loss; and (6) *"loss causation,"* i.e., a causal connection between the material misrepresentation and the loss.  *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 341-342, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005).

To help curb abuses in securities fraud cases, Congress enacted the Private Securities Litigation Reform Act ("PSLRA"), which applies heightened pleading standards to securities fraud actions.   15 U.S.C. § 78u-4(b)(1).   Among other things, the PSLRA imposes a heightened standard for pleading the defendant's state of mind, i.e., scienter, and the plaintiff must satisfy the heightened pleading requirements of Rule 9(b), which are designed "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993); Fed. R. Civ. Pro. 9(b).  In order to adequately provide the required notice, "the complaint must specify such facts as the times, dates, places, and benefits received, and other details of the alleged fraudulent activity." *Id*. at 672.

As explained below, Plaintiffs have failed to allege at least four of the elements of a Rule 10b-5 claim with sufficient particularity against any of these moving Defendants.

A.   **Plaintiffs Do Not Have Standing to Bring A Securities Fraud Claim As To These Moving Defendants**.

As a threshold requirement, only a purchaser or seller of securities has standing to

1  assert a claim under 15 U.S.C. § 78j. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723,

2  754 (1975) (the requirements of Section 78j are not satisfied where the claimant seeking

3  damages has not actually purchased or sold shares of stock); *Unity House, Inc. v. North*

4  *Pacific Investments, Inc.*, 918 F.Supp. 1384, 1389-90 (D. Haw. 1996) ("Standing to sue under

5  Section 10(b) or Rule 10b-5 is limited to purchasers and sellers of securities.")

6  In the present case, there are **no allegations in the entire Verified Amended Third**

7  **Party Complaint that Plaintiffs purchased any securities from or sold any securities to**

8  **any of the moving Defendants.**   Furthermore, there are no allegations that defendants

9  Amirzhan or Adilzhan purchased or sold any securities at all, only that they were "involved in

10  the unlawful transfer of Turan's stock." (Verified Amended Third Party Complaint, ¶¶ 6-7, 137.)

11  As to defendant Asia Pacific, the only allegation is that it received a fraudulent transfer of part

12  or all of Turan's interest, held in Turan Enerpetroleum, of a oil and gas concession to Asia

13  Pacific. (See Verified Amended Third Party Complaint, ¶¶ 5, 137.) None of these allegations

14  show that Plaintiffs were involved as either a seller or buyer for these securities. Thus,

15  Plaintiffs do not have any standing to assert a claim under Section 10(b) or Rule 10b-5.

16      B.   <u>Plaintiff Has Not Alleged A Misrepresentation or Omission on the First</u>
           <u>Count</u>.

17

18  In order to state a claim under Rule 10b-5, a plaintiff <u>must</u> allege either "an untrue

19  statement of a material fact" or an omission of "a material fact necessary in order to make the

20  statements made, in the light of the circumstances in which they were made, not misleading."

21  15 U.S.C. § 78u-4(b)(1).

22  In addition, "the complaint shall specify each statement alleged to have been

23  misleading, [and] the reason or reasons why the statement is misleading." *Id.* Allegations

24  stated on "information and belief" are treated differently: "[I]f an allegation regarding the

25  statement or omission is made on information and belief, the complaint shall state with

26  particularity all facts on which that belief is formed." *Id.*

27  Plaintiffs have failed to allege either a misleading statement or an omission of a

28  material fact by any of the moving Defendants, i.e., their first count is based <u>solely</u> on Asia

1  Pacific's receipt of Turan Enerpetroleum stock.  (Verified Amended Third Party Complaint, ¶¶
2  134-38.)

3      This fact renders the first count deficient for at least two (2) reasons.

4      First, Plaintiff has failed to allege that the stock was received in connection with any
5  misstatements or omissions by the moving Defendants.

6      Second, "a pleader must identify the individual who made the alleged representation
7  and the content of the alleged representation." *Glen Holly Entertainment, Inc. v. Tektronix,*
8  *Inc.*, 100 F.Supp.2d 1086, 1094 (C.D. Cal. 1999).  Here, Plaintiff has failed to allege that any
9  of the moving Defendants made any statements or omissions at all, let alone in connection
10  with the sale or purchase of securities.

11      C.  **Plaintiffs Have Failed to Allege Scienter on the First Count**.

12      Furthermore, Plaintiffs have failed to plead scienter properly under the PSLRA, which
13  requires Plaintiffs to "state with particularity facts giving rise to a strong inference that the
14  defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2).

