| | |
|---|---|
| 1 | Paul Evan Greenwald (Bar No. 57162) |
| | Paul A. Hoffman (Bar No. 146805) |
| 2 | John R. Flocken (Bar No. 97137) |
| | **GREENWALD & HOFFMAN, LLP** |
| 3 | 1851 E. First Street, Suite 860 |
| | Santa Ana, California 92705 |
| 4 | Telephone:  (714) 285-0025 |
| | Facsimile:   (714) 285-0028 |
| 5 | |
| 6 | Attorneys for Specially Appearing for Third-Party Defendants, ASIA PACIFIC OIL & GAS LTD., a Seychelles Islands entity, |
| 7 | AMIRZHAN JAKISHEV, and ADILZHAN DZHAKISHEV |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAZENERCOM TOO; ET AL., | CASE NO. 08:09cv00059-JVS |
| Plaintiffs, | Assigned for All Purposes to: |
| v. | Hon. James V. Selna |
| | Dept: 10C |
| TURAN PETROLEUM, INC.; ET AL., | |
| Defendants. | Date Action Filed: January 14, 2009 |
| | Trial Date: None Set |
| TURAN PETROLEUM, INC., | |
| Defendant and Counterclaimant, | **DECLARATION OF PAUL A. HOFFMAN, ESQ., IN SUPPORT OF THIRD-PARTY DEFENDANTS' MOTION TO DISMISS AMENDED THIRD-PARTY COMPLAINT** |
| v. | |
| YERKIN BEKTAYEV and KANET MEIRMANOV, | [Filed concurrently with: [Proposed] Order; Motion to Dismiss; Declarations of Adilzhan Dzhakishev and Amirzhan Jakishev] |
| Plaintiffs and Counterdefendant. | |
| TURAN PETROLEUM, INC., | Date:         August 31, 2009 |
| Defendant and Third-Party Plaintiff, | Time:         1:30 p.m. |
| | Courtroom:  10C |
| v. | |
| WELLS FARGO, N.A., YERKIN AKKUZOV, SABIRGAN DUHALIEV, IGOR MAXIMOV, | |
| Defendants in Third-Party Complaint. | |
| YERKIN BEKTAYEV and KANET MEIRMANOV, | |

1

**DECLARATION OF PAUL A. HOFFMAN, ESQ. IN SUPPORT OF MOTION TO DISMISS AMENDED THIRD-PARTY COMPLAINT**

|   |   |
|---|---|
| 1 | Counterdefendants and Third-Party ) |
| 2 | Plaintiffs, ) |
|   | ) |
| 3 | v. ) |
|   | ) |
| 4 | ASIA PACIFIC OIL & GAS LTD. (incorporated ) |
|   | in the Seychells Islands); AMIRGAN ) |
| 5 | DZHAKISHEV, ADILZHAN DZHAKISHEV, ) |
|   | YURI VANETIK; ROBERT VAN DUREN; ) |
| 6 | ROBIN BISARYA; OKKE FINANCIAL LTD.; ) |
| 7 | ALCINA COMPANY CORP., PINGTON ) |
|   | INVESTMENT LTD.; PINE BROOK S.A., ) |
| 8 | HINES INVESTMENTS S.A.; ESSEX ) |
|   | MANAGERS LTD.; VARRIAL FINANCIAL ) |
| 9 | TRADING LTD.; COAST FINANCE LTD.; ) |
| 10 | FREEMAN FREEMAN SMILEY LLP, ) |
|   | ) |
| 11 | Third-Party Defendants. ) |
|   | ) |

I, Paul A. Hoffman, declare:

1. I am an attorney duly licensed to practice law before all of the courts of the State of California and before the United States District Court for the Central District of California. I am a principal of Greenwald & Hoffman, LLP, attorneys for third party defendants Asia Pacific Oil & Gas LLP, Adilzhan Dzhakishev, and Amirzhan Jakishev in the above-entitled matter. I make this declaration based on my own knowledge and, if called as a witness, could and would testify competently to the matters stated herein.

