UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-00059-JVS (MLGx) | Date | August 10, 2009 |
| Title | Kazenercom Too, et al v. Turan Petroleum, Inc., et al | | |

Present: The Honorable    James V. Selna

| Karla Tunis | Deborah Parker |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Alina Sorkin | Rick Augustina    James Ryan |
| | Michael Lindsay    Paul Hoffman |
| | Russell Fisk    Stephen Shaw |

**Proceedings:**    Defendant Vanetik's Motion to Dismiss (Fld 7-17-09)

Defendant Freemen Freeman Smiley's Motion to dismiss 3rd Party Complaint and cross claim (Fld 7-17-09)

**Cause called and counsel make their appearances. The Court's tentative ruling is issued. Counsel make their arguments. The Court GRANTS IN PART the motions referenced above and rules in accordance with the tentative ruling as follows:**

Defendant Anatoly Vanetik ("Vanetik") moves to dismiss the Verified Second Amended Complaint (the "SAC," Docket No. 237) on a number of grounds, most notably under Federal Rules of Civil Procedure 12(b)(6) and (e). Third-party defendant Freeman, Freeman & Smiley ("FFS") move to dismiss the Verified Amended Third-Party Complaint and Cross-Claim (the "Amended TPC," Docket No. 238) pursuant to Rules 12(b)(6) and (f). Plaintiffs Kazenercom TOO, <u>et al.</u> (collectively, "Kazenercom") oppose these motions. The Court GRANTS these motions under Rules 129(b)(6) and (e); dismisses the federal claims in the SAC and the Amended TPC with prejudice as to all defendants and third-party defendants, respectively; and declines to exercise supplemental jurisdiction over all remaining state claims pursuant to 28 U.S.C. § 1367(c). All other relief is DENIED as moot.

I.    <u>Background</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 09-00059-JVS (MLGx)                                Date   August 10, 2009

Title   Kazenercom Too, et al v. Turan Petroleum, Inc., et al

      Kazenercom filed this action in the U.S. District for the District of Columbia (the "D.C. Court") on August 4, 2008.  (Docket No. 1.)  The initial complaint was thirty-four pages, alleging ten state law claims and only two federal claims – one under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., the other under federal securities laws, 15 U.S.C. § 77a et seq.  The D.C. Court found this "rambling complaint . . . so bewildering and incoherent as to render a reasonable interpretation all but futile."  (Docket No. 52, at 2, internal quotation marks omitted.)

      After the D.C. Court took "the unusual step of issuing an order denying plaintiffs' motions for the Court to take judicial notice and admonishing counsel for both sides to be civil and to comply with the governing rules of procedure," Kazenercom filed its eighty-one-page Verified First Amended Complaint (the "FAC," Docket No. 50).  The D.C. Court found that the FAC did "little, if anything, to clarify the confusing nature of plaintiffs' claims."  (Docket No. 52, at 3.)  The D.C. Court castigated Kazenercom still further, observing that "[d]espite the obvious tactical advantage that plaintiffs should have gained by waiting to file a dramatically expanded set of allegations until all of defendants' arguments for dismissal had been set forth, <u>plaintiffs are still unable to provide a comprehensible statement of facts to support their blunderbuss approach to the law, nor have they succeeded in curing the many obvious problems identified in defendants' motions</u>."  (<u>Id.</u> at 3-4, emphasis supplied.)  However, rather than dismissing the FAC under Rule 12(b)(6), the D.C. Court transferred the case to this Court on December 19, 2008.  (Docket No. 53.)

      Thus, by the time this Court took up the matter, Kazenercom was clearly on notice as to the many and varied deficiencies of the FAC.  But Kazenercom made no effort to amend the FAC.  Instead, on March 16, 2009, Kazenercom filed a sixty-two-page Verified Third-Party Complaint and Counter Claim (the "TPC," Docket No. 109) against, inter alia, FFS.  Notably, the Amended TPC merely recycled large portions of the factual allegations of the underlying complaint, thereby compounding the "blunderbuss" of allegations before this Court.  When the FAC and the TPC were subsequently challenged, the Court found another descriptive term to characterize Kazenercom's pleadings: "shotgun" complaints.  (Docket No. 229.)  The Court found that such pleadings, which "'incorporate every antecedent allegation by reference into each subsequent claim for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-00059-JVS (MLGx) | Date | August 10, 2009 |
| Title | Kazenercom Too, et al v. Turan Petroleum, Inc., et al | | |

relief,'"[1] and for which courts "'must match the statements up with the reasons they are false or misleading,'"[2] must be dismissed under Rule 12(e).  The Court further noted that "the toleration of [such] complaints . . . 'does great disservice to the administration of civil justice,'"[3] and specifically instructed Kazenercom to "comply with Federal Rule of Civil Procedure 9(b) where applicable, and [to] detail each defendant's specific conduct which made the defendant liable under each specific theory advanced."  (Id. at 3.)

