UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 19 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KAZENERCOM TOO; et al., | No. 09-56329 |
| Plaintiffs - Appellants | D.C. No. 8:09-cv-00059-JVS-MLG |
| v. | U.S. District Court for Central California, Santa Ana |
| IBAR DEVELOPMENT, LLC; et al., | **MANDATE** |
| Defendants - Appellees | |
| and | |
| YERKIN AKKUZOV; et al., | |
| Third-party-defendant - Appellees | |
| WELLS FARGO BANK NA, | |
| Third-party-defendant | |



RECEIVED
CLERK, U.S. DISTRICT COURT

JAN 19 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY

| | |
|---|---|
| KAZENERCOM TOO; et al., | No. 10-55458 |
| Plaintiffs - Appellees, | D.C. No. 8:09-cv-00059-JVS-MLG |
| YERKIN BEKTAYEV, | U.S. District Court for Central California, Santa Ana |
| Plaintiff-counter-defendant - | |

Appellee,

v.

ANATOLY VANETIK, ("TONY"),

    Defendant - Appellant.

---

IBAR DEVELOPMENT, LLC; et al.,

    Defendants,

TURAN PETROLEUM, INC.,

    Defendant-counter-defendant,

and

KANET MEIRMANOV,

    Plaintiff-third-party-plaintiff,

and

YERKIN AKKUZOV; et al.,

    Third-party-defendant.

---

BERIK BEKTAY,

    Plaintiff - Appellant,

YERKIN BEKTAYEV; KANET MEIRMANOV,

No. 10-55922

D.C. No. 8:09-cv-00059-JVS-MLG
U.S. District Court for Central California, Santa Ana

Plaintiff-counter-defendant-third party plaintiff - Appellants,

and

KAZENERCOM TOO; et al.,

Plaintiffs,

v.

TURAN PETROLEUM, INC.,

Defendant-counter-defendant - Appellee,

and

TREK RESOURCES, INC.; et al.,

Defendants,

and

YERKIN AKKUZOV; et al.,

Third-party-defendants.

The judgment of this Court, entered December 27, 2011, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:
Molly C. Dwyer
Clerk of Court

Synitha Walker
Deputy Clerk



**NOT FOR PUBLICATION**

**FILED**

**DEC 27 2011**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAZENERCOM TOO; et al., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> IBAR DEVELOPMENT, LLC; et al., <br><br> Defendants - Appellees, <br><br> and <br><br> YERKIN AKKUZOV; et al., <br><br> Third-party-defendant - Appellees, | No. 09-56329 <br><br> D.C. No. 8:09-cv-00059-JVS-MLG <br><br><br> MEMORANDUM* |
| WELLS FARGO BANK NA, <br><br> Third-party-defendant. | |
| KAZENERCOM TOO; et al., <br><br> Plaintiffs - Appellees, | No. 10-55458 <br><br> D.C. No. 8:09-cv-00059-JVS-MLG |

  *  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| YERKIN BEKTAYEV,<br><br>        Plaintiff-counter-defendant - Appellee,<br><br>v.<br><br>ANATOLY VANETIK, ("TONY"),<br><br>        Defendant - Appellant,<br><br>―――――――――――――<br><br>IBAR DEVELOPMENT, LLC; et al.,<br><br>        Defendants,<br><br>TURAN PETROLEUM, INC.,<br><br>        Defendant-counter-defendant,<br><br>and<br><br>KANET MEIRMANOV,<br><br>        Plaintiff-third-party-plaintiff,<br><br>and<br><br>YERKIN AKKUZOV; et al.,<br><br>        Third-party-defendant. | |
| BERIK BEKTAY, | No. 10-55922 |

2

|   |   |
|---|---|
| Plaintiff - Appellant,<br><br>YERKIN BEKTAYEV; et al.,<br><br>    Plaintiff-counter-defendant-third party plaintiff - Appellants,<br><br>and<br><br>KAZENERCOM TOO; et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>TURAN PETROLEUM, INC.,<br><br>    Defendant-counter-defendant - Appellee,<br><br>and<br><br>TREK RESOURCES, INC.; et al.,<br><br>    Defendants,<br>and<br><br>YERKIN AKKUZOV; et al.,<br><br>    Third-party-defendants. | D.C. No. 8:09-cv-00059-JVS-MLG |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

3

Argued and Submitted December 8, 2011[**]
Pasadena, California

Before: PREGERSON and PAEZ, Circuit Judges, and JONES, District Judge.[***]

We address three related appeals arising from an asset purchase transaction between Kazenercom TOO ("Kazenercom") and its affiliates on one hand, and Turan Petroleum, Inc. ("Turan") and its affiliates on the other.

