Paul A. Hoffman (Bar No. 146805)
John R. Flocken, (Bar No. 97137)
Paul Evan Greenwald (Bar No. 57162)
**GREENWALD & HOFFMAN, LLP**
1851 E. First Street, Suite 860
Santa Ana, California 92705-4039
Telephone No.:  (714) 285-0025
Facsimile No.:   (714) 285-0028

Attorneys Specially Appearing for Third-Party Defendants,
ASIA PACIFIC OIL & GAS LTD., a Seychelles
Islands entity, AMIRZHAN JAKISHEV, and
ADILZHAN DZHAKISHEV

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAZENERCOM TOO; ET AL.,<br><br>        Plaintiffs,<br><br>                v.<br><br>TURAN PETROLEUM, INC.; ET AL.,<br><br>        Defendants. | CIVIL ACTION No. 08:09cv00059-JVS<br>Assigned for all purposes to:<br>Hon. James V. Selna; Dept: 10C<br><br>Date Action Filed:   January 14, 2009<br>Trial Date:  None Set |
| TURAN PETROLEUM, INC.,<br><br>        Defendant and Counterclaimant,<br><br>                v.<br><br>YERKIN BEKTAYEV and KANET MEIRMANOV,<br><br>        Plaintiffs and Counterdefendant. | **SPECIALLY APPEARING THIRD PARTY DEFENDANTS ASIA PACIFIC OIL & GAS LTD., AMIRZHAN JAKISHEV, AND ADILZHAN DZHAKISHEV'S NOTICE OF MOTION AND MOTION TO DISMISS VERIFIED SECOND AMENDED THIRD-PARTY COMPLAINT OF YERKIN BEKTAYEV AND KANET MEIRMANOV FOR: (1) INSUFFICIENT SERVICE; (2) LACK OF PERSONAL JURISDICTION; (3) FAILURE TO STATE A CLAIM; AND (4) LACK OF SUBJECT MATTER JURISDICTION [Fed.R.Civ.Pro. 12(b)(1),(2),(5),(6); 28 U.S.C. §1367(c)]** |
| TURAN PETROLEUM, INC.,<br><br>        Defendant and Third-Party Plaintiff,<br><br>                v.<br><br>WELLS FARGO, N.A., YERKIN AKKUZOV, SABIRGAN DUHALIEV, IGOR MAXIMOV,<br><br>        Defendants in Third-Party Complaint. | [Filed concurrently with: [Proposed] Order; Declarations of Adilzhan Dzhakishev, Amirzhan Jakishev & John R. Flocken, Esq |

1

YERKIN BEKTAYEV and KANET
MEIRMANOV,

      Counterdefendants and Third-Party
Plaintiffs,

          v.

ASIA PACIFIC OIL & GAS  LTD.
(incorporated in the Seychells Islands);
AMIRGAN DZHAKISHEV, ADILZHAN
DZHAKISHEV, YURI VANETIK; ROBERT
VAN DUREN; ROBIN BISARYA; OKKE
FINANCIAL LTD.; ALCINA COMPANY
CORP., PINGTON INVESTMENT LTD.;
PINE BROOK S.A., HINES INVESTMENTS
S.A.; ESSEX MANAGERS LTD.; VARRIAL
FINANCIAL TRADING LTD.; COAST
FINANCE LTD.; FREEMAN FREEMAN
SMILEY LLP,

      Third-Party Defendants.

Date:      April 30, 2012
Time:     1:30 p.m.
Courtroom:  10C

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 30, 2012, at 1:30 p.m., in Courtroom 10C of the Southern Division of the United States District Court for the Central District of California, located at 411 West Fourth Street, Santa Ana, California 92701-4516, Specially Appearing Third-Party Defendants Asia Pacific Oil & Gas Ltd., a Seychelles Islands entity ("Asia Pacific"), Amirzhan Jakishev ("Amirzhan"), and Adilzhan Dzhakishev ("Adilzhan") will and hereby do move for an Order dismissing the Verified Second Amended Third-Party Complaint of Yerkin Bektayev and Kanet Meirmanov, pursuant to Fed.R.Civ.P., Rules 4 and12(b) and 28 U.S.C. Sec. 1367(c). The moving parties originally filed a Motion to Dismiss (E-Document No. 255) the original Amended Third Party Complaint of Yerkin Bektayev and Kanet Meirmanov, on the same grounds as the present motion, which was set for hearing on August 31, 2009 but, as a result of the Court's dismissal of the Complaint, the moving parties original Motion to Dismiss was rendered moot and not ruled upon.   The Ninth Circuit Court of Appeal affirmed the dismissal, but remanded the case to allow the Third Party Defendants to amend their complaint.  Third party Plaintiffs thereafter filed the Verified Second Amended Third Party Complaint, which was *merely*

2

*served by mail* on the Third Party Defendants' counsel, who had specially appeared to bring the original Motion to Dismiss.   A motion to dismiss is not a responsive pleading, and thus does not constitute an appearance , under F.R.Civ. Pro. Rule 7(a).  Thus, Third Party Defendants' original Motion to Dismiss was not an appearance, and service of the Verified Second Amended Third-Party Complaint of Yerkin Bektayev and Kanet Meirmanov, was required to be made pursuant to Fed.R.Civ.P., Rules 4 and 12(b) and 28 U.S.C. Sec. 1367(c).

This Motion is based on the following grounds:

1.   <u>Insufficient Service</u>.  Asia Pacific, Amirzhan, and Adilzhan are foreign citizens that are required to be served pursuant to Federal Rules of Civil Procedure, Rule 4.  Third-party Plaintiffs merely served the original Complaint on these third-party defendants by mail and by way of non-parties to this lawsuit, none of which methods were authorized by defendants or by applicable law.

2.   <u>Lack of Personal Jurisdiction</u>.  Asia Pacific, Amirzhan, and Adilzhan have insufficient contacts with California or the United States; they have not consented to personal jurisdiction within the United States; and they were not served in the United States or within this judicial district.   Based on a lack of contacts with the forum, forcing the third-party defendants to defend this action in the United States would be unfair, unduly burdensome, and unreasonable under the circumstances.

3.   <u>Failure to State a Claim</u>.  The first claim for RICO fails to state facts constituting a claim against third-party defendants Asia Pacific, Amirzhan, and Adilzhan.  The second claim for relief, violation of securities laws, fails to state a claim against third-party defendants Asia Pacific, Amirzhan, and Adilzhan because it fails to name them within the body of the count for securities violations and the elements of securities fraud are not alleged with the required specificity as to any of the defendants.  The claim for fraudulent transfer also fails to state a viable legal claim against them.

4.   <u>Lack of Subject Matter Jurisdiction</u>.  Since the federal claims fail to state a claim against these moving defendants, this Court lacks subject matter jurisdiction over the third-party defendants because the remaining claims are pendent state law claims over which this

3

Court has no original jurisdiction and because there is no diversity jurisdiction in this case against the moving defendants.

Conference of Counsel. Prior to making the original motion to dismiss, defendants counsel met and conferred with the previous attorney for the Third Party Plaintiffs, Alina Sorkin, Esq.  At that time the insufficient service of the Verified Amended Third Party Complaint was discussed with Third Party Plaintiffs' prior counsel and, when asked whether she would be properly serving the same on Third Party Defendants', Ms. Sorkin said she would not.   Prior to filing the present Motion to Dismiss, counsel for Third Party Defendants' made several attempts to contact the Third Party Plaintiffs' new attorney, John T. Schreiber, to discuss the subject of the deficient service of the original Verified Amended Third Party Complaint and improper service of the Verified Second Amended Third Party Complaint. To date, neither Ms. Sorkin nor the third party plaintiff's new attorney, John T. Schreiber, have attempted to correct the deficient service by employing one of the methods authorized by Fed.R.Civ.P. 4(f). (See Declaration of John. R. Flocken, Esq., filed concurrently with this Motion.)

