Paul Evan Greenwald (Bar No. 57162)
Paul A. Hoffman (Bar No. 146805)
John R. Flocken (Bar No. 97137)
**GREENWALD & HOFFMAN, LLP**
1851 E. First Street, Suite 860
Santa Ana, California 92705
Telephone:  (714) 285-0025
Facsimile:   (714) 285-0028

Attorneys for Specially Appearing for
Third-Party Defendants, ASIA PACIFIC OIL &
GAS LTD., a Seychelles Islands entity,
AMIRZHAN JAKISHEV, and ADILZHAN DZHAKISHEV

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAZENERCOM TOO; ET AL., <br><br>Plaintiffs, <br><br>v. <br><br>TURAN PETROLEUM, INC.; ET AL., <br><br>Defendants. | CASE NO. 08:09cv00059-JVS <br><br>Assigned for All Purposes to: <br>Hon. James V. Selna <br>Dept: 10C <br><br>Date Action Filed January 14, 2009 <br>Trial Date: None Set |
| TURAN PETROLEUM, INC., <br><br>Defendant and Counterclaimant, <br><br>v. <br><br>YERKIN BEKTAYEV and KANET MEIRMANOV, <br><br>Plaintiffs and Counterdefendant. | **DECLARATION OF ADILZHAN DZHAKISHEV IN SUPPORT OF THIRD-PARTY DEFENDANTS' MOTION TO DISMISS SECOND AMENDED THIRD-PARTY COMPLAINT OF YERKIN BEKTAYEV AND KANET MEIRMANOV** <br><br>[Filed concurrently with: [Proposed] Order; Motion to Dismiss; Declarations of Amirzhan Jakishev and John R. Flocken, Esq.] |
| TURAN PETROLEUM, INC., <br><br>Defendant and Third-Party Plaintiff, <br><br>v. <br><br>WELLS FARGO, N.A., YERKIN AKKUZOV, SABIRGAN DUHALIEV, IGOR MAXIMOV, <br><br>Defendants in Third-Party Complaint. | Date:        April 30, 2012 <br>Time:       1:30 p.m. <br>Courtroom:  10C |

1

**DECLARATION OF ADILZHAN DZHAKISHEV IN SUPPORT OF THIRD-PARTY DEFENDANTS' MOTION TO DISMISS SECOND AMENDED THIRD-PARTY COMPLAINT**

| | |
|---|---|
| YERKIN BEKTAYEV and KANET MEIRMANOV, | ) ) ) |
| Counterdefendants and Third-Party Plaintiffs, | ) ) ) ) |
| v. | ) ) ) |
| ASIA PACIFIC OIL & GAS LTD. (incorporated in the Seychells Islands); AMIRGAN DZHAKISHEV, ADILZHAN DZHAKISHEV, YURI VANETIK; ROBERT VAN DUREN; ROBIN BISARYA; OKKE FINANCIAL LTD.; ALCINA COMPANY CORP., PINGTON INVESTMENT LTD.; PINE BROOK S.A., HINES INVESTMENTS S.A.; ESSEX MANAGERS LTD.; VARRIAL FINANCIAL TRADING LTD.; COAST FINANCE LTD.; FREEMAN FREEMAN SMILEY LLP, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Third-Party Defendants. | ) |

I, Adilzhan Dzhakishev, declare:

1. I am a citizen of the nation of Kazakhstan. Since February, 2012, I reside in the United States as a permanent resident. I am a third party defendant in the above action. I make this Declaration based on my own knowledge and, if called as a witness, could and would testify competently to the matters stated herein.

2. I am a director of third-party defendant Asia Pacific Oil & Gas Ltd. Asia Pacific is a foreign entity organized and existing under the laws of the Seychelles Islands and has its principal place of business in London, England. Asia Pacific does not have any offices in the United States. I am a former judge employed by the nation of Kazakhstan and am very familiar with its laws regarding service of process. I retired from being a Judge in July, 2008.

2

**DECLARATION OF ADILZHAN DZHAKISHEV IN SUPPORT OF THIRD-PARTY DEFENDANTS' MOTION TO DISMISS SECOND AMENDED THIRD-PARTY COMPLAINT**

3. I am informed that third-party plaintiffs Yerkin Bektayev and Kanet Meirmanov ("Plaintiffs") attempted to serve the original Verified Third-Party Complaint in this matter on me, my brother Amirzhan Jakishev,[1] and Asia Pacific by mail or delivery thereof to my former residence, located at 30 Rubinshtein Street, Almaty, Republic of Kazakhstan. The current residents at the time of the attempted service at the above address are not and never have been managing or general agents, employees, officers or directors of Asia Pacific. Nor have they ever been managing or general agents or employees for me or my brother Amirzhan. Nor have they ever been authorized by Asia Pacific, me, or my brother, to accept service of process or any legal action against Asia Pacific, me, or my brother. At the time of such attempted service, I was not there, nor did I live at that location any more. Nor were any of the other third party defendants present at the time of such attempted service. Based on my understanding of the law of the Republic of Kazakhstan, the method of service used by Plaintiffs did not comply with the methods of service for the courts of general jurisdiction of the Republic of Kazakhstan.

