UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-59 JVS (MLGx) | Date | April 27, 2012 |
| Title | Kazenercom Too, et al. v. Turan Petroleum, Inc., | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | John Hamilton |

**Proceedings:** Specially Appearing Third Party Defendants Asia Pacific Oil & Gas Ltd., Amirzhan Jakishev, and Adilzhan Dzhakishev's Motion To Dismiss Verified Second Amended Third-Party Complaint of Yerkin Bektayev and Kanet Meirmanov For: (1) Insufficient Service; (2) Lack of Personal Jurisdiction; (3) Failure to State a Claim; And (4) Lack of Subject Matter Jurisdiction Fed.R.Civ.Pro. 12(b)(1),(2),(5),(6); 28 U.S.C. §1367(c)] (fld 4-2-12)

    Cause called and counsel John Hamilton makes his appearance.   The Court informs Mr. Hamilton that the moving party and plaintiff have submitted on the Court's tentative ruling, previously issued.    The Court GRANTS the above referenced motion and rules in accordance with the tentative ruling as follows:

    Third-Party Defendants Asia Pacific Oil & Gas Ltd. ("APOG"), Adilzhan Dzhakishev,[1] and Amirzhan Jakishev (collectively, "Third-Party Defendants") move to dismiss the Verified Second Amended Third-Party Complaint ("SATPC," Docket No. 441) of Third-Party Plaintiffs Yerkin Bektayev and Kanet Meirmanov (collectively, "Third-Party Plaintiffs"). The motion is unopposed.[2] For the following reasons, the

---

    [1] All references to "Dzhakishev" herein include only Adilzhan; other Dzhakishevs are parties in this lawsuit. Third-Party Plaintiffs erroneously refer to "Aldizhan Dzhakishev."

    [2] Local Rule 7-9 provides that an opposing party shall file "not later than twenty-one (21) days before the date designated for the hearing of the motion . . . the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely . . . ." Local Rule 7-12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 09-59 JVS (MLGx)                    Date   April 27, 2012

Title   Kazenercom Too, et al. v. Turan Petroleum, Inc.,

motion is GRANTED.

**I.     Background**

   This lawsuit arises out of activities relating to the issuance and sale of stock in entities involved in oil and gas extraction in Kazakhstan, as well as the transfer of rights under a concession agreement with the Kazakh Government. (SATPC ¶¶ 4, 28-164.) Third-Party Plaintiffs are citizens of Kazakhstan. They engage in business internationally, but maintain a mailing address in Kazakhstan. (Id. ¶¶ 2-3.) At the times relevant to this lawsuit, they held various positions in some of the entities mentioned above. (Id. ¶¶ 2-4.) On March 15, 2012, they filed the SATPC against Third-Party Defendants and others, asserting the following claims: (1) violation of the Racketeer Influenced Corrupt Organizations Act; (2) violation of securities laws; (3) conversion; (4) breach of contract; (5) fraud and misrepresentation; (6) unjust enrichment; (7) civil conspiracy; (8) fraudulent conveyances; (9) accounting; and (10) declaratory relief. (Id. ¶¶ 165-296.)

   APOG is an entity organized and existing under the laws of Seychelles, with its principal place of business in London, England. (Dzhakishev Decl. ¶ 2, Docket No. 447-1.) It has not imported, sold, or otherwise provided any goods or services to consumers in the United States, nor has it advertised or marketed here.[3] (Id. ¶ 6.) It does not own or lease any real property in the United States, nor does it maintain an office or telephone number here. (Id. ¶¶ 2, 6.) It has never applied for a loan or opened a bank account in the United States. (Id ¶ 6.) Prior to this lawsuit, it had never sought the use of any U.S. court. (Id.)