15      The Supreme Court has stated:  "To determine whether the plaintiff has alleged facts
16  that give rise to the requisite 'strong inference' of scienter, a court must consider plausible non-
17  culpable explanations for the defendant's conduct, as well as inferences favoring the plaintiff."
18  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S.Ct. 2499, 2510, 168 L.Ed.2d
19  179 (2007).

20      A complaint will survive a motion to dismiss "only if a reasonable person would deem
21  the inference of scienter cogent and at least as compelling as any opposing inference one
22  could draw from the facts alleged." *Tellabs*, 127 S.Ct. at 2510.

23      "Plaintiffs proceeding under the PSLRA can no longer aver intent in general terms of
24  mere 'motive and opportunity' or 'recklessness,' but rather, must state specific facts indicating
25  no less than a degree of recklessness that strongly suggests actual intent."  *In re Silicon*
26  *Graphics Inc. Securities. Litig.*, 183 F.3d 970, 979 (9th Cir. (Cal.) 1999).

27      The PSLRA also requires a plaintiff to plead scienter with respect to those individuals
28  who actually made the false statements.  *Glazer Capital Management, LP v. Magistri*, 549

1  F.3d 736, 745 (9th Cir. (Cal.) 2008) (allegations of collective scienter not permitted); *In re*
2  *Hansen Natural Corp. Securities Litig.*, 527 F.Supp.2d 1142, 1157 (C.D. Cal. 2007) (holding
3  insufficient allegations of scienter; group pleading doctrine rejected). Moreover, "a pleading of
4  scienter may not rest on a bare inference that a defendant 'must have had knowledge of the
5  facts.'" *In re Advanta*, 180 F.3d 525, 539 (3d Cir. 1999) (citation omitted).

6      In the present case, Plaintiffs have failed to plead ***any*** facts that demonstrate the
7  requisite degree of scienter by ***any*** of the moving Defendants, much less by ***each*** defendant.
8  The Court therefore is obligated to dismiss the first count with prejudice since Plaintiffs have
9  failed to comply with the strict pleading requirements under PSLRA and Rule 9(b).

10
11      **D.**    **Plaintiffs Have Failed to Allege Loss Causation Against These Moving Defendants**.

12      In order to state a claim under Section 78j, it is imperative that the plaintiff allege both
13  transaction causation and loss causation. *Hatrock v. Edward D. Jones & Co.*, 750 F.2d 767,
14  773 (9th Cir. 1984); 15 U.S.C. § 78u-4(b)(4); *Binder v. Gillespie*, 184 F.3d 1059, 1065 (9th Cir.
15  1999). As to the moving Defendants, Plaintiffs have not and cannot allege this element
16
17  because neither of them purchased or sold the Turan Enerpetroleum stock that defendant
18  Asia Pacific purchased. Furthermore, since Asia Pacific was never permitted to exercise the
19  option to purchase Turan stock, Plaintiffs cannot show transaction or loss causation with
20  respect to the moving Defendants.

21
22      **E.**    **Plaintiffs Have Failed to Allege a Viable Fraudulent Transfer Claim Against These Moving Defendants**.

23      Even as to the one claim (Count 7 for Fraudulent Conveyances) in which they did
24
25  specifically name these moving Defendants, the Verified Third-Party Complaint still fails to
26  allege a viable cause of action. A fraudulent conveyance is a "transfer by the debtor of
27  property to a third person undertaken with the intent to prevent a creditor from reaching that
28  interest to satisfy its claim." *Yaesu Electronics Corp. v. Tamura*, 28 Cal.App.4[th] 8, 13 (1994).

20

MOTION TO DISMISS AMENDED THIRD-PARTY COMPLAINT FOR: (1) INSUFFICIENT SERVICE; (2) LACK OF
PERSONAL JURISDICTION; (3) FAILURE TO STATE CLAIM; AND (4) LACK OF SUBJECT MATTER JURISDICTION

In order to establish a fraudulent conveyance, three things or elements must be pled and proved: First, there must be a conveyance or the creation of an obligation; second, the transferor must be, at the time of the conveyance, insolvent or the conveyance must render him insolvent; third, the conveyance must have been made, or the obligation incurred, without a fair consideration. *Estate of Heigho*, 186 Cal.App.2d 360, 365-66 (1960).