2. On July 16, 2009, I met and conferred by telephone with Alina Sorkin, Esq., counsel for Third Party Plaintiffs, Yerkin Bektayev and Kanet Meirmanov, in the above-entitled action. At that time I explained the basis for the present Rule 12(b) motion to dismiss, including the insufficiency of service of process on my clients in this case. A true and correct copy of my July 16, 2009, letter to Ms. Sorkin is attached hereto as **Exhibit 7**. When we discussed the insufficient service on my clients of the Verified Amended Third Party Complaint and asked whether she would be re-serving the same on my clients, Ms.

2

**DECLARATION OF PAUL A. HOFFMAN, ESQ. IN SUPPORT OF
MOTION TO DISMISS AMENDED THIRD-PARTY COMPLAINT**

Sorkin said she would not. She has not attempted to correct the deficient service on my clients by employing one of the methods authorized by Fed.R.Civ.P. 4(f).

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this Declaration was executed on this 16th day of July, 2009, at Santa Ana, California.

*Paul A. Hoffman*
PAUL A. HOFFMAN

## GREENWALD & HOFFMAN, LLP

ATTORNEYS AT LAW
1851 E. FIRST STREET
SUITE 860
SANTA ANA, CALIFORNIA 92705-4039
WEBSITE: www.ghlaw.us

TELEPHONE
714/285-0025

FACSIMILE
714/285-0028

July 16, 2009

**_Via First Class Mail; Facsimile (949) 502-0274;_**
**_and email alinasorkin@yahoo.com_**

Alina Sorkin, Esq.
Sorkin Law Group, APLC
16485 Laguna Canyon Rd Ste 230
Irvine, CA 92618

      Re:    Yerkin Bektayev, Kanet Meirmanov vs. Asian Pacific Oil,
               et.al. United States District Court Central District of California
               Case No. SA-CV-09-00059 JVS (MLGX)

Dear Alina:

      This office specially represents the third-party defendants, Asia Pacific Oil & Gas Ltd. (erroneously sued as Asian Pacific Oil & Gas Ltd.), Adilzhan Dzhakishev (erroneously sued as Adilgan Dzhakishev), and Amirzhan Jakishev (erroneously sued as Amirgan Dzhakishev), in the above-referenced matter.

      This letter confirms our efforts to meet and confer regarding a motion to dismiss that my clients intend to file in this case, pursuant to Local Rule 7-3 and FRCP Rule 12(b). In our telephone conversation today, I explained to you that my firm will specially appear by way of a Rule 12(b) motion to dismiss based upon the following grounds:

1) Insufficient service on my clients because the proof of service states they were served by mail at a residence where they do not reside, so they were never properly served with the third-party complaint. (Fed. R. Civ. Proc. 12(b)(5).) I asked you to re-serve them properly if you wish to maintain a lawsuit against them, but you refused.

2) Lack of personal jurisdiction over my clients in California courts because they are not California residents or citizens and they do not maintain minimal contacts with California that would justify haling them into court here. (Fed. R. Civ. Proc. 12(b)(2).) You disagreed with my clients' claim of lack of personal jurisdiction.

EXHIBIT 7

**GREENWALD & HOFFMAN, LLP**
ATTORNEYS AT LAW

3) Failure to state of claim upon which relief may be granted because the third-party complaint does not contain any allegations against my clients sufficient to state a cause of action. (Fed. R. Civ. P. 12(b)(6).) Specifically, I told you there are no substantive allegations, for instance, to support a claim of securities fraud or for any of the Counts 1 through 6 against my clients. Initially, you conceded in our telephone conversation that the only facts you were aware of against my clients involved fraudulent transfer. But when I asked you to agree to withdraw Counts 1 through 6 against my clients, for lack of any factual allegations to support those claims, you refused.

4) Lack of subject matter jurisdiction because, once the federal securities claim drops out, there is no federal question or diversity jurisdiction upon which to base the pendent state claims. (Fed. R. Civ. Proc. 12(b)(1); 28 U.S.C. Sec. 1367(c).) Again, you disagreed, and refused to withdraw any claims or parties from this case.

Additionally, we discussed the possibility that your failure to voluntarily dismiss my clients from this lawsuit may subject you and/or your clients to Rule 11 sanctions.

Please contact me immediately if you wish to further discuss these matters, or, in the alternative, please send me a voluntary dismissal as to each of my clients.

Thank you.

Very truly yours,

GREENWALD & HOFFMAN, LLP

Paul A. Hoffman

cc: Paul E. Greenwald, Esq.
clients

EXHIBIT 7