After being reprimanded for its incomprehensible pleadings by two courts, and after multiple opportunities to comply with federal pleading requirements, Kazenercom has filed a sixty-seven-page SAC and fifty-seven-page Amended TPC.  Presently before the Court are various challenges, many of them repeated from earlier motions, to the SAC and the Amended TPC.

II.     Motion to Dismiss the Verified Second Amended Complaint

The Court takes up the SAC before turning to the Amended TPC.  Although Vanetik challenge the SAC on a number of grounds, the Court need not consider all of their arguments because the SAC must be dismissed based on a few fatal defects, as set forth below.

A.     Failure to Provide a More Definite Statement

First, the Court must dismiss the SAC under Rule 12(e) because it remains, by and large, a "shotgun" complaint.  While the SAC is in technical compliance with a portion of the Court's previous order dismissing the FAC, because it purports to "incorporating only those allegations which apply to each claim," it is not a substantial improvement over the FAC.  (Docket No. 299, at 2.)  The SAC spans sixty-seven pages and includes 316 paragraphs.  It thus remains, in substance, what the D.C. Court criticized as a "blunderbuss approach," and what the Eleventh Circuit in Anderson v. District Board of

---

[1] Docket No. 229, at 1 n.1, quoting Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1279 (11th Cir. 2006).

[2] Id., quoting In re Autodesk, Inc. Sec. Litig., 132 F. Supp. 2d 833, 842 (N.D. Cal. 2000).

[3] Id. at 3, quoting Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1332 (11th Cir. 1998).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-00059-JVS (MLGx) | Date | August 10, 2009 |
| Title | Kazenercom Too, et al v. Turan Petroleum, Inc., et al | | |

Trustees of Central Florida Community College, 77 F.3d 364 (11th Cir. 1996), dismissed as a "shotgun" complaint. The most egregious examples of this defect are as follows:

- the first claim, incorporating 195 paragraphs (SAC ¶ 196);

- the second claim, incorporating 162 paragraphs (id. ¶ 212);

- the third claim, incorporating 168 paragraphs (id. ¶ 226);

- the seventh claim, incorporating 181 paragraphs (id. ¶ 256);

- the eighth claim, incorporating 263 paragraphs (id. ¶ 262);

- the ninth claim, incorporating 166 paragraphs (id. ¶ 267);

- the tenth claim, incorporating 168 paragraphs (id. ¶ 281);

- the eleventh claim, incorporating 168 paragraphs (id. ¶ 287); and

- the twelfth claim, incorporating 168 paragraphs (id. ¶ 292).

Although the Court recognizes that complex claims may require the incorporation of large volumes of text, the Court finds scant evidence that Kazenercom made any bona fide attempt to streamline the SAC in accordance with the Court's previous order dismissing the FAC. Most troubling is the lack of particularity this "shotgun" approach of incorporation entails, in contravention of this Court's previous order that Kazenercom "comply with Federal Rule of Civil Procedure 9(b) where applicable." (Docket No. 229, at 3.) As discussed below, Rule 9(b) is applicable to the first claim for RICO violations and the second claim for securities law violations. Even if the Court presumes the factual particularity of the 195 paragraphs incorporated into the first claim, and the 162 paragraphs incorporated into the second claim, these paragraphs are not connected to the claims in any meaningful way. In Wagner, the Eleventh Circuit specifically held that a securities claim failed to satisfy Rule 9(b) because "the factual particularity of the first 175 paragraphs [was] not connected to the otherwise generally pled claim in any meaningful way." 464 F.3d at 1279.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 09-00059-JVS (MLGx)                               Date   August 10, 2009

Title   Kazenercom Too, et al v. Turan Petroleum, Inc., et al

    Accordingly, Kazenercom is not in substantial compliance with the Court's previous order dismissing the FAC. Rule 41(b) allows a defendant to move to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). Vanetik moves, inter alia, for dismissal under Rule 41(b). The Court finds that, even if dismissal is not warranted under Rule 41(b), it is nonetheless warranted, at a minimum, under Rule 12(e). Fed. R. Civ. P. 12(e) ("If the court orders a more definite statement and the order is not obeyed . . . , the court may strike the pleading or issue any other appropriate order.").