I

Kazenercom and its affiliates appeal the district court's dismissal with prejudice of their Verified Second Amended Complaint ("SAC") and Verified Amended Third-Party Complaint ("ATPC") pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e). We review the Rule 12(e) dismissals for abuse of

---

[**] Case Nos. 09-56329 and 10-55458 were argued and submitted December 8, 2011. This panel unanimously concludes Case No. 10-55922 is suitable for decision without oral argument, and that case is therefore submitted without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James P. Jones, United States District Judge for the Western District of Virginia, sitting by designation.

4

discretion, and review de novo the Rule 12(b)(6) dismissals. We vacate the dismissals and remand with leave to amend.¹

In dismissing the complaints pursuant to Rule 12(e), the district court stated that "even if dismissal is not warranted under Rule 41(b), it is nonetheless warranted, at a minimum, under Rule 12(e)." In so concluding, the district court committed legal error by failing to consider whether dismissal was warranted under Federal Rule of Civil Procedure 41(b). *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) ("In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors . . . ."). In this case, the Rule 41(b) factors weigh decisively against dismissal. Dismissal here is particularly harsh given the viability of Kazenercom's RICO claims. In addition, the district court failed to consider less severe alternatives after it found that Kazenercom failed to comply with its Rule 12(e) order. Nothing in the record suggests, moreover, that the complaints impeded the court's ability to manage its

---

¹ Kazenercom filed motions for judicial notice in this appeal on May 26, 2010 and April 26, 2011. We take judicial notice of the documents referenced in the May 26, 2010 motion because they arise from the two related appeals, Nos. 10-55458 and 10-55922. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). We decline to take judicial notice of the documents in the April 26, 2011 motion because they are irrelevant to the issues on appeal. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

docket or prejudiced the defendants. Because the district court overlooked these factors, we must vacate the Rule 12(e) dismissals.

Next, the district court erroneously dismissed the federal RICO claims in the SAC under Rule 12(b)(6). Although we are not unsympathetic to the district court's tedious task of weeding through the operative complaint, we conclude that the SAC adequately pleads a civil RICO offense and RICO conspiracy. 18 U.S.C. §§ 1962(c), (d). Taking as true the factual allegations and reasonable inferences, the SAC alleges the conduct of an enterprise through a pattern of racketeering activity, and a conspiracy to do the same. *See Odom v. Microsoft Corp.*, 486 F.3d 541, 545 (9th Cir. 2007) (en banc). We therefore vacate the dismissal of the federal RICO claims.

The district court correctly found, however, that the SAC and the ATPC fail to state a claim under the federal securities laws. First, with respect to the alleged misrepresentation concerning Kazenercom's majority stake in Turan, both complaints fail to plead the circumstances of fraud with particularity. *See* 15 U.S.C. § 78u-4(b); Fed. R. Civ. P. 9(b); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990-91 (9th Cir. 2009). Second, with respect to the alleged misrepresentation concerning Turan's stock price, the complaints fail to allege loss causation. *See In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th

6

Cir. 2008). Third, the complaints fail to state an insider trading claim because they do not allege with particularity that any plaintiff bought or sold Turan stock contemporaneously with the alleged insiders. *See Neubronner v. Milken*, 6 F.3d 666, 670 (9th Cir. 1993). Accordingly, the district court properly dismissed these claims.[2]

The district court abused its discretion, however, in denying leave to amend the SAC and ATPC. Because the Verified First Amended Complaint and the Verified Third-Party Complaint were the only complaints that any court previously had dismissed, the SAC and ATPC each constitute only the first failure to cure the deficiencies identified by the district court. Under these circumstances, denial of leave to amend was improper. *Cf. Zucco Partners*, 552 F.3d at 1007 (affirming dismissal with prejudice after repeated failures to cure deficiencies).