This Motion is based on the Notice of Motion, the Motion, the Memorandum of Points and Authorities, the Declarations of Adilzhan Dzhakishev and Amirzhan Jakishev, and the exhibits attached thereto, the moving parties' original Motion to Dismiss (Doc. No. 255) and the Memorandum of Points and Authorities thereon, the Verified Second Amended Third-Party Complaint and Cross-Claim on file in this Action, the Court's file, and any other evidence or argument that the Court permits at or before the hearing.

Dated:  April 2, 2012                              GREENWALD & HOFFMAN, LLP


                                                   ___/s_____
                                                   John R. Flocken, Esq.
                                                   Paul A. Hoffman, Esq.
                                                   Attorneys Specially Appearing for Third-Party
                                                   Defendants ASIA PACIFIC OIL & GAS LTD., a
                                                   Seychelles Islands entity, AMIRZHAN
                                                   JAKISHEV, and ADILZHAN DZHAKISHEV

### MEMORANDUM OF POINTS AND AUTHORITIES

I.  **PROCEDURAL BACKGROUND AND SUMMARY OF ARGUMENT.**

A.  **Procedural Background.**

The original complaint in this case was filed on August 4, 2008. The original Verified Amended Third-Party Complaint against these moving Third Party Defendants, Asia Pacific Oil & Gas Ltd. ("Asia Pacific"), Amirzhan Dzhakishev ("Amirzhan"), and Adilzhan Jakishev ("Adilzhan") was not filed until at least March 16, 2009.  As explained below, the Amended Third Party Complaint was <u>never</u> validly served on these Third Party Defendants, Asia Pacific, Amirzhan, or Adilzhan.  Third Party Defendants, Asia Pacific, Amirzhan, or Adilzhan, therefore filed a Motion to Dismiss the Amended Third Party Complaint (E-Doc. No. 255), which was set for hearing on August 31, 2009.  However, at that time, as a result of the Court's dismissal of the Complaint, the Third Party Defendants' Motion to Dismiss the Amended Third Party Complaint was rendered moot, and not ruled upon.

Following an appeal to the Ninth Circuit Court of Appeal, that Court affirmed the dismissal of the securities claim in the Amended Third Party Complaint, but remanded the case in order to allow the Third Party Complainants to amend their complaint.  Thereafter, Yerkin Bektayev and Kanet Meirmanov, filed a Verified Second Amended Third-Party Complaint, which was ***merely served by mail*** on the Third Party Defendants' counsel, who had specially appeared to bring the original Motion to Dismiss.

Third Party Defendants' original Motion to Dismiss the Amended Third Party Complaint was not a responsive pleading, and therefore did not constitute a general appearance, under F.R.Civ.Pro. Rule 7(a).  Service of the Third Party Complainants' Verified Second Amended Third-Party Complaint was required to be affected as provided under applicable sections of F.R.Civ.Pro. Rule 4, as discussed below, and service thereof by ordinary mail on counsel only was improper and ineffective.  Third Party Defendants, Asia Pacific, Amirzhan, or Adilzhan, therefore renew their Motion to Dismiss for insufficient service of process of the Amended Third-Party Complaint and, by extension, the present Second Amended Third Party

1

1  Complaint, as well as their motion to dismiss based on lack of personal jurisdiction, failure to

2  state a claim, and lack of subject matter jurisdiction.

3      **B.**    **Summary of Argument.**

4      As with the original Amended Third Party Complaint, the Second Amended Third Party

5  Complaint is a classic case of a party and its attorney overreaching to try to create federal

6  jurisdiction where none exists. In Counts 1 and 2 of their Second Amended Third-Party

7  Complaint, Third Party Plaintiffs ("Plaintiffs") try to allege a RICO (Count 1) and a federal 10b-5

8  claim (Count 2), as well as several other unsupported federal statutory claims, as the "hook" to

9  get the Court to rule on a multitude of state law claims in Counts 3 through 10. Each of these

10  claims should be dismissed as against the moving third party defendants, Asia Pacific Oil &

11  Gas Ltd., Amirzhan Jakishev, and Adilzhan Dzhakishev ("Defendants").

12      <u>First</u>, the Second Amended Third-Party Complaint should be dismissed as against

13  these moving Defendants because there was insufficient service of process of the ***original***

14  Third-Party Complaint. Fed. R. Civ. Proc., Rule 4 and 12(b)(5). Plaintiffs merely mailed the

15  third party summons and complaint to Adilzhan Dzhakishev's prior residence in Kazakhstan

16  and the California residence of a non-party to this lawsuit. Defendants never waived their

17  rights of service and never consented to being served in this manner. Accordingly, the service

18  of the Amended Third-Party Complaint and Summons was defective as to each of the

19  Defendants and the motion to dismiss should be granted for this reason alone.

20      <u>Second</u>, this Court lacks personal jurisdiction over any of the moving Defendants

21  because Defendants lack sufficient contacts with California or the United States to create

22  either general jurisdiction or specific jurisdiction over Defendants in this case. Defendants

23  have not consented to personal jurisdiction within the United States, and they have not been

24  served in the United States or within this judicial district. Based on the lack of minimum

25  contacts with the forum, it would be unfair, unduly burdensome, and unreasonable under the

26  circumstances to require them to appear and defend the present case and, therefore,

27  Defendants' motion to dismiss should be granted for this additional reason.

28

**MOTION TO DISMISS SECOND AMENDED THIRD-PARTY COMPLAINT FOR: (1) INSUFFICIENT SERVICE; (2) LACK OF PERSONAL JURISDICTION; (3) FAILURE TO STATE CLAIM; AND (4) LACK OF SUBJECT MATTER JURISDICTION**

1    <u>Third</u>, Counts 1 (RICO) and 2 (Violation of Securities Laws), the only counts on which

2    there is arguably any federal question jurisdiction, fail to state a claim against these moving

3    Defendants.   Insufficient facts are alleged to state a RICO claim against these moving

4    Defendants in Count 1, which merely alleges that these defendants were part of the alleged

5    RICO conspiracy on the part of other defendants because the duration and number of

6    some alleged "conversations" between the other defendants, somehow "gives rise to an

7    inference of awareness" as to the nature of the alleged scheme by these moving

8    Defendants.  Further, these defendants are not named anywhere in Count 2 and, there are

9    no allegations in this Count sufficient to state a claim against the moving Defendants.  For

10   these reasons, Counts 1 and 2 should be dismissed as against the moving Defendants.

11   <u>Fourth</u>, Count 2 also fails to satisfy the heightened pleading requirements of the Private

12   Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b) ("PSLRA") and Federal Rule of

13   Civil Procedure Rule 9(b), by, among other things: (1) failing to allege the elements of

14   securities fraud with the required particularity as to each moving defendant (e.g.,

15   misrepresentations, omissions); (2) failing to allege the required "scienter" facts as to each

16   defendant; and (3) failing to allege loss causation.

17   <u>Fifth</u>, Count 7 (Fraudulent Transfer) fails to allege facts sufficiently to state a claim

18   against these moving Defendants.