4. I am further informed that Plaintiffs claim that they served the Verified Amended Third-Party Complaint in this matter on me, my brother Amirzhan, and Asia Pacific by electronic mail and First Class mail on or about June 30 and/or July 8, 2009, at a residence located at 33 Skyridge, Newport Coast, California 92657, where I temporarily lived during 2008. Attached as **Exhibit 1** is a true and correct copy of the mailing envelope used to mail the Verified Amended Third-Party Complaint addressed to me. Attached as **Exhibit 2** is a true and correct copy of the mailing envelope used to mail the Verified

---

[1] My brother, Amirzhan Jakishev, and I have the same last name, but mine is spelled differently in English because it was misspelled some years ago on my original passport and visa documents and has remained a different spelling from my brother's last name ever since that time on all my official documents.

3

**DECLARATION OF ADILZHAN DZHAKISHEV IN SUPPORT OF THIRD-PARTY DEFENDANTS' MOTION TO DISMISS SECOND AMENDED THIRD-PARTY COMPLAINT**

Amended Third-Party Complaint addressed to my brother Amirzhan. Attached as **Exhibit 3** is a true and correct copy of the mailing envelope used to mail the Verified Amended Third-Party Complaint addressed to Asia Pacific. Neither I nor my brother Amirzhan reside at that residence. Nor do we or Asia Pacific have a place of business at that residence. Nor were any of us present at the time of such alleged service.

5. The residents at 33 Skyridge, Newport Coast, California 92657, at the time of the alleged service on June 30, 2009, were not and never have been a managing or general agents, employees, officers or directors of Asia Pacific. Nor have they ever been managing or general agents or employees for me or my brother Amirzhan. Nor have they ever been authorized by Asia Pacific, me, or my brother to accept service of process or any legal action against Asia Pacific, me, or my brother. I am unaware if Plaintiffs attempted to serve Asia Pacific, me, or my brother by any other means than described above.

6. Regarding contacts in California or the United States, Asia Pacific does not have any offices or telephone numbers in California or the United States. Neither me, my brother Amirzhan, nor Asia Pacific have ever imported or otherwise distributed any products to consumers in the State of California or anywhere else in the United States. Neither my brother, Amirzhan, nor Asia Pacific owns or leases any real property in California or the United States. Nor have Amirzhan, Asia Pacific, or I conducted any advertising or marketing in California or the United States. Other than the present special appearance, we have not sought use of the courts within California or elsewhere in the United States. Nor have any of us been personally served with process or papers for any lawsuit in California or the United States. Nor have any of us operated a business, operated a web site, or issued press releases in the United States. Asia Pacific has never

4

DECLARATION OF ADILZHAN DZHAKISHEV IN SUPPORT OF THIRD-PARTY DEFENDANTS' MOTION TO DISMISS SECOND AMENDED THIRD-PARTY COMPLAINT

applied for a loan or opened a bank account in California.

7. Plaintiffs allege that Asia Pacific "engages in business in the U.S. and internationally" and "is subject to the jurisdiction of this Court because it was used for the unlawful transfer of 20% of the assets represented by the rights under the Concession, because it became involved with Turan's assets in California, and because [Asia Pacific] was a transferee of assets in violation of the California Uniform Fraudulent Transfer Act." (Verified Third-Party Complaint, ¶ 6.) None of these allegations of the Verified Amended Third-Party Complaint, or the Verified Second Amended Complaint are true or have any basis in fact. Asia Pacific did not receive any monies originating from Turan's assets in California; rather, it was Turan that received $5,000,000 (U.S.) from Asia Pacific as an investment in Turan Enerpetroleum, a Kazakhstan company, and for the right to exercise an option to purchase Turan Petroleum's shares, an option which Asia Pacific thus far has not been permitted to exercise. Nor was Asia Pacific used to transfer any assets in violation of any fraudulent transfer laws.

8. I am the holder of a permanent visa to live in the United States. However, before February of 2008, I had never lived in California or the United States. I had visited California once in 2006, while on a short vacation here, and I traveled a couple of times to the eastern United States during the last several years. I came to live temporarily in California from February, 2008, to June 2008. I returned to Kazakhstan from June to August, 2008, to be married, then returned to California, in August, 2008, where I studied English and business management at the University of California at Irvine.