   Dzhakishev and Jakishev are citizens of Kazakhstan. (Dzhakishev Decl. ¶ 1;

---

```
further provides that "[t]he failure to file any required paper,
or the failure to file it within the deadline, may be deemed
consent to the granting or denial of the motion." The Court deems
Third-Party Plaintiffs' failure to oppose the instant motion as
consent to the granting of it. The Court also grants the motion
on its merits.
```

   [3] APOG did enter into two related agreements in Costa Mesa, California, however. (Dzhakishev Decl. ¶¶ 10-15.) Both agreements are governed by foreign law and relate to the purchase of stock in foreign companies. (Id. Exs. 5-6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 09-59 JVS (MLGx)                              Date   April 27, 2012

Title   Kazenercom Too, et al. v. Turan Petroleum, Inc.,

Jakishev Decl. ¶ 1, Docket No. 447-8.) Dzhakishev, a former judge in Kazakhstan, has resided in the United States with a permanent visa since February 2012. (Dzhakishev Decl. ¶¶ 1-2, 8.) Before then, he visited California once in 2006 while on vacation and also lived in the state temporarily on two separate occasions, once while studying at the University of California at Irvine. (Dzhakishev Decl. ¶ 8.) Jakishev has lived in Kazakhstan all his life. (Jakishev Decl. ¶¶ 1, 6.) He has only vacationed in California twice. (Id. ¶ 6.) Neither Dzhakishev nor Jakishev has imported, sold, or otherwise provided any goods or services to consumers in the United States, or maintained a place of business here. (Dzhakishev Decl. ¶¶ 6, 10; Jakishev Decl. ¶¶ 5-6.) Neither person owns any real property in the United States. (Dzhakishev Decl. ¶ 6; Jakishev Decl. ¶ 5.) Dzhakishev entered into several transactions for student housing while studying in the United States. He also engaged in discussions regarding a potential contract in New York. (Mot. 5; Dzhakishev Decl. ¶¶ 6, 10.) Prior to this lawsuit, neither Dzhakishev nor Jakishev has sought the use of any U.S. court. (Dzhakishev Decl. ¶ 6; Jakishev Decl. ¶ 5.)

## II.   Legal Standards

### A.   Insufficient Service of Process

Rule 4 governs the manner in which process must be served. See generally Fed. R. Civ. P. 4. Rule 4(f) and 4(h)(2) set forth acceptable methods for serving individuals and corporations "not within any judicial district of the United States."[4] Under Rule 12(b)(5),

---

[4] Rule 4(f) states in part:

> Unless federal law provides otherwise, an individual — other than a minor, an incompetent person, or a person whose waiver has been filed — may be served at a place not within any judicial district of the United States: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad Judicial and Extrajudicial Documents; (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice: (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction; (B) as the foreign authority directs in response to a letter rogatory or letter of request; or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 09-59 JVS (MLGx)                                    Date   April 27, 2012

Title   Kazenercom Too, et al. v. Turan Petroleum, Inc.,

a court may dismiss a complaint where there is insufficient service of process. See Fed. R. Civ. P. 12(b)(5). "Once service is challenged, the plaintiff bears the burden of establishing that service was valid under Rule 4." Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).

     B.     Lack of Personal Jurisdiction

To establish personal jurisdiction over a nonresident defendant, a plaintiff must show that the forum's jurisdictional statute confers personal jurisdiction over the defendant, and that the exercise of jurisdiction accords with federal constitutional due process. FDIC v. British-Am. Ins. Co., 828 F.2d 1439, 1441 (9th Cir. 1987). The plaintiff bears the burden of demonstrating that the Court's exercise of jurisdiction over the defendant is appropriate. Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990). The plaintiff must make only a prima facie showing of jurisdictional facts, however. Data Disc, Inc. v. System Tech. Assocs., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977). In determining whether the plaintiff has met this burden, the Court must take all uncontroverted allegations in the plaintiff's complaint as true. Dole Food Co. v. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002). Any disputed facts must be resolved in favor of the