In the present case, Plaintiffs have not alleged that any of the moving Defendants are judgment debtors. Nor have they alleged that, at the time of the purported conveyance, Defendants were insolvent or were rendered insolvent by the conveyance. Nor have they alleged that the conveyance occurred without a fair consideration. Therefore, a valid claim for fraudulent conveyance under California law has not been stated.

## VI. THE PENDENT STATE CLAIMS MUST ALSO FAIL AS TO THESE MOVING THIRD PARTY DEFENDANTS AND, THEREFORE, SUBJECT MATTER JURISDICTION IS ENTIRELY ABSENT AGAINST THESE MOVING THIRD PARTY DEFENDANTS.

In *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), the Supreme Court held that a federal court may exercise supplemental jurisdiction over related state law claims only if the state and federal claims derive from a common nucleus of operative facts and are the types of claims that the Court would ordinarily be expected to try together in one proceeding.

The *Gibbs* concepts were modified and to some extent restricted by the enactment of 28 U.S.C. § 1367. For the extent of the modification, *see Executive Software v. United States District Court*, 24 F.3d 1545 (9th Cir. 1994), *overruled on other grounds* by *California Department of Water Resources v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008). *Executive Software* holds in general that dismissal or remand may occur where the case meets the general *Gibbs* tests (see also § 1367(a)) only under the circumstances set forth in § 1367(c).

Subsection 1367(c) lists four situations where the Court may decline to exercise supplemental jurisdiction: (1) the state law claims raise a novel or complex question of state law; (2) the **state law claims substantially predominate** over the federal law claims; (3) the **federal claims have been dismissed**; or (4) in exceptional circumstances, there are other

1    compelling reasons for declining jurisdiction (emphasis added).   The Court may decline

2    supplemental jurisdiction over pendent state claims under the first three provisions without any

3    explanation because the statute codifies most of the applications already recognized by courts.

4    *San Pedro Hotel Co. Inc. v. City of Los Angeles*, 159 F.3d 470, 478-79 (9th Cir. 1998).   Only if

5    the Court declines supplemental jurisdiction under the fourth provision, the Court must

6    articulate the "exceptional circumstances" to decline jurisdiction.   *Id*.

7         In the present case, it is undisputed that only Count 1 alleges any federal claim(s) and

8    Counts 2 through 9 allege only pendent state claims.   Based on the sheer number and volume

9    of state vs. federal claims, it therefore appears that the state law claims substantially

10   predominate over the single federal claim, i.e., Count 1.   Accordingly, for this reason alone, this

11   Court may decline the exercise of supplemental jurisdiction in this case.

12        However, an even more compelling reason exists to decline jurisdiction over the

13   pendent state claims:   For the reasons stated in Section VI, above, the federal claim(s) in this

14   case should be dismissed as against not just the moving Defendants, but as to all Defendants

15   because it fails to state a viable federal claim against any of the Defendants.   Therefore, if this

16   Court finds that Count 1 does not state a viable federal claim, it may dismiss all of the pendent

17   state claims.   28 U.S.C. § 1367.[3]

18   ## VII. CONCLUSION.

19        For the foregoing reasons, these moving Third Party Defendants respectfully request

20   that the Court grant this Motion in its entirety and dismiss this Action against Third Party

21   Defendants Asia Pacific Oil & Gas Ltd., Amirzhan Dzhakishev, and Adilzhan Dzhakishev.

22

23

24

25

26

27   _____

28   [3] Plaintiffs do not allege diversity jurisdiction in their Verified Third-Party Complaint.

MOTION TO DISMISS AMENDED THIRD-PARTY COMPLAINT FOR: (1) INSUFFICIENT SERVICE; (2) LACK OF
PERSONAL JURISDICTION; (3) FAILURE TO STATE CLAIM; AND (4) LACK OF SUBJECT MATTER JURISDICTION

1    Dated:  July 16, 2009                    GREENWALD & HOFFMAN, LLP

2

3                                            By: _____

4                                            Paul A. Hoffman,
                                             Attorneys Specially Appearing for Third-Party
5                                            Defendants ASIA PACIFIC OIL & GAS LTD.,
                                             AMIRZHAN  DZHAKISHEV,  and  ADILZHAN
6                                            DZHAKISHEV

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS AMENDED THIRD-PARTY COMPLAINT FOR: (1) INSUFFICIENT SERVICE; (2) LACK OF
PERSONAL JURISDICTION; (3) FAILURE TO STATE CLAIM; AND (4) LACK OF SUBJECT MATTER JURISDICTION