    B.    Failure to State a Claim

    The Court must also dismiss the first and the second claims – the only two federal claims – under Rule 12(b)(6) as to all defendants. Based on the discussion of supplemental jurisdiction in the next Section, the Court need not consider whether the other claims in the SAC are also inadequately pled.

    1.    Legal Standard

    Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Where the heightened pleading standard of Rule 9(b) does not apply, the complaint "need only satisfy the Rule 8(a) notice pleading standard . . . to survive a Rule 12(b)(6) dismissal." Edwards v. Marin Park, Inc., 356 F.3d 1058, 1062 (9th Cir. 2004). A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

    In resolving a 12(b)(6) motion under Rule 8(a) and Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 1950. This determination is context-specific, requiring the Court to draw

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-00059-JVS (MLGx) | Date | August 10, 2009 |
| Title | Kazenercom Too, et al v. Turan Petroleum, Inc., et al | | |

on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

Rule 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The rule "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir. 1991). In other words, "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). In addition, a complaint must "set forth an explanation as to why the statement or omission complained of was false and misleading." In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir.1994) (en banc), superseded by statute on other grounds as stated in In re Silicon Graphics, Inc., 970 F. Supp. 746, 754 (N.D. Cal. 1997).

    2.    Discussion

        a.    First Claim: RICO Violations

At bottom, the first claim in the SAC alleges a substantive RICO offense and a RICO conspiracy. In pertinent part, the RICO statute provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). The elements of a RICO offense are: "(1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Turner v. Cook, 362 F.3d 1219, 1228 (9th Cir. 2004). Here, the SAC lacks well-pleaded factual allegations that plausibly give rise to a RICO offense.

Most notably, Kazenercom has not adequately pled the RICO "enterprise." RICO defines "enterprise" to include "any individual, partnership, corporation, association, or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-00059-JVS (MLGx) | Date | August 10, 2009 |
| Title | Kazenercom Too, et al v. Turan Petroleum, Inc., et al | | |

other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). "The enterprise is an entity, for present purposes a group of persons associated together for a common purpose of engaging in a course of conduct." United States v. Turkette, 452 U.S. 576, 583 (1981). An enterprise "is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." Turkette, 452 U.S. at 583. For analytical purposes in particular, albeit with conditions for evidentiary purposes, the Supreme Court recently made "clear that an enterprise 'is an entity separate and apart from the pattern of activity in which it engages.'" Boyle v. United States, 129 S. Ct. 2237, 2249 (2009) (quoting Turkette, 452 U.S. at 583).

Based on this understanding, it is not clear from the SAC who or what comprises the alleged "enterprise." As discussed above, the RICO claim incorporates 195 paragraphs of allegations, which allege various stock manipulations, fraudulent stock transfers, and even murder attempts by various parties. (SAC ¶ 196.) But it is unclear for pleading purposes how all these parties were associated and working toward a common purpose. The incorporated facts are also not integrated into the first claim in any coherent fashion. The allegations in the RICO claim itself are not well-pleaded, but rather are "supported by mere conclusory statements." Iqbal, 129 S. Ct. at 1949. Kazenercom merely asserts that the defendants were "acting as an enterprise" (SAC ¶ 199); that "[t]he enterprise has continued for more than four years, and it is still carrying on its illegal activities to this day" (id. ¶ 198); that the defendants shared in proceeds of various schemes "[a]s a part of the enterprise" (id. ¶ 200); and that "each Defendant received income from the enterprise in excess of the statutory minimum of $5,000" (id. ¶ 201). Moreover, "[a]llegations of fraud under section 1962(c) must identify the time, place, and manner of each fraud plus the role of each defendant in each scheme." Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 541 (9th Cir. 1989) (internal quotation marks omitted). As Vanetik correctly points out, "[t]he only relationship Plaintiffs attempt to draw between the various Defendants is based on conclusory allegations of receipt of income by various Defendants from the ill-defined 'enterprise.'" (Mot. Br. 12, citing SAC ¶ 201(a)-(I).) This does not satisfy the requisite specificity under § 1962(c). Accordingly, the RICO offense claim lacks facial plausibility as well as sufficient particularity, and must therefore be dismissed.