We therefore vacate the dismissals of both complaints, and remand to the district court. Kazenercom and its affiliates shall have the opportunity to replead their federal securities law claims against all defendants. Taking into consideration any amended pleadings, and the well-pleaded RICO claims in the SAC, the district court must also reconsider whether to exercise supplemental jurisdiction over any

---

[2] To the extent the SAC and ATPC alleged other federal securities claims not addressed here, Kazenercom waived on appeal any dispute with the district court's dismissal of such claims.

7

state law claims. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 559, 564-65 (2005); *Shames v. California Travel and Tourism Comm'n*, 626 F.3d 1079, 1085 (9th Cir. 2010).

II

Vanetik appeals the district court's denial of sanctions against Kazenercom and its counsel under the PSLRA. Because some of Kazenercom's claims survive dismissal, the question of sanctions is not ripe for determination. 15 U.S.C. § 78u-4(c)(1). We therefore vacate the district court's order denying sanctions.

III

Yerkin Bektayev, Berik Bektay, and Kanet Meirmanov (collectively, "Bektayev") challenge the district court's grant of summary judgment in the interpleader action in favor of Turan. In particular, they argue that the district court erred in giving preclusive effect to the Nevada state court's summary judgment order finding that Bektayev and four colleagues (collectively, "Bektayev Board") never constituted the legitimate board of directors of Turan. We review de novo the district court's ruling on issue preclusion, and once we determine that it is

available, we review the decision to apply it for abuse of discretion. We affirm in both respects.[3]

The Nevada judgment satisfies the criteria for issue preclusion under Nevada law. *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008). First, the state and federal actions center on the same issue of which of the competing boards legally controls Turan. Bektayev waived any argument to the contrary by not raising it in the district court.

Second, the Nevada judgment was final and on the merits. Bektayev contends that the relevant judgment is the state court's prior interlocutory order finding that the Bektayev Board is illegitimate ("Interlocutory Order"). This argument has no merit. As Bektayev conceded in district court, the Nevada court's summary judgment order reiterated the Interlocutory Order's findings. Bektayev does not dispute that the Nevada court's summary judgment was final and on the merits.

Third, Bektayev was a party to the Nevada action. The record confirms that he presented arguments and evidence to show that the Bektayev Board was the

---

[3] Kazenercom filed motions for judicial notice in this appeal on May 24, 2011 and November 8, 2011. We decline to take judicial notice of these documents because they are irrelevant to the issues on appeal. *See Trigueros*, 658 F.3d at 987.

duly elected board of Turan. Further, the notice of appeal in the Nevada action was filed by Bektayev on behalf of Turan. *See Paradise Palms Cmty. Ass'n v. Paradise Homes*, 505 P.2d 596, 598 (Nev. 1973) ("A party . . . is one who is directly interested in the subject matter, and had a right to make defense, or to control the proceeding, and to appeal from the judgment." (internal quotation marks omitted)).

Fourth, the Nevada action was actually and necessarily litigated. Bektayev does not dispute that litigation was necessary. Rather, he asserts that he did not actually litigate his claim because (1) the Nevada court entered the Interlocutory Order without holding an evidentiary hearing or permitting discovery, and (2) subsequently entered summary judgment without giving Bektayev further notice or a hearing. But the exclusion of Bektayev after the Interlocutory Order is inconsequential because by that point he had already received a full and fair opportunity to argue that the Bektayev Board was legitimate. Moreover, whether Nevada law required the state court to permit discovery or an evidentiary hearing may be an issue for the Nevada Supreme Court, but it is not a matter for this court to decide. Absent any indication of the Nevada judgment's subsequent reversal, we accept it as valid. *See LaForge v. State, Univ. and Cmty. College Sys. of Nevada*, 997 P.2d 130, 134 n.4 (Nev. 2000).

Because the requirements for issue preclusion are met, we hold that the district court did not abuse its discretion in finding that the Nevada judgment precludes the argument that the Bektayev Board constitutes the legitimate board of Turan. We therefore affirm the district court's grant of summary judgment in favor of Turan.

In sum, in appeal No. 09-56329, we vacate the dismissals and remand with leave to replead. In No. 10-55458, we vacate the order denying sanctions as premature. In No. 10-55922, we affirm the grant of summary judgment.

**AFFIRMED in part, VACATED in part, and REMANDED for further proceedings consistent with this disposition. The parties shall bear their own costs on appeal.**