19   <u>Sixth</u>, since Counts 1 and 2 are the sole basis for federal question jurisdiction and they

20   fail to state a claim, and these moving Third Party Defendants are not diverse from the Third

21   Party Plaintiffs, there is no subject matter jurisdiction in this case against the moving

22   Defendants and the remaining pendent state law claims must therefore be dismissed against

23   these moving Defendants for lack of subject matter jurisdiction.  28 U.S.C. § 1367(c).

24   II.     **FACTUAL BACKGROUND.**

25           A.     **Fact Background As To Asia Pacific:  Service And Personal**

26                  **Jurisdiction**.

27   With regard to jurisdiction, defendant Asia Pacific is an entity organized in the

28   Seychelles Islands and has its principal place of business in the United Kingdom.  It has not

imported, sold, or otherwise provided any goods or services to consumers in the State of California or anywhere else within the United States.[1] (Dzhakishev Decl., ¶ 6.)  Asia Pacific does not own or lease any real property in California or elsewhere in the United States. (*Id.*)  Asia Pacific has no offices and does not advertise or market in the United States, has not applied for a loan or opened a bank account with any financial institutions in California or the United States, and has not, previous to the present lawsuit, sought use of the courts within the State of California or the United States. (*Id.*)

With regard to service, Third Party Plaintiffs allege that Asia Pacific "engages in business in the U.S. and internationally" and "is subject to the jurisdiction of this Court because it was used for the unlawful transfer of 20% of the assets represented by the rights under the Concession, because it became involved with Turan's assets in California, and because [Asia Pacific] was a transferee of assets in violation of the California Uniform Fraudulent Transfer Act." (Verified Second Amended Third Party Complaint, ¶ 5; alleged in ¶ 6 of original Amended Third-Party Complaint.)   None of these allegations are true or have any basis in fact. (Dzhakishev Decl., ¶ 7.)

Moreover, Third Party Plaintiffs unsuccessfully tried to serve Asia Pacific at Adilzhan's and Amirzhan's prior residence in Kazakhstan and at the California residence of a third party, even though such third party is not authorized to accept service on behalf of them or on behalf of Asia Pacific.  (Dzhakishev Decl., ¶ 5.)  Nor is such California resident an employee, officer, director, or managing or general agent for Asia Pacific.  (*Id.*)

## B.   **Factual Background As To Individual Defendants:  Service And Personal Jurisdiction.**

---

[1] On January 7, 2009, Asia Pacific entered into two related agreements in Costa Mesa, California. (Dzhakishev Decl., ¶¶ 10-15.)   In the first agreement, Asia Pacific agreed to purchase 20 percent of the shares of a Kazakhstan company, named Turan Enerpetroleum, LLP, from its parent company, Turan Petroleum, Inc., a Nevada corporation, as well as an option to purchase 10,000,000 shares of Turan Petroleum, in exchange for $5,000,000.00 (U.S.), which Asia Pacific paid to Turan. (*Id.* & **Ex. 5**.)   In the second agreement, Turan Petroleum agreed to grant Asia Pacific an option to purchase 10,000,000 shares of its stock at $0.25 per share. (*Id.* & **Ex. 6**.)  Both agreements are governed by foreign law and relate to the purchase of shares of foreign companies.  (*Id.*)  No services have been performed pursuant to these agreements.  (*Id.*)

4

MOTION TO DISMISS SECOND AMENDED THIRD-PARTY COMPLAINT FOR: (1) INSUFFICIENT SERVICE; (2) LACK OF PERSONAL JURISDICTION; (3) FAILURE TO STATE CLAIM; AND (4) LACK OF SUBJECT MATTER JURISDICTION

With regard to jurisdiction, defendants Amirzhan and Adilzhan are citizens of Kazakhstan. (Dzhakishev Decl., ¶¶ 1, 8; Jakishev Decl., ¶¶ 1, 6.)  Amirzhan is a resident of Kazakhstan and, at the time of the alleged service, Adilzhan had a temporary visa to study in the United States.  (*Id.*)  Although both of them have traveled a couple of times to California, Adilzhan never lived here before 2008 and does not have an intention of taking up permanent residence in California or the United States.  (*Id.*)  Neither of them has imported, sold or otherwise provided any goods or services to consumers in the State of California or anywhere else in the United States.  (Dzhakishev Decl., ¶¶ 6, 10; Jakishev Decl., ¶¶ 5-6.)  Amirzhan does not own any real property in California or the United States. (*Id.*)  Although Adilzhan has entered into several transactions for student housing and entered discussions regarding a potential contract in New York, the moving parties have not conducted or solicited business in California or the United States.  (*Id.*)  Neither of them has maintained a place of business, or ever been served with process or papers for any lawsuit, in California or the United States. (*Id.*)

With regard to service, Third Party Plaintiffs allege that Amirzhan and Adilzhan are subject to the personal jurisdiction of the Court because they are principals of Asia Pacific and were "involved in the unlawful transfer of Turan's stock, causing approximately $5 million in proceeds to be fraudulently transferred in California in violation of Cal. Civ. Code § 3439 and other applicable law." (Verified Second Amended Third Party Complaint, ¶¶ 6-7.)  Third Party Plaintiffs additionally allege as to Adilzhan that he did these things while he was a "resident of California" and "signed an agreement with certain other Defendants regarding the transfer of the concession rights at issue." (*Id.*, at ¶ 6.) None of these allegations are true or have any basis in fact.  (Dzhakishev Decl., ¶ 9; Jakishev Decl., ¶ 7.)

Moreover, Third Party Plaintiffs unsuccessfully attempted to serve Amirzhan and Adilzhan at their prior residence in Kazakhstan and at the California residence of a third party, even though such third party is not authorized to accept service on their behalf.  (Dzhakishev Decl., ¶¶ 3-5; Jakishev Decl., ¶¶ 2-4.)  Nor is such third party an employee or agent for them. (*Id.*)

**MOTION TO DISMISS SECOND AMENDED THIRD-PARTY COMPLAINT FOR: (1) INSUFFICIENT SERVICE; (2) LACK OF PERSONAL JURISDICTION; (3) FAILURE TO STATE CLAIM; AND (4) LACK OF SUBJECT MATTER JURISDICTION**

III.   **THE SECOND AMENDED THIRD PARTY COMPLAINT SHOULD BE DISMISSED BECAUSE NEITHER IT NOR THE ORIGINAL COMPLAINT WERE EVER PROPERLY SERVED ON THE MOVING THIRD PARTY DEFENDANTS.**

A party is permitted to challenge insufficient service by way of a motion to dismiss. Fed. R. Civ. P. 12(b)(5).   With regard to serving a foreign entity, Rule 4 of the Federal Rules of Civil Procedure provides in pertinent part:

(h)  . . . . Unless federal law provides otherwise or the defendant's waiver has been filed, a . . . ***foreign corporation, or a partnership*** or other unincorporated association that is subject to suit under a common name, ***must be served***:

> (1)  ***in a judicial district of the United States***:
>
> > (A) in a manner prescribed by Rule 4(e)(1) for serving an individual; or
> > (B) by ***delivering a copy*** of the summons and of the complaint ***to an officer, a managing or general agent, or any other agent authorized*** by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant; or
>
> (2)  ***at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual***, except personal delivery under (f)(2)(c)(i).