9. I am neither the agent nor nominee for Asia Pacific for service of process. Contrary to Plaintiffs' allegations, I have not been involved in any unlawful transfer of

5

**DECLARATION OF ADILZHAN DZHAKISHEV IN SUPPORT OF THIRD-PARTY DEFENDANTS' MOTION TO DISMISS SECOND AMENDED THIRD-PARTY COMPLAINT**

Turan's or any other entity's stock, I have not been involved in the receipt of proceeds that originated from California, and I have not knowingly violated any California laws, including the California Uniform Fraudulent Transfer Act, or any other law, or damaged Plaintiffs in any way.

10. I have neither conducted nor solicited any business in California or the United States, other than entering into a joint venture contract in New York that never went beyond the contract negotiation stage. Asia Pacific has neither conducted nor solicited any business in California or the United States other than stock purchase and stock option purchase contracts with Turan Petroleum on January 7, 2009. On that day, Asia Pacific agreed to purchase 20 percent of the shares of a Kazakhstan company, named Turan Enerpetroleum, LLP, after I was solicited by its parent company, Turan Petroleum, Inc., a Nevada corporation. Asia Pacific also entered into a contract granting an option to Asia Pacific to purchase 10,000,000 shares of Turan Petroleum. The total package, purchase of shares in Turan Enerpetroleum and the purchase of stock options in Turan Petroleum, was granted in exchange for $5,000,000.00 (U.S.), which was paid to Turan Petroleum.

11. Attached hereto as **Exhibit 4** is a true and correct copy of the original, executed version of the Sale Agreement of Shares in the Capital of Turan Enerpetroleum LLP, dated January 7, 2009, which was written and executed in the Russian language. Attached hereto as **Exhibit 5** is a true and correct copy of the unexecuted English translation of **Exhibit 4**, the Sale Agreement of Shares in the Capital of Turan Enerpetroleum LLP. Attached hereto as **Exhibit 6** is a true and correct copy of the executed Stock Option Agreement, Turan Petroleum, Inc., dated January 7, 2009, which was originally written and signed in English. Both of these closely-related agreements are

**DECLARATION OF ADILZHAN DZHAKISHEV IN SUPPORT OF THIRD-PARTY DEFENDANTS' MOTION TO DISMISS SECOND AMENDED THIRD-PARTY COMPLAINT**

governed by *foreign law* (i.e., Kazakhstan and Nevada) and relate to the purchase of shares of *foreign companies* (i.e., Kazakhstan and Nevada).

12. Notwithstanding the purchase of the right to exercise the stock options in **Exhibit 6**, I have not been able to exercise the stock options to purchase the shares of Turan Petroleum and no services have been performed pursuant to these agreements.

13. Since the foregoing transaction is governed entirely by foreign law and concerns the purchase of shares only in two foreign entities, there is nothing in Asia Pacific's actions which shows that it is invoking the benefits and protections of California laws and the fact that the agreements were signed in California is solely because I, as director, was a student in California at the time such contracts were signed. There was no intention to invoke California law, as shown by the face of **Exhibits 5 and 6**.

14. The transfer of 20% of Turan Enerpetroleum's stock merely represented a stock purchase or investment, not a purchase or transfer of assets, in a Kazakhstan company whose primary purpose is to explore and develop oil and gas fields in Kazakhstan. This foreign stock purchase was concerned with development of a foreign oil concession and it is merely incidental that the agreement was signed in California. No California assets, interests, or companies were involved in this transaction. Thus, Asia Pacific clearly was not performing some act by which it purposefully availed itself of the privilege of conducting activities in California. Moreover, the place of execution of the contract does not show that Asia Pacific was invoking the benefits and protections of California law because both agreements are clearly governed by foreign, not California, law. See **Exhibit 5**, at §5.8 and **Exhibit 6**, at §6.3.

15. Asia Pacific did not receive any monies from this stock purchase transaction

7

**DECLARATION OF ADILZHAN DZHAKISHEV IN SUPPORT OF THIRD-PARTY DEFENDANTS' MOTION TO DISMISS SECOND AMENDED THIRD-PARTY COMPLAINT**

involving Turan Petroleum, as shown on the face of **Exhibits 5 and 6**. Instead, Asia Pacific paid $5,000,000 (U.S.) to make a stock investment in two foreign companies.

16. Plaintiffs' claims do not arise out of my forum-related activities because at the time I was in California solely pursuant to a study visa.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on this 28 day of March, 2012, in Newport Coast, California.



ADILZHAN DZHAKISHEV

8

**DECLARATION OF ADILZHAN DZHAKISHEV IN SUPPORT OF THIRD-PARTY DEFENDANTS' MOTION TO DISMISS SECOND AMENDED THIRD-PARTY COMPLAINT**