---

```
          (C) unless prohibited by the foreign country's law, by:
          (i) delivering a copy of the summons and of the complaint
          to the individual personally; or (ii) using any form of
          mail that the clerk addresses and sends to the individual
          and that requires a signed receipt; or (3) by other means
          not prohibited by international agreement, as the court
          orders.

Fed. R. Civ. P. 4(f).

          Rule 4(h) states:

              Unless federal law provides otherwise or the
          defendant's waiver has been filed, a domestic or foreign
          corporation, or a partnership or other unincorporated
          association that is subject to suit under a common name,
          must be served . . . (2) at a place not within any
          judicial district in the United States, in any manner
          prescribed by Rule 4(f) for serving an individual, except
          personal delivery under f(2)(C)(i).

Fed. R. Civ. P. 4(h)(2).
```

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 09-59 JVS (MLGx)                                   Date   April 27, 2012

Title   Kazenercom Too, et al. v. Turan Petroleum, Inc.,

plaintiff. Menken v. Emm, 503 F.3d 1050, 1056 (9th Cir. 2007).

Where there is no applicable statute authorizing federal jurisdiction, the district court applies the law of the state in which the district sits. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). California's long-arm statute, California Civil Procedure Code section 410.10, extends this jurisdiction to the maximum extent permitted by federal constitutional due process, so the jurisdictional analyses under state and federal law are the same. Id. at 800-01. Absent one of the traditional bases for jurisdiction, the Constitution requires that a defendant have at least "minimum contacts" with the relevant forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Personal jurisdiction may be either "general" or "specific." Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986).

   1.   *General Jurisdiction*

"A defendant is subject to general jurisdiction only where the defendant's contacts with a forum are 'substantial' or 'continuous and systematic.'" Easter v. Am. W. Fin., 381 F.3d 948, 960 (9th Cir. 2004) (citation omitted). General jurisdiction is usually limited to large companies doing a large amount of business locally on a regular basis. See Amoco Egypt Oil Co. v. Leonis Navigation Co., 1 F.3d 848, 851 n. 3 (9th Cir. 1993).

   2.   *Specific Jurisdiction*

If a defendant's contacts with the forum state are not substantial or continuous and systematic, the court may exercise specific jurisdiction over the defendant only if the alleged activities occurred in the forum state. See Brand, 796 F.2d at 1073. The Ninth Circuit recognizes a three-pronged test to determine whether specific jurisdiction exists:

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 09-59 JVS (MLGx)                                    Date   April 27, 2012

Title   Kazenercom Too, et al. v. Turan Petroleum, Inc.,

Schwarzenegger, 374 F.3d at 802.

    C.    Failure to State a Claim

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 1949 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. Furthermore, the Court must not "accept as true a legal conclusion couched as a factual allegation." Id. at 1949-50 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 1950. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

    D.    Lack of Subject Matter Jurisdiction

Dismissal under Rule 12(b)(1) is proper when the plaintiff fails to adequately plead subject matter jurisdiction in the complaint. See Fed. R. Civ. P. 12(b)(1). A jurisdictional attack pursuant to Rule 12(b)(1) may be facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If the challenge is based solely upon the allegations in the complaint (a "facial attack"), the court generally presumes the allegations in the complaint are true. Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003); see White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). If, instead, the challenge disputes the truth of the allegations that would otherwise invoke federal jurisdiction, the challenger has raised a "factual attack," and the Court may review evidence beyond the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-59 JVS (MLGx) | Date | April 27, 2012 |
| Title | Kazenercom Too, et al. v. Turan Petroleum, Inc., | | |

confines of the complaint without assuming the truth of the plaintiff's allegations. Safe Air, 373 F.3d at 1039. The plaintiff bears the burden of establishing subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

### III. Discussion

    A.    Insufficient Service

Third-Party Defendants first argue that the SATPC must be dismissed because they were not served pursuant to Rule 4.[5] (Mot. 6-9.) The Court agrees.

Third-Party Plaintiffs attempted to serve the original Verified Third-Party Complaint upon Third-Party Defendants at Dzhakishev and Jakishev's *former* residence in Kazakhstan. (Dzhakishev Decl. ¶ 3; Jakishev Decl. ¶ 2.) Third-Party Plaintiffs attempted to serve the SATPC upon Third-Party Defendants by electronic mail and first-class mail sent to the *former* California residence of Dzhakishev. (Dzhakishev Decl. ¶ 4; Jakishev Decl. ¶ 3.) Neither attempt to serve Third-Party Defendants satisfied Rule 4.[6] See Fed. R. Civ. P. 4(f), (h).