The RICO conspiracy statute provides: "It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." 18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-00059-JVS (MLGx) | Date | August 10, 2009 |
|---|---|---|---|
| Title | Kazenercom Too, et al v. Turan Petroleum, Inc., et al | | |

U.S.C. § 1962(d).  "A conspirator must intend to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense, but it suffices that he adopt the goal of furthering or facilitating the criminal endeavor." Salinas v. United States, 522 U.S. 52, 65 (1997).  Accordingly, because the SAC does not properly set out the "enterprise" element of a substantive RICO offense, it cannot state a RICO conspiracy claim.

In light of Kazenercom's prior opportunities to replead, the Court therefore dismisses the first claim with prejudice.

### b. Second Claim: Securities Law Violations

The second claim also reflects the "blunderbuss" and "shotgun" approach to pleading.  Here, Kazenercom alleges a series of securities law violations in rapid succession:

- "Defendants violated S.E.C. Rule 144 together with 15 U.S.C. §78j, 78t, 78i, 77l, 77o, 78k and 78t-1 by engaging in the prohibited activities with respect to the publicly traded securities" (SAC ¶ 217);

- "Defendants further engaged in conduct that is prohibited pursuant to §10(b) and 20(a) of the Securities Exchange Act [15 U.S.C. §78j(b), 78t(a)] and Rule 10b-5 promulgated by the S.E.C. [17 C.F.R. §240.10b-5] and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §77z-1" (id. ¶ 220); and

- "Defendants' conduct further involved violations under 15 U.S.C. §78i (Manipulation of security prices), §78j (Manipulative and deceptive devices), §78t (Liability of controlling persons and persons who aid and abet violations), §77I, (Civil liabilities arising in connection with prospectuses and communications), §78k (Trading by members of exchanges, brokers and dealers), §78r (Liability for misleading statements), §78t-1 (Liability to contemporaneous traders for insider trading), and S.E.C. Rule 144" (id. ¶ 221).

The legal grounds for this securities claim are not only presented in summary fashion, but

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 09-00059-JVS (MLGx)                           Date  August 10, 2009

Title  Kazenercom Too, et al v. Turan Petroleum, Inc., et al

the allegations are themselves largely redundant. Such an approach to pleading is highly abusive, both to the opposing parties and to the Court. Indeed, this Court is not the first to experience frustration with an unwieldy, superficial complaint alleging securities fraud. In Autodesk, 132 F. Supp. 2d at 842 (N.D. Cal. 2000), the court "[was] unwilling . . . to search through the 51-page [Consolidated Amended Complaint] as plaintiffs' counsel suggested, and also [found] that it would be unfair to compel defendants to do so." Here, the SAC is sixty-seven pages. As the Ninth Circuit observed in GlenFed, 42 F.3d at 1554, "[a] complaint is not a puzzle . . . and we are loathe to allow plaintiffs to tax defendants, against whom they have leveled very serious charges, with the burden of solving puzzles in addition to the burden of formulating an answer to their complaint." This criticism applies with equal vigor to the SAC, in general, and the second claim, in particular.