(f)  . . . Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States:

> (1)  ***by any internationally agreed upon means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention*** on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2)  ***if there is not internationally agreed means***, or if an international agreement allows but does not specify other means, ***by a method that is reasonably calculated to give notice***:
>
> > (A) ***as prescribed by the foreign country's law*** for service in that country in an action in its courts of general jurisdiction;
> > (B) ***as the foreign authority directs*** in response to a letter rogatory or letter of request; or

(C)   unless prohibited by the foreign country's law, by:

    (i)   *delivering a copy* of the summons and of the complaint *to the individual personally*; *or*

    (ii)  *using any form of mail* that the clerk addresses and sends to the individual and *that requires a signed receipt*; or

(3)   by other means not prohibited by international agreement, *as the court orders*.  (Emphasis added.)

Once service is challenged, the plaintiff has the burden of establishing that service was valid under Rule 4.  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

## A.   Plaintiffs Failed To Serve The Moving Third-Party Defendants Within This Judicial District.

As set forth in FRCP 4(h)(1)(B), Plaintiffs can serve a foreign entity within the judicial district by *delivering* the service papers to "an officer, a managing or general agent, or any other agent" *and then mailing* a copy of the papers to the entity defendant.  The service documents may be delivered to someone "not an officer" but who has "substantial responsibility" for the affairs of the business entity.  Rutter Group, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial*, Ch. 5-F, ¶ 5:205.  "A managing agent is one authorized to transact all business of a particular kind at a particular place and must be vested with powers of discretion rather than being under direct superior control."  *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 624 (6th Cir. 2004).

In this case, the third party that Plaintiffs purportedly served on behalf of Asia Pacific, Amirzhan and Adilzhan, was and is not one of the "officers, managing or general agents" of Asia Pacific.  Nor is such third party authorized by appointment or by law to receive service of process on behalf of any of these Third-Party Defendants.  (Dzhakishev Decl., ¶ 5.)  Plaintiffs cannot satisfy process on the Third-Party Defendants by conveniently asserting, without proof, that an unnamed third party is the "agent" or "nominee" of the Defendants or is "affiliated" with them in some way.  While it may be convenient for Plaintiffs, it is not sufficient.  Plaintiff "has the burden of proof regarding both the fact of the agency relationship and the scope of the agent's authority."  *Romak USA, Inc. v. Rich*, 384 F.3d 979, 985 (8th Cir. 2004); *Griggs Group*

7

**MOTION TO DISMISS SECOND AMENDED THIRD-PARTY COMPLAINT FOR: (1) INSUFFICIENT SERVICE; (2) LACK OF PERSONAL JURISDICTION; (3) FAILURE TO STATE CLAIM; AND (4) LACK OF SUBJECT MATTER JURISDICTION**

*Ltd v. Filanto Spa*, 920 F.Supp. 1100, 1102 (D.Nev. 1996).  Absent adequate proof, Plaintiffs' service is plainly insufficient.

> **B.**     **Plaintiffs Also Failed To Serve The Moving Third-Party Defendants In Accordance With Rule 4(f), The Hague Convention Regarding Service, Or By Another Method Reasonably Calculated to Provide Notice Under Rule 4(f)(2).**

Having failed to serve these moving Third-Party Defendants within the judicial district, Third Party Plaintiffs were required to serve these Defendants in compliance with FRCP, Rule 4(f).  As set forth above, FRCP Rule 4(f) authorizes service of process on foreign business entities "by an internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention . . . ."  Fed.R.Civ.P. 4(f)(1), 4(h)(2).

The Seychelles Islands is a signatory to the Hague Service Convention that governs service of process.  Accordingly, the validity of service abroad on Asia Pacific "is controlled by the Hague Convention."  *Brockmeyer*, *supra*, 383 F.3d at 801; *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) ("[C]ompliance with the Hague Convention is mandatory in all cases to which it applies.").  Even California's service procedures are subject to Hague Convention limitations.  Cal. Code Civ. Proc. § 413.10(c) ("These rules are subject to . . . (Hague Service Convention).").  Service pursuant to the Hague Convention may be effected by forwarding the summons and complaint to the "Central Authority" for the country in which service is to be made, along with a form Request for Service containing, *inter alia*, a form Summary of the Documents to be served.  See FRCP Rule 4, Pocket Part annotations, Hague Convention Arts. 2, 3, and 5.  Once the Central Authority has completed service, it must "complete a Certificate in the form of the model annexed to the . . . Convention," detailing "the method, the place, and the date of service" or explaining why service did not occur, and thereafter must forward the completed Certificate "directly to the applicant."  *Id.*, Art. 6.

By contrast, the nation of Kazakhstan is not a signatory to the Hague Service

**MOTION TO DISMISS SECOND AMENDED THIRD-PARTY COMPLAINT FOR: (1) INSUFFICIENT SERVICE; (2) LACK OF PERSONAL JURISDICTION; (3) FAILURE TO STATE CLAIM; AND (4) LACK OF SUBJECT MATTER JURISDICTION**

1   Convention, so defendants Amirzhan and Adilzhan could only be served "by a method that is
2   reasonably calculated to give notice," such as a method prescribed by the law of Kazakhstan
3   for service in an action in its courts of general jurisdiction, as the legal authority of Kazakhstan
4   directs pursuant to a letter rogatory, or by "using any form of mail that the clerk addresses and
5   sends to the individual and that requires a signed receipt," or by other means "as the court
6   orders." FRCP Rule 4(f)(2),(3).

7            Under any of the alternative standards of Rule 4(f) for either Hague Convention service
8   or non-Hague Convention service, Plaintiffs have plainly failed to adequately serve these
9   moving Third-Party Defendants.  Plaintiffs attempted to serve them by delivering or mailing
10   them to Adilzhan's and Amirzhan's former residence in Kazakhstan in a manner which did not
11   comply with Kazakhstan law (see Dzhakishev Decl., ¶ 3) and by mailing three separate
12   envelopes to the California residence of a third party (who is not the agent of any of the Third-
13   Party Defendants), located at 33 Skyridge, Newport Coast, California 92657.  (See **Exhibits 1,
14   2, and 3**, attached to Dzhakishev Decl.)  None of the moving Third-Party Defendants reside, or
15   were served, at these locations or have their place of business there. (Dzhakishev Decl., ¶ 3-5;
16   Jakishev Decl., ¶ 2-4.)  Nor is such third party authorized to accept service of process on
17   behalf of any of the Third-Party Defendants. (*Id.*)  After Defendants raised this defect in their
18   June 16, 2009 meet and confer conference (which took place prior to Defendants' Motion to
19   Dismiss Third Party Complaint that was rendered moot by the Court's dismissal of the case),
20   Plaintiffs never even attempted to correct their defective service by employing one of the
21   methods authorized by Rule 4(f).  (See Hoffman Decl., ¶ 2, filed with original motion to
22   dismiss.)  To date, there has been no known attempt to properly serve the Third Party
23   Complaint, or the newly filed Second Amended Third Party Complaint. Therefore, service on
24   the Third-Party Defendants was, and is, clearly insufficient.  See *Brockmeyer*, *supra*, 383 F.3d
25   at 805.

26            Accordingly, for each of the foregoing reasons, the Verified Second Amended Third-
27   Party Complaint must be dismissed as against these moving Third-Party Defendants because
28   of insufficient service of process.  FRCP, Rule 12(b)(5).

IV. **THE AMENDED THIRD PARTY COMPLAINT SHOULD BE DISMISSED BECAUSE THERE IS NO PERSONAL JURISDICTION OVER THE MOVING THIRD PARTY DEFENDANTS.**

A. **Plaintiffs Have The Burden Of Proof To Establish Personal Jurisdiction.**

Pursuant to Fed.R.Civ.P. 12(b)(2), a party is permitted to challenge personal jurisdiction by way of a motion to dismiss. Once personal jurisdiction is challenged, the plaintiff has the burden of establishing jurisdiction. *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 538 (9th Cir. 1986); *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). A plaintiff cannot "simply rest on the bare allegations of its complaint." *Amba Marketing Systems, Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977).