    B.    Lack of Personal Jurisdiction

Next, Third-Party Defendants argue that the SATPC must be dismissed because this Court lacks personal jurisdiction over them. (Mot. 10-16.) The Court agrees.

---

[5] According to counsel for Third-Party Defendants, counsel for Third-Party Plaintiffs failed to meet and confer with him to discuss the insufficient service. (Flocken Decl. ¶ 3, Docket No. 447-9.) This is a violation of Local Rule 7-3.

[6] Seychelles is a signatory to the Hague Convention, so service upon APOG could have been effected by forwarding the summons and complaint to Seychelles' "Central Authority." See Brockmeyer, 383 F.3d at 801. However, this was not done. Kazakhstan is not a signatory to the Convention, so Dzhakishev and Jakishev could have been served only "by a method that is reasonably calculated to give notice." Fed. R. Civ. P. 4(f)(2). According to Dzhakishev, a former judge in Kazakhstan who is familiar with its laws regarding service of process, neither attempt to serve Third-Party Defendants complied with the laws of Kazakhstan. (Dzhakishev Decl. ¶ 3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 09-59 JVS (MLGx)　　　　　Date  April 27, 2012

Title  Kazenercom Too, et al. v. Turan Petroleum, Inc.,

### 1. *Traditional Bases*

None of the traditional bases for personal jurisdiction exists here. See Burnham v. Superior Court, 495 U.S. 604, 610-11 (1990) (the party is served within the state); Nat'l Equip. Rental v. Szukhent, 375 U.S. 311, 316 (1964) (the party consents); Milliken v. Meyer, 311 U.S. 457, 463 (1940) (the party is domiciled in the state). Accordingly, the Court focuses on Third-Party Defendants' contacts with California.

### 2. *General Jurisdiction*

The standard for a finding of general jurisdiction over nonresident defendants is "exacting." Schwarzenegger, 374 F.3d at 801. "[T]he defendant[s] must engage in 'continuous and systematic general business contacts,' that 'approximate physical presence' in the forum state." Id. (citations omitted). Here, Third-Party Defendants' minimal contacts with California certainly do not constitute a "physical presence" in the state. Therefore, the Court does not have general jurisdiction over them.

### 3. *Specific Jurisdiction*

The Court must apply the Ninth Circuit's three-pronged test to determine whether specific jurisdiction exists here. Schwarzenegger, 374 F.3d at 802. If Third-Party Plaintiffs fail to satisfy either of the first two prongs, the Court does not have specific jurisdiction over Third-Party Defendants. See id.

Third-Party Defendants have not purposefully directed their activities at residents of California or availed themselves of the privileges of conducting activities in the state. Dzhakishev has lived in the United States as a permanent resident only since February 2012,[7] and he is still a citizen of Kazakhstan. Before then, he lived and studied in California temporarily. Dzhakishev was a judge in Kazakhstan and is now retired. He has never conducted or solicited any business in California. Jakishev is a resident and citizen of Kazakhstan. He has never lived in the United States and has only traveled to California twice for vacations. APOG has never conducted or solicited business in California either. The only agreements that APOG has entered into in California are governed by foreign

---

[7] The original Verified Third-Party Complaint was filed in March 2009. (Docket No. 90.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-59 JVS (MLGx) | Date | April 27, 2012 |
| Title | Kazenercom Too, et al. v. Turan Petroleum, Inc., | | |

law and involve the purchase of stock in foreign companies. These contacts alone are insufficient to support personal jurisdiction over APOG. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-79 (1985). The agreements were incidentally signed in California. (Mot. 13.) Finally, Third-Party Defendants do not have any real property, offices, or bank accounts in California. Third-Party Plaintiff's failure to satisfy the first prong could end the Court's inquiry.