In the related context of securities class action complaints, courts have repeatedly lamented plaintiffs' tendency to place "the burden . . . on the reader to sort out the statements and match them with the corresponding adverse facts to solve the 'puzzle' of interpreting Plaintiffs' claims." In re Oak Tech. Sec. Litig., No. 96-20552 SW, 1997 WL 448168, at *5 (N.D. Cal. Aug. 1, 1997); see also Williams v. WMX Technologies, Inc., 112 F.3d 175, 178 (5th Cir. 1997) ("A complaint can be long-winded, even prolix, without pleading with particularity. Indeed, such a garrulous style is not an uncommon mask for an absence of detail. The amended complaint here, although long, states little with particularity."); GlenFed, 42 F.3d at 1554 ("Complaints fashioned as this one is are an unwelcome and wholly unnecessary strain on defendants and on the court system."); May v. Borick, No. CV 95-8407 LGB (EX), 1997 WL 314166, at *8 (C.D. Cal. Mar. 3, 1997) ("[The complaint's] organization obfuscates rather than clarifies. Plaintiff's failure to address defendants' allegedly misleading statements individually, or even by category, and to state why each statement, or category of statements is misleading, renders this Court's task, and the task of the defendants, excessively difficult."); In re Conner Peripherals, Inc., No. C-95-2244 MHP, 1996 WL 193811, at *1 (N.D. Cal. 1996) ("The complaint as written requires the court to excavate for actionable claims. . . . Judicial resources are too scarce and worthy cases too pressing for a court to spend its time rooting around in bloated complaints drafted by experienced lawyers for a handful of actionable allegations."); Strassman v. Fresh Choice, No. C-95-20017 RPA, 1995 WL 743728, at *4 (N.D. Cal. Dec.7, 1995) ("The FAC's deficiencies do not stem simply from its length, but rather from its requirement that the reader find the needle in the haystack.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-00059-JVS (MLGx) | Date | August 10, 2009 |
| Title | Kazenercom Too, et al v. Turan Petroleum, Inc., et al | | |

Moreover, the securities claim must be pled with particularity not only under Rule 9(b) but also under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The PSLRA requires first, that the complaint must specify each statement alleged to have been misleading, and the reasons why that statement is misleading. 15 U.S.C. § 78u-4(b)(1). Second, as to allegations made upon information and belief, the complaint must "state with particularity all facts" on which the belief is formed. Id. Finally, as to "each" allegedly misleading statement, the complaint must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u- 4(b)(2); see also In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 979 (9th Cir. 1999).

PSLRA is a more exacting standard than Rule 9(b) for claims alleging securities law violations. Marksman Partners, L.P. v. Chantal Pharm. Corp., 927 F. Supp. 1297, 1309 (C.D. Cal. 1996) ("The PSLRA leaves little doubt, however, that the lenient GlenFed standard can no longer be said to constitute the sum of scienter pleading requirements in a Section 10(b) and Rule 10b-5 case."). Even so, because "the factual particularity of the [162 incorporated] paragraphs is not connected to the otherwise generally pled claim in any meaningful way," the second claim cannot even satisfy the minimum Rule 9(b) requirements for a securities claim. Wagner, 464 F.3d at 1279.

Accordingly, the Court also dismisses the second claim with prejudice.

    C.    Supplemental Jurisdiction Over State Law Claims

In this papers, Vanetik urged the Court to decline to exercise supplemental jurisdiction over the state law claims in the SAC. At oral argument, Vanetik's counsel then changed course and asked the Court to exercises such jurisdiction.

Under 28 U.S.C. § 1367(c)(3), the Court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." Here, having dismissed the only two federal claims with prejudice, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. See, e.g., Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). The Court believes that declining to exercise jurisdiction serves the principles of economy, convenience, fairness, and comity. Int'l College of Surgeons, 522 U.S. 156, 172-73 (1997). Economy and convenience are served because, as the parties have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-00059-JVS (MLGx) | Date | August 10, 2009 |
|---|---|---|---|
| Title | Kazenercom Too, et al v. Turan Petroleum, Inc., et al | | |

frequently apprised the Court, related litigation is pending in various state courts, including here in California. Thus, Kazenercom is not without a remedy because it can continue to pursue its state law claims in state court. It makes little sense to duplicate those efforts by retaining jurisdiction over state law claims in this Court.

Accordingly, the Court also dismisses Kazenercom's state law claims under § 1367(c). The SAC is thus dismissed in its entirety as to all Defendants.

All told, the SAC represents Kazenercom's third bite at the apple. The original complaint was challenged while this case was pending before the D.C. Court. Thus, Kazenercom was on notice of its pleading defects, and filed the FAC in response. Kazenercom was again notified of its pleading defects when the D.C. Court transferred the case before this Court. But Kazenercom took no action to amend its "blunderbuss approach." After this Court dismissed the FAC as a "shotgun" complaint, Kazenercom was afforded yet another opportunity to address the defects in its pleading. The Court finds that three attempts are quite enough and, therefore, dismisses the SAC, with prejudice as to the two federal claims, and without prejudice as to the remaining state law claims.