B. **There Is No Traditional Basis For Jurisdiction In This Case.**

The traditional bases for personal jurisdiction are service within the state, domicile, or consent. *Pennoyer v. Neff*, 95 U.S. 714, 733 (1877). None of the moving Third-Party Defendants (1) were served in this state or in the United States (see above); (2) are domiciled here; or (3) consented to personal jurisdiction.[2] Absent one of the traditional bases for jurisdiction, due process requires "minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

C. **There Are No Minimum Contacts With These Moving Defendants.**

Even though there is a federal claim under a statute that provides for nationwide service of process, the exercise of personal jurisdiction cannot violate due process. *Holland America Line Inc. v. Wartsika North America, Inc.*, 485 F.3d 450, 461 (9th Cir. 2007); *Rocke v. Canadian Auto. Sports Club*, 660 F.2d 395, 398 (9th Cir. 1981); *Core-Vent Corp. v. Nobel Inds. AB*, 11 F.3d 1482, 1484-85 (9th Cir. 1994). Due process requires an adequate basis for

---

[2] According to Local Rule 8-1, the "statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in the first paragraph of any document invoking this Court's jurisdiction." Plaintiffs fail to allege a valid basis for the Court to exercise personal jurisdiction over these moving Third-Party Defendants.

10

MOTION TO DISMISS SECOND AMENDED THIRD-PARTY COMPLAINT FOR: (1) INSUFFICIENT SERVICE; (2) LACK OF PERSONAL JURISDICTION; (3) FAILURE TO STATE CLAIM; AND (4) LACK OF SUBJECT MATTER JURISDICTION

jurisdiction, which can be found by, among other things, minimum contacts with the forum state. *International Shoe*, *supra*, 326 U.S. at 316.  The purpose of requiring minimum contacts is to prevent the burdens of litigating at a distant or inconvenient forum and to insure that the states do not reach out beyond the limits of their sovereignty.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980) (defendant's "conduct and connection with the forum State" must be such that the defendant "should reasonably anticipate being haled into court there").

### 1.  Defendants' Contacts With The Forum Do Not Establish General Jurisdiction.

In order to find the existence of personal jurisdiction, the Court may examine whether there is (1) general jurisdiction or (2) specific jurisdiction.  In order to find general jurisdiction, there must be a finding of substantial, continuous, and systematic contacts between the defendant and the forum state.  *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 447-48 (1952).

Here, Asia Pacific is a Seychelles Islands partnership with its principal place of business in the United Kingdom.   Amirzhan and Adilzhan are citizens of Kazakhstan. (Dzhakishev Decl., ¶ 1, 8; Jakishev Decl., ¶ 1, 6.)  Amirzhan is a resident of Kazakhstan and, at the time of the purported attempted service, Adilzhan had a temporary visa to study in the United States.  (*Id.*)  Although both of them have traveled occasionally to California, Adilzhan has never lived here before 2008 and Amirzhan has no intentions of taking up permanent residence in California or the United States. (*Id.*)  Asia Pacific, Adilzhan, and Amirzhan have not imported, sold or otherwise provided any goods or services to consumers in the State of California or anywhere else in the United States.  (Dzhakishev Decl., ¶ 6; Jakishev Decl., ¶ 5.) Asia Pacific and Amirzhan do not own or lease any real property in California or the United States. (*Id.*)  None of them has any offices, and they do not advertise or market, in the United States.  (*Id.*)  Amirzhan and Asia Pacific have not applied for a loan or opened a bank account with any financial institutions in California or the United States. (*Id.*)  None of them has sought use of the courts within the State of California or the United States. (*Id.*)  None of them has

ever been personally served with process or papers for any lawsuit in California or the United States. (*Id.*)  Accordingly, there are no substantial, continuous, or systematic contacts between the Defendants and the forum state sufficient to find general jurisdiction over these Defendants.

## 2. Defendants' Contacts With The Forum Do Not Establish Specific Jurisdiction.

Specific jurisdiction depends upon a showing that a non-resident defendant purposefully established contacts with the forum state, that a plaintiff's cause of action arises out of the defendant's forum-related contacts, and that the forum's exercise of personal jurisdiction comports with fair play and substantial justice.  *Burger King v. Rudzewicz* (1985) 471 U.S. 462, 472, 476-78.   The three-part test for determining the existence of specific jurisdiction are:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable.  *Panavision Intern., L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998) (emphasis added).

A "purposeful" contact is one in which a particular defendant has deliberately directed its activities at the residents of the forum state or has deliberately availed itself of the benefits and protections of the laws of the forum state.  *Hanson v. Denckla*, 357 U.S. 235, 253-54 (1958).

In the present case, as citizens of Kazakhstan, Amirzhan and Adilzhan have done nothing that establishes any purposeful contact with, or avails them of the benefits of, the forum state.  As a resident of Kazakhstan, Amirzhan does not even live here and rarely travels here and has not entered into any contracts here.  (Jakishev Decl., ¶¶ 1, 6.)  Adilzhan's only real connection with the forum state was that he had a temporary visa to study here.  (Dzhakishev Decl., ¶¶ 1, 8.)  Neither of them conducts or solicits business in California or the United States.  (Dzhakishev Decl., ¶ 10; Jakishev Decl., ¶ 6.)

In the case of Asia Pacific, Third Party Plaintiffs allege that a single transaction, on January 7, 2009, in which Asia Pacific agreed to purchase 20 percent of the shares of a Kazakhstan company, named Turan Enerpetroleum, LLP, after a solicitation from its parent company, Turan Petroleum, Inc., a Nevada corporation, as well as an option to purchase 10,000,000 shares of Turan Petroleum, in exchange for $5,000,000.00 (U.S.), was enough to invoke this Court's specific jurisdiction.  (Dzhakishev Decl., ¶¶ 10-11 and **Exhibits 4 through 6** attached thereto.)   However, the mere existence of a contract with a party in the forum state does not constitute sufficient minimum contacts for the exercise of personal jurisdiction. *Burger King*, *supra*, 471 U.S. at 475-78. Moreover, both agreements are governed by *foreign law* and relate to the purchase of shares of *foreign companies*.  (Dzhakishev Decl., ¶¶ 11.)  Furthermore, Asia Pacific has not been able to exercise the stock option to purchase the shares of Turan Petroleum and no services have been performed pursuant to these agreements. (*Id.* at ¶ 12.)

Since the foregoing transaction is governed entirely by foreign law and concerns the purchase of shares only in two foreign entities, there is nothing in Asia Pacific's actions which shows that it is invoking the benefits and protections of California laws and the fact that the agreements were signed in California is solely because Asia Pacific's director was a student in California at the time the contract was signed.  (Dzhakishev Decl., ¶ 13.)  Accordingly, Asia Pacific did not purposefully avail itself of the privilege of conducting activities within California because the signing of those agreements in California was merely incidental.

Plaintiffs allege that Defendants are subject to the jurisdiction of this Court because of (1) the allegedly unlawful transfer of at least 20% of Turan Petroleum's stock in Turan Enerpetroleum, (2) Defendants' fraudulent transfer of proceeds in California, and (3) Defendants' knowing violation of California's Uniform Fraudulent Transfers Act.  (Verified Second Amended Third Party Complaint, ¶¶ 5-7; also alleged at ¶¶ 5-7 of the original Verified Third Party Complaint.)   None of these alleged activities are sufficient to exercise personal jurisdiction over the Defendants.