     The Court also finds that its exercise of personal jurisdiction over Third-Party Defendants would be unreasonable. See Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1487-88 (9th Cir. 1993). First, Third-Party Defendants' contacts with California are almost nonexistent. Second, and most significantly,[8] the burden on them of defending this lawsuit in California would be substantial — APOG is a Seychelles company, Jakishev resides in Kazakhstan, and Dzhakishev resides in the United States, but not in California. Third, because both Third-Party Plaintiffs and two of the three Third-Party Defendants are citizens of Kazakhstan, and APOG is a Seychelles company, "the sovereignty barrier is high[]" here. See Rocke v. Canadian Auto. Sport Club, 660 F.2d 395, 399 (9th Cir. 1981) (citation and internal quotation marks omitted). Fourth, California's interest in resolving this dispute between foreign individuals and entities is minimal. Fifth, there is no reason to believe that California could most efficiently resolve this dispute, especially because most of the parties and witnesses reside outside the United States. Sixth, California is not apparently important to Third-Party Plaintiff's interest in convenient and effective resolution of this dispute because it involves foreign individuals and entities. Finally, Third-Party Plaintiffs have not disputed the availability of an alternative forum, either in Kazakhstan or elsewhere.

     C.    Failure to State a Claim and Lack of Subject Matter Jurisdiction

     Finally, Third-Party Defendants argue that the SATPC must be dismissed because it fails to state a claim, and because the federal claims fail, this Court lacks subject matter jurisdiction. (Mot. 16-23.) The Court agrees.

---

[8] Rocke v. Canadian Auto. Sport Club, 660 F.2d 395, 399 (9th Cir. 1981) ("A primary concern under a due process analysis is with the burden placed upon the defendant."); see Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102 (1987).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 09-59 JVS (MLGx)                              Date   April 27, 2012

Title   Kazenercom Too, et al. v. Turan Petroleum, Inc.,

1.   *The Federal Claims*

Because the Court has already established two other bases for dismissing the SATPC, it addresses only the sufficiency of Third-Party Plaintiffs' federal claims.

a.   Violation of RICO

Third-Party Plaintiffs assert a claim for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968. (SATPC ¶¶ 165-204.) The elements of a civil RICO claim are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'" Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 361 (9th Cir. 2005) (quoting Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir. 1996)). The allegations in the SATPC fall far short of stating a plausible civil RICO claim. With respect to Third-Party Defendants, Third-Party Plaintiffs merely allege that "the APOG parties named herein were also part of the enterprise" (SATPC ¶ 166) and that "[t]he APOG defendants were part of this RICO conspiracy" because some alleged conversations between them and other defendants "give[] rise to an inference of awareness on the APOG defendants' part as to the nature of the scheme" (id. ¶ 201). The Court may not accept these unsupported legal conclusions as true. See Twombly, 550 U.S. at 555.

b.   Violation of Securities Laws

Third-Party Plaintiffs' claim for "Violation of Securities Laws" — specifically § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, and the accompanying SEC Rule 10b-5 — fails because they do not have standing to assert the claim. Nowhere in the SATPC do Third-Party Plaintiffs allege that they actually purchased or sold any securities. See Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723 (1975) (limiting standing under § 10(b) and Rule 10b-5 to actual purchasers and sellers of securities). Nor do they allege any wrongdoing specifically by Third-Party Defendants.

2.   *Subject Matter Jurisdiction*

Because Third-Party Plaintiffs have failed to state a federal claim, the Court does not have federal question jurisdiction. See 28 U.S.C. § 1331. Furthermore, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 09-59 JVS (MLGx)  Date  April 27, 2012

Title  Kazenercom Too, et al. v. Turan Petroleum, Inc.,

declines to exercise supplemental jurisdiction over the state law claims. See 28 U.S.C. § 1367(c). This provides yet another basis for granting the motion.[9]

**IV.  Conclusion**

For the foregoing reasons, the motion is GRANTED.

: 01

Initials of Preparer  kjt

---

[9] Third-Party Plaintiffs have not established diversity jurisdiction. (See SATPC ¶ 23.)