III.    <u>Motion to Dismiss the Verified Amended Third-Party Complaint</u>

With this background, the Court now turns to the Amended TPC.

   A.    <u>Failure to Provide a More Definite Statement</u>

At the outset, the Court must dismiss the Amended TPC under Rule 12(e) because, much like the SAC, it largely remains a "shotgun" complaint. Although each claims incorporates prior allegations more narrowly then before, it still do so in "blunderbuss" terms. Most notably, the first claim incorporates 145 paragraphs of allegations that are not well pleaded and rather long winded. Indeed, the Amended TPC spans fifty-seven pages and includes 242 paragraphs.

Accordingly, for the reasons set forth above, the Court has grounds to dismiss the Amended TPC under Rule 12(e). The Amended TPC is also defective in other respects, as set forth below.

Case 8:09-cv-00059-JVS-MLG   Document 272   Filed 08/10/09   Page 12 of 13   Page ID #:6550

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 09-00059-JVS (MLGx)                               Date   August 10, 2009

Title   Kazenercom Too, et al v. Turan Petroleum, Inc., et al

  B. <u>Failure to State a Claim and Supplemental Jurisdiction</u>

  The Court finds that the first claim in the Amended TPC recycles many of the same fatal defects that led this Court to dismiss the securities claim of the SAC under Rule 12(b)(6). (<u>Compare</u> Amended TPC ¶¶ 170, 171, 173-75, <u>with</u> SAC ¶¶ 217-18, 220-22.) As discussed above, paragraphs 170, 173, and 174 of the Amended TPC are particularly problematic. As a whole, the Amended TPC reflects the same "blunderbuss approach" of the SAC and the same "puzzle" pleading style so sharply criticized throughout the case law. <u>See</u> discussion <u>supra</u> Subsection II.B.2.b.

  The Court therefore dismisses this claim in the Amended TPC, and declines to exercise supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367(c), for the same reasons set forth above. The SAC is dismissed as to all third-party defendants, and the Court need not consider FFS's additional arguments. The Court finds that, as with the SAC, Kazenercom has failed to properly plead the Amended TPC despite ample opportunity to do so. The Court therefore dismisses the Amended TPC, with prejudice as to the federal claim, and without prejudice as to the remaining state law claims.

IV. <u>Conclusion</u>

  For the foregoing reasons, the Court GRANTS these motions under Rules 129(b)(6) and (e); dismisses the federal claims in the SAC and the Amended TPC with prejudice as to all defendants and third-party defendants, respectively; and declines to exercise supplemental jurisdiction over all remaining state claims pursuant to 28 U.S.C. § 1367(c). The resources of this Court are not infinite. Kazenercom has had a fair opportunity to prevent its federal claims in proper form but has been unwilling or unable to do so. All other relief is DENIED as moot.

  As set forth at oral argument, the Court will entertain additional briefing on the issue of the interpleader funds held pursuant to Docket No. 187. In light of this Order, the Court DENIES as moot the challenge to the SAC under Rules 12(b)(1), (4), (5), and (6) brought by defendants Askar Karabayev, Naum Voloshin, Timur Koichumanov, and Alex Striganov. (Docket Nos. 256-59.) Similarly, the Court DENIES as moot the challenge to the Amended TPC under Rules 12(b)(1), (2), (5), and (6) brought by third-party defendants Asia Pacific Oil & Gas Ltd. ("Asia Pacific"), Adilzhan Dzhakishev

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 09-00059-JVS (MLGx)                    Date August 10, 2009

Title    Kazenercom Too, et al v. Turan Petroleum, Inc., et al

("Dzhakishev"), and Amirzhan Jakishev ("Jakishev").[4] (Docket No. 255.)

**The Court directs the moving parties to prepare, serve and submit proposed 54(b) judgments.**

**The Court and counsel confer regarding the interpleader funds. The Court directs the parties to submit, within 10 days, simultaneous briefs, of not more than 15 pages, regarding both the practical and legal issues of the interpleader funds. Any replies to those initial briefs shall be submitted with 7 days after the filing of the initial briefs.**

                                                           0    :   25

                                       Initials of Preparer   kjt

---

[4] The Court assumes that Dzhakishev and Jakishev were erroneously sued as third-party defendants Adilgan Dzhakishev and Amirgan Dzhakishev, respectively.