First, the transfer of 20% of Turan Enerpetroleum's stock merely represents a **stock purchase or investment**, not a purchase or transfer of assets, **in a Kazakhstan company** whose primary purpose is to explore and develop oil and gas fields **in Kazakhstan**. (Dzhakishev Decl., ¶ 14.)  This foreign stock purchase was concerned with development of a foreign oil concession and it is merely incidental that the agreement was signed in California. No California assets, interests, or companies were involved in this transaction.  Thus, Defendants clearly were not performing some act by which they purposefully availed themselves of the privilege of conducting activities in California.  Moreover, the place of execution of the contract does not show that Asia Pacific was invoking the benefits and protections of California law because both agreements are clearly governed by foreign, not California, law.  (Dzhakishev Decl., ¶ 14, and **Exhibits 5 and 6**.)

Second, Asia Pacific clearly did not receive any monies from this transaction, as shown on the face of **Exhibits 5 and 6**.  Instead, Asia Pacific **paid $5,000,000** (U.S.) to make a stock investment in two foreign companies.  (*Id.*)  Therefore, there is no foundation in fact to Plaintiffs' allegation that Defendants were the recipients of any proceeds "fraudulently transferred in California" (Second Amended Third Party Complaint, ¶¶ 5-7) because Asia Pacific **paid** these monies, and did not **receive** any of these monies.  Accordingly, Plaintiffs' allegations regarding fraudulently transferring proceeds in California lack any foundation and cannot form the basis for demonstrating that Defendants purposefully availed themselves of the privilege of conducting activities within California.

Finally, since Defendants did not receive any monies or funds from the foregoing investment transaction, there is simply no basis for the alleged fraudulent transfer action and Defendants' allegedly knowing violation of California's Uniform Fraudulent Transfer Act has no factual foundation.  Accordingly, for the foregoing reasons, this allegation also cannot support the exercise of personal jurisdiction over the Defendants.

The second part of the test for determining the existence of specific jurisdiction states that the "claim must be one which arises out of or results from the defendant's forum-related activities."  *Panavision*, *supra*, 141 F.3d at 1320.  In the present case, Plaintiffs' claims do not

14

**MOTION TO DISMISS SECOND AMENDED THIRD-PARTY COMPLAINT FOR: (1) INSUFFICIENT SERVICE; (2) LACK OF PERSONAL JURISDICTION; (3) FAILURE TO STATE CLAIM; AND (4) LACK OF SUBJECT MATTER JURISDICTION**

arise out of Amirzhan's forum-related activities because he has visited California only a couple of times on vacation unrelated to any facts in the Verified Amended Third-Party Complaint. (Jakishev Decl., ¶ 6.)   Plaintiffs' claims also do not arise out of Adilzhan's forum-related activities because at the time of the purported "service" he was in California solely pursuant to a study visa.  (Dzhakishev Decl., ¶ 16.)  Finally, although one can assert that Plaintiffs' claims do arise out of Asia Pacific's stock purchase transaction on January 7, 2009, as shown above, those activities were clearly not illegal, did not harm anyone, did not purport to purposely avail Asia Pacific of the privilege of conducting activities in California, and did not invoke the benefits or protections of California law.  Therefore, these claims are not sufficient to invoke specific jurisdiction over the Defendants.

### D.   Exercise of Personal Jurisdiction Over These Moving Defendants Would Be Unreasonable.

Even if there were "minimum contacts," the exercise of personal jurisdiction must also be reasonable.  In determining reasonableness, courts consider multiple factors, including (1) the extent of defendant's purposeful availment, (2) burden on defendant in defending the action in the forum, (3) most efficient judicial resolution of the controversy, (4) importance of the forum to plaintiff's interest, and (5) existence of alternative forums.  *Core-Vent Corp.*, *supra*, 11 F.3d at 1486-87.

Where all other burdens and factors are equal, the burden on defendant in defending the action locally is likely to be decisive.  *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1999) ("[T]he law of personal jurisdiction is asymmetrical and is primarily concerned with the defendant's burden.").  *Rocke*, *supra*, 660 F.2d at 399 ("A primary concern under a due process analysis is with the burden placed upon the defendant.")  This is especially true of foreign defendants.  *Asahi Metal Industry Co., Ltd. v. Superior Court*, 480 U.S. 102 (1987); *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993) ("higher jurisdictional barrier" required for aliens).

In the present case, it is unreasonable to require Defendants to defend this action in the United States.  Defendants are foreign citizens and entities that have not provided products or

services to residents of the forum and that have no place of business or dealings in California or the United States.  The vague allegations regarding transfer of stock and receipt of monies are insufficient to support a prima facie case for personal jurisdiction.

V.    **THE SECOND AMENDED THIRD PARTY COMPLAINT FAILS TO STATE A CLAIM AGAINST THE MOVING THIRD PARTY DEFENDANTS BECAUSE IT DOES NOT ALLEGE ANY MATERIAL FACTS AGAINST THESE MOVING THIRD PARTY DEFENDANTS.**

A defendant may move to dismiss the complaint where it fails to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6).  The complaint must be construed on the assumption that all of its allegations are true, even if doubtful in fact.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).   However, a court need not accept as true conclusory allegations, legal characterizations, unreasonable inferences, or unwarranted deductions of fact.  *Transphase Systems, Inc. v. Southern Calif. Edison Co.*, 839 F.Supp.711, 718 (C.D.Cal. 1993); *Beliveau v. Caras*, 873 F.Supp. 1393, 1395-96 (C.D.Cal. 1995).

As shown below, in the present case, each of the nine counts specifies "all defendants," but, except for Counts 1, 2 and 8, fails to name or allege any facts against these third party Defendants.  The term "Defendants" is used within every count, but is nowhere defined.  Defendants Asia Pacific, Amirzhan, and Adilzhan are only named specifically, and briefly, in Count 1 (RICO), and Count 8 (Fraudulent Conveyances).

A.    **Third Party Plaintiffs Fail to State a RICO  Claim in Count I**.

With respect to Count 1 (RICO), the sum total of the allegations that mention these Defendants in the Second Amended Third Party Complaint are: "...and the APOG parties named herein were also part of the enterprise." (Second Amended Third Party Complaint, at ¶ 166.)  In addition, at ¶ 201, the Third Party Plaintiffs allege, again in conclusory fashion, that "[t]he APOG defendants were part of this RICO conspiracy" because, "[t]he duration" and "number" of some alleged "conversations" between the other defendants, somehow "gives rise to an inference of awareness on the APOG

16

MOTION TO DISMISS SECOND AMENDED THIRD-PARTY COMPLAINT FOR: (1) INSUFFICIENT SERVICE; (2) LACK OF PERSONAL JURISDICTION; (3) FAILURE TO STATE CLAIM; AND (4) LACK OF SUBJECT MATTER JURISDICTION

defendants' part as to the nature of the scheme." (*Id.* at ¶ 201:24-25.)   These allegations fall far short of what is required to state a RICO claim.

As the court explained in *Fireman's Fund Ins. Co. v. Stites* (CA 9th 2001) 258 F.3d 1016, 1021:

> "…there are four elements in a criminal RICO case. To obtain a conviction, the government must prove that the defendant engaged in: 1) conduct 2) of an enterprise 3) through a pattern 4) of racketeering activity. 18 U.S.C. §1962 (add. cite omitted.) To prevail on a civil RICO claim, a plaintiff must prove all of these elements, and, in addition, show that the defendant caused injury to his business or property. 18 U.S.C. §1964(c). This fifth element includes two related components. First, a civil RICO plaintiff must show that his injury was proximately caused by the fraudulent conduct. (Cite omitted.) Second, the plaintiff must show that he has suffered a concrete financial loss by documenting the amount of damages to which he is entitled."

Here, the Plaintiff's conclusory allegation that "[t]he APOG defendants were part of this RICO conspiracy" because, "[t]he duration" and "number" of some alleged "conversations" between the other defendants, somehow "gives rise to an inference of awareness on the APOG defendants' part as to the nature of the scheme" fails to meet even one of these elements.

B.     **Third Party Plaintiffs Fail to Allege A Fraudulent Conveyance**.

Count 8 alleges Fraudulent Conveyances, if one reads this claim in conjunction with Paragraphs 271 through 274 of the Verified Second Amended Third Party Complaint. Paragraphs 271 through 274 allege on information and belief that defendant Karabayev attempted to fraudulently transfer part or all of Turan's interest in the oil concession (Turan's main and only corporate asset) to Asia Pacific, and to keep the proceeds thereof, by selling such interest to defendants Amirzhan and Adilzhan, who allegedly own the controlling shares of Asia Pacific, for the price of $5 million.  (Verified Second Amended Third Party Complaint, ¶¶ 271 through 274.)  Paragraphs 6 and 7 further allege that Defendants were "involved in the unlawful transfer of Turan's assets, causing approximately $5 million in proceeds to be fraudulently transferred . . ."  That is the full extent of any specific allegations against the

moving Defendants herein.  Clearly such allegations are not sufficient to support any cause of action against the moving Defendants.

C.    **Third Party Plaintiffs Fail to Allege A Securities Fraud Claim**.

In Count 2, Plaintiffs have attempted to plead a Rule 10b-5 securities fraud claim against "all defendants."  There are six basic elements of a Rule 10b-5 claim:  (1) a ***material misrepresentation (or omission)***; (2) ***scienter***, i.e., a wrongful state of mind; (3) ***a connection with the purchase or sale of a security***; (4) reliance, often referred to in cases involving public securities markets (fraud-on-the-market cases) as "transaction causation;" (5) economic loss; and (6) ***"loss causation,"*** i.e., a causal connection between the material misrepresentation and the loss.  *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 341-342, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005).

To help curb abuses in securities fraud cases, Congress enacted the Private Securities Litigation Reform Act ("PSLRA"), which applies heightened pleading standards to securities fraud actions.   15 U.S.C. § 78u-4(b)(1).   Among other things, the PSLRA imposes a heightened standard for pleading the defendant's state of mind, i.e., scienter, and the plaintiff must satisfy the heightened pleading requirements of Rule 9(b), which are designed "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993); Fed. R. Civ. Pro. 9(b).  In order to adequately provide the required notice, "the complaint must specify such facts as the times, dates, places, and benefits received, and other details of the alleged fraudulent activity." *Id.* at 672.

As explained below, Plaintiffs have failed to allege at least four of the elements of a Rule 10b-5 claim with sufficient particularity against any of these moving Defendants.

D.    **Third Party Plaintiffs Do Not Have Standing to Bring A Securities Fraud Claim As To These Moving Third Party Defendants**.

As a threshold requirement, only a purchaser or seller of securities has standing to

assert a claim under 15 U.S.C. § 78j.  *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 754 (1975) (the requirements of Section 78j are not satisfied where the claimant seeking damages has not actually purchased or sold shares of stock);  *Unity House, Inc. v. North Pacific Investments, Inc.*, 918 F.Supp. 1384, 1389-90 (D. Haw. 1996) ("Standing to sue under Section 10(b) or Rule 10b-5 is limited to purchasers and sellers of securities.")

In the present case, as with the original Third Party Complaint, there are ***no allegations in the entire Verified Second Amended Third Party Complaint that Plaintiffs purchased any securities from or sold any securities to any of the moving Defendants***. Furthermore, there are no allegations that defendants Amirzhan or Adilzhan purchased or sold any securities at all, only that they were "involved in the unlawful transfer of Turan's assets." (Verified Second Amended Third Party Complaint, ¶¶ 6-7.)  As to defendant Asia Pacific, the only allegation is that it received a fraudulent transfer of part or all of Turan's interest, held in Turan Enerpetroleum, of a oil and gas concession to Asia Pacific.  (See Verified Second Amended Third Party Complaint, ¶ 5.)  None of these allegations show that Plaintiffs were involved as either a seller or buyer for these securities.  Thus, Plaintiffs do not have any standing to assert a claim under Section 10(b) or Rule 10b-5.

E.   **Third Party Plaintiffs Have Not Alleged A Misrepresentation or Omission on the First Count**.

In order to state a claim under Rule 10b-5, a plaintiff <u>must</u> allege either "an untrue statement of a material fact" or an omission of "a material fact necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading." 15 U.S.C. § 78u-4(b)(1).

In addition, "the complaint shall specify each statement alleged to have been misleading, [and] the reason or reasons why the statement is misleading." *Id.*  Allegations stated on "information and belief" are treated differently:   "[I]f an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." *Id.*

MOTION TO DISMISS SECOND AMENDED THIRD-PARTY COMPLAINT FOR: (1) INSUFFICIENT SERVICE; (2) LACK OF PERSONAL JURISDICTION; (3) FAILURE TO STATE CLAIM; AND (4) LACK OF SUBJECT MATTER JURISDICTION

1  Third Party Plaintiffs have failed to allege either a misleading statement or an omission

2 of a material fact by any of the moving Defendants, i.e., their first count is based <u>solely</u> on Asia

3 Pacific's receipt of Turan Enerpetroleum stock. (Verified Second Amended Third Party

4 Complaint, ¶¶ 205-239, *in passem.*)

5  This fact renders the second count deficient for at least two (2) reasons.

6  First, Third Party Plaintiffs have failed to allege that the stock was received in

7 connection with any misstatements or omissions by the moving Third Party Defendants.

8  Second, "a pleader must identify the individual who made the alleged representation

9 and the content of the alleged representation." *Glen Holly Entertainment, Inc. v. Tektronix,*

10 *Inc.*, 100 F.Supp.2d 1086, 1094 (C.D. Cal. 1999). Here, Third Party Plaintiffs have failed to

11 allege that any of the moving Defendants made any statements or omissions at all, let alone in

12 connection with the sale or purchase of securities.

13  **F.**  <u>**Third Party Plaintiffs Have Failed to Allege Scienter on the Second Count**</u>.

14  Furthermore, Third Party Plaintiffs have failed to plead scienter properly under the

15 PSLRA, which requires plaintiffs to "state with particularity facts giving rise to a strong

16 inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2).

17  The Supreme Court has stated: "To determine whether the plaintiff has alleged facts

18 that give rise to the requisite 'strong inference' of scienter, a court must consider plausible non-

19 culpable explanations for the defendant's conduct, as well as inferences favoring the plaintiff."

20 *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S.Ct. 2499, 2510, 168 L.Ed.2d

21 179 (2007).

22  A complaint will survive a motion to dismiss "only if a reasonable person would deem

23 the inference of scienter cogent and at least as compelling as any opposing inference one

24 could draw from the facts alleged." *Tellabs*, 127 S.Ct. at 2510.

25  "Plaintiffs proceeding under the PSLRA can no longer aver intent in general terms of

26 mere 'motive and opportunity' or 'recklessness,' but rather, must state specific facts indicating

27 no less than a degree of recklessness that strongly suggests actual intent." *In re Silicon*

28 *Graphics Inc. Securities. Litig.*, 183 F.3d 970, 979 (9th Cir. (Cal.) 1999).

The PSLRA also requires a plaintiff to plead scienter with respect to those individuals who actually made the false statements.  *Glazer Capital Management, LP v. Magistri*, 549 F.3d 736, 745 (9th Cir. (Cal.) 2008) (allegations of collective scienter not permitted); *In re Hansen Natural Corp. Securities Litig.*, 527 F.Supp.2d 1142, 1157 (C.D. Cal. 2007) (holding insufficient allegations of scienter; group pleading doctrine rejected).  Moreover, "a pleading of scienter may not rest on a bare inference that a defendant 'must have had knowledge of the facts.'" *In re Advanta*, 180 F.3d 525, 539 (3d Cir. 1999) (citation omitted).

In the present case, Plaintiffs have failed to plead **any** facts that demonstrate the requisite degree of scienter by **any** of the moving Defendants, much less by **each** defendant. The Court therefore is obligated to dismiss the first count with prejudice since Plaintiffs have failed to comply with the strict pleading requirements under PSLRA and Rule 9(b).

## G. Third Party Plaintiffs Have Failed to Allege Loss Causation Against These Moving Defendants.

In order to state a claim under Section 78j, it is imperative that the plaintiff allege both transaction causation and loss causation.  *Hatrock v. Edward D. Jones & Co.*, 750 F.2d 767, 773 (9th Cir. 1984); 15 U.S.C. § 78u-4(b)(4); *Binder v. Gillespie*, 184 F.3d 1059, 1065 (9th Cir. 1999).  As to the moving Defendants, Third Party Plaintiffs have not and cannot allege this element because neither of them purchased or sold the Turan Enerpetroleum stock that defendant Asia Pacific purchased.  Furthermore, since Asia Pacific was never permitted to exercise the option to purchase Turan stock, Third Party Plaintiffs cannot show transaction or loss causation with respect to the moving Defendants.

## H. Third Party Plaintiffs Have Failed to Allege a Viable Fraudulent Transfer Claim Against These Moving Defendants.

Even as to the one claim (Count 8 for Fraudulent Conveyances) in which they did specifically name these moving Defendants, the Verified Second Amended Third-Party Complaint still fails to allege a viable cause of action.  A fraudulent conveyance is a "transfer by the debtor of property to a third person undertaken with the intent to prevent a creditor from reaching that interest to satisfy its claim." *Yaesu Electronics Corp. v. Tamura*, 28 Cal.App.4th

8, 13 (1994).  In order to establish a fraudulent conveyance, three things or elements must be pled and proved:  First, there must be a conveyance or the creation of an obligation; second, the transferor must be, at the time of the conveyance, insolvent or the conveyance must render him insolvent; third, the conveyance must have been made, or the obligation incurred, without a fair consideration.  *Estate of Heigho*, 186 Cal.App.2d 360, 365-66 (1960).

In the present case, Plaintiffs have not alleged that any of the moving Defendants are judgment debtors.  Nor have they alleged that, at the time of the purported conveyance, Defendants were insolvent or were rendered insolvent by the conveyance.  Nor have they alleged that the conveyance occurred without a fair consideration.  Therefore, a valid claim for fraudulent conveyance under California law has not been stated.

## VI.   THE PENDENT STATE CLAIMS MUST ALSO FAIL AS TO THESE MOVING THIRD PARTY DEFENDANTS AND, THEREFORE, SUBJECT MATTER JURISDICTION IS ENTIRELY ABSENT AGAINST THESE MOVING THIRD PARTY DEFENDANTS.

In *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), the Supreme Court held that a federal court may exercise supplemental jurisdiction over related state law claims only if the state and federal claims derive from a common nucleus of operative facts and are the types of claims that the Court would ordinarily be expected to try together in one proceeding.

The *Gibbs* concepts were modified and to some extent restricted by the enactment of 28 U.S.C. § 1367.  For the extent of the modification, *see Executive Software v. United States District Court*, 24 F.3d 1545 (9th Cir. 1994), *overruled on other grounds* by *California Department of Water Resources v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008).  *Executive Software* holds in general that dismissal or remand may occur where the case meets the general *Gibbs* tests (see also § 1367(a)) only under the circumstances set forth in § 1367(c).

Subsection 1367(c) lists four situations where the Court may decline to exercise supplemental jurisdiction:  (1) the state law claims raise a novel or complex question of state law; (2) the **state law claims substantially predominate** over the federal law claims; (3) the **federal claims have been dismissed**; or (4) in exceptional circumstances, there are other

compelling reasons for declining jurisdiction (emphasis added).   The Court may decline supplemental jurisdiction over pendent state claims under the first three provisions without any explanation because the statute codifies most of the applications already recognized by courts. *San Pedro Hotel Co. Inc. v. City of Los Angeles*, 159 F.3d 470, 478-79 (9th Cir. 1998).  Only if the Court declines supplemental jurisdiction under the fourth provision must the Court articulate the "exceptional circumstances" to decline jurisdiction.  *Id.*

In the present case, it is undisputed that only Counts 1 and 2 attempt to allege any federal claims, and Counts 3 through 9 allege only pendent state claims.[3]  Based on the sheer number and volume of state vs. federal claims, it therefore appears that the state law claims substantially predominate over the two federal claims, i.e., Counts 1 and 2.  Accordingly, for this reason alone, this Court may decline the exercise of supplemental jurisdiction in this case.

However, an even more compelling reason exists to decline jurisdiction over the pendent state claims:  For the reasons stated above, the federal claims in this case should be dismissed against the moving Defendants because Third Party Plaintiffs fails to state a viable federal claim against any of the moving Defendants.  Therefore, if this Court finds that Counts 1 and 2 do not state a viable federal claim, it may dismiss all of the pendent state claims.  28 U.S.C. § 1367.[4]

///

///

///

---

[3] Although the caption of the Verified Second Amended Third Party Complaint identifies a total of ten (10) Claims, as with the original Third Party Complaint, there are still actually a total of nine (9) claims alleged in the body of the pleading itself.

[4] Plaintiffs do not allege diversity jurisdiction in their Verified Third-Party Complaint.

MOTION TO DISMISS SECOND AMENDED THIRD-PARTY COMPLAINT FOR: (1) INSUFFICIENT SERVICE; (2) LACK OF PERSONAL JURISDICTION; (3) FAILURE TO STATE CLAIM; AND (4) LACK OF SUBJECT MATTER JURISDICTION

VII. **CONCLUSION.**

For the foregoing reasons, these moving Third Party Defendants respectfully request that the Court grant this Motion in its entirety and dismiss this Action against Third Party Defendants Asia Pacific Oil & Gas Ltd., Amirzhan Dzhakishev, and Adilzhan Dzhakishev.

Dated:  April 2, 2012                              GREENWALD & HOFFMAN, LLP


By:    /s
John R. Flocken, Esq.
Paul A. Hoffman, Esq.
Attorneys Specially Appearing for Third-Party Defendants ASIA PACIFIC OIL & GAS LTD., AMIRZHAN DZHAKISHEV, and ADILZHAN DZHAKISHEV

MOTION TO DISMISS SECOND AMENDED THIRD-PARTY COMPLAINT FOR: (1) INSUFFICIENT SERVICE; (2) LACK OF PERSONAL JURISDICTION; (3) FAILURE TO STATE CLAIM; AND (4) LACK OF SUBJECT MATTER JURISDICTION