LODGED  PROP ORDER

FILED

CLERK U.S DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

2012 NOV 16  PM 2: 26

BY

1   Rick Augustini (State Bar No. 160934)
2   LAW OFFICE OF RICK AUGUSTINI
    620 Newport Center Drive, Suite 1100
3   Newport Beach, CA 92660
    Phone:        (949) 721-6624
4   Fax:          (949) 721-6623
5   E-Mail:       rick.augustini@gmail.com

6   Attorneys for Judgment Creditor/Lien Claimant
7   RICK AUGUSTINI

8

9                    UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA—SOUTHERN DIVISION

11

12  KAZENERCOM TOO, et al.,              Case No. 8:09-cv-00059-JVS-MLG

13          Plaintiffs,                  NOTICE OF MOTION AND MOTION: (1)
                                         FOR ORDER LEVYING/RELEASING
14  v.                                   PORTION OF INTERPLEADED FUNDS TO
                                         SATISFY JUDGMENT/LIEN; OR IN THE
15                                       ALTERNATIVE, (2) FOR ORDER
    TURAN PETROLEUM, INC., et al.,       GRANTING LIEN ON ANY CAUSE OF
16                                       ACTION, RIGHT TO RELIEF OR
17          Defendants.                  JUDGMENT THAT TURAN PETROLEUM
                                         MAY HAVE; MEMORANDUM OF
18                                       POINTS AND AUTHORITIES,
                                         DECLARATIONS OF RICK AUGUSTINI
19                                       AND ANATOLY VANETIK AND
20                                       REQUEST FOR JUDICIAL NOTICE IN
                                         SUPPORT THEREOF
21
22                                       Date:       December 17, 2012
23                                       Time:       1:30 p.m.
                                         Courtroom:  10C
24

25

26

27

28
    ────────────────────────────────────────────────────────────
    MOTION FOR ORDER LEVYING/RELEASING PORTION OF INTERPLEADED FUNDS TO SATISFY
                              JUDGMENT/LIEN

1    TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2       PLEASE TAKE NOTICE that Judgment Creditor/Lien Claimant RICK AUGUSTINI

3    ("Judgment Creditor") will and hereby does move the Court for: (1) an order releasing the sum

4    of $203,452.10 (plus interest of $54.85 per day from December 17, 2012 until paid) from the

5    $1,499,942.42 that Wells Fargo Bank, N.A. paid into court on April 1, 2009 (the "Interpleaded

6    Funds") to satisfy Judgment Creditor's judgment/lien; or in the alternative; (2) an order granting

7    Judgment Creditor an express lien with respect to any "cause of action, right to relief or

8    judgment" that TURAN PETROLEUM, INC. ("Turan") may have vis-à-vis the Interpleaded

9    Funds.

10      The hearing will take place at 1:30 p.m. on December 17, 2012 in Courtroom 10C of

11   the above-referenced court located at 411 West Fourth Street, Room 1053, Santa Ana, CA

12   92701-4516.

13      The application will be based on this notice of motion and motion, the attached

14   memorandum of points and authorities, supporting declaration(s) and request(s) for judicial

15   notice, the file in this matter and any oral argument or other evidence that the Court permits.

16      Pursuant to Local Rule 7-3, Judgment Creditor met and conferred with opposing

17   counsel from November 14-16, 2012.  Turan advised Judgment Creditor that it supports this

18   motion. Judgment Creditor was unable to determine whether Third Party Claimants YERKIN

19   BEKTAYEV, KANET MERIMANOV, YERKIN AKKUZOV, SABIRGAN DUSHALIEV

20   and IGOR MAXIMOV intend to oppose this motion. *See* Declaration of Rick Augustini, ¶¶ 4-

21   11.

22   Dated:  November 16, 2012                LAW OFFICE OF RICK AUGUSTINI

23                                            s/Rick Augustini

24                                    By: _____
                                          Rick Augustini
25                                        Attorneys for Judgment Creditor/Lien Claimant
26                                        RICK AUGUSTINI

27

28
                                            2
MOTION FOR ORDER LEVYING/RELEASING PORTION OF INTERPLEADED FUNDS TO SATISFY
JUDGMENT/LIEN

**Memorandum Of Points And Authorities**

**I.**
**SUMMARY OF ARGUMENT**

By this motion, Judgment Creditor/Lien Claimant RICK AUGUSTINI ("Judgment Creditor") seeks to levy a portion of the $1,499,942.42 that Wells Fargo Bank, N.A. ("Wells Fargo") paid into court on April 1, 2009 (the "Interpleaded Funds").

As the Court knows, Judgment Creditor used to represent TURAN PETROLEUM, INC. ("Turan").

When Turan failed and refused to pay Judgment Creditor despite repeated assurances, he withdrew as Turan's attorney in this action, filed suit against Turan in Orange County Superior Court, obtained a judgment and filed a notice of lien.

Where, as here, it is *undisputed* that *Turan* owns the Interpleaded Funds, and the underlying dispute concerns *control of Turan's board* as opposed to *ownership* of the Interpleaded Funds, the Counterclaim in Interpleader that Wells Fargo filed is not a true interpleader action.

To the contrary, the Court invited Wells Fargo to pay the Interpleaded Funds into court in after Wells Fargo received competing demands from *two different boards* that it release the Interpleaded Funds to them *for the benefit of Turan*.

It therefore follows that none of Third Party Claimants YERKIN BEKTAYEV, KANET MERIMANOV, YERKIN AKKUZOV, SABIRGAN DUSHALIEV and IGOR MAXIMOV (the "Bektayev Parties") has an *ownership* interest in (or any other right to take) the Interpleaded Funds as a matter of law.

It also is undisputed that: (1) Judgment Creditor is the *only* creditor who has obtained judgment against Turan; and (2) Turan is liable to Judgment Creditor no matter which slate of directors the Court decides is entitled to control its board since he was *defending* Turan against lawsuits filed by third parties, including the California Department of Corporations, which filed two separate actions against it wherein it demanded *over $10 million* in damages and tried to freeze *all* of its assets.

3

1    For these reasons, among others, Judgment Creditor is not required to wait until after the

2  trial on the Counterclaim in Interpleader to levy on the Interpleaded Funds, and he is entitled to an

3  order releasing the sum of $203,452.10 (plus interest of $54.85 per day from and after December

4  17, 2012) to pay his judgment.

5    In the alternative, Judgment Creditor is entitled to an order granting him an express lien

6  with respect to any "cause of action, right to relief or judgment" that Turan may have vis-à-vis the

7  Interpleaded Funds pursuant to California Rule of Court 3.1360 and/or California Code of Civil

8  Procedure section 708.470.

9
**II.**
**JUDGMENT CREDITOR IS ENTITLED TO AN ORDER RELEASING THE SUM OF**
10
**$203,452.10 FROM THE INTERPLEADED FUNDS**

11

12    The general rule under California law is "first in time, first in right" with respect to

judgment liens. *Cal. Civ. Code* § 2897 ("Other things being equal, different liens upon the same
13
property have priority according to the time of their creation...")
14
    Judgment creditors also have the right to lien pending actions under California law:
15

16    (a)    A judgment creditor who has a money judgment against a
judgment debtor who is a party to a pending action...may obtain a lien under this
17  article, to the extent required to satisfy the judgment creditor's money judgment,
on both of the following:
18

19    (1)    Any cause of action of such judgment debtor for money or
property that is the subject of the action...
20

21    (2)    The rights of such judgment debtor to money or property
under any judgment subsequently procured in the action or proceeding.
22

23    (b)    To obtain a lien under this article, the judgment creditor shall file a
notice of lien and an abstract or certified copy of the judgment creditor's money
judgment in the pending action...
24

25  *Cal. Civ. Proc. Code* §§ 708.410 (a)-(b).

26    Where, as here, it is *undisputed* that the Interpleaded Funds belong to *Turan* as opposed to

27  any of the Third Party Claimants, i.e., the funds consist of monies deposited into *Turan's* bank

28  account *before* Third Party Claimants caused Wells Fargo to freeze Turan's accounts, Judgment

4

MOTION FOR ORDER LEVYING/RELEASING PORTION OF INTERPLEADED FUNDS TO SATISFY
JUDGMENT/LIEN

1  Creditor is entitled to levy on Turan's right to the Interpleaded Funds. *Cal. Civ. Proc. Code* §§

2  708.410 (a)(2); Declaration of Anatoly Vanetik, ¶ 2.

3      Nor can any of Third Party Claimants prevent Judgment Creditor from levying the

4  Interpleaded Funds based on the fact that Wells Fargo filed a Counterclaim in Interpleader.

5      First, as Judgment Creditor noted above, is *undisputed* that the Interpleaded Funds belong

6  to *Turan*, which means that none of the Bektayev Parties has any *ownership* interest in (or any

7  other right to take) the Interpleaded Funds as a matter of law. Vanetik Dec., ¶ 2.

8      To the contrary, the Bektayev Parties repeatedly have claimed that the funds belong to

9  *Turan*. The fact that the Bektayev Parties claim to *control Turan's board* is irrelevant. The funds

10  belong to *Turan*.

11      For example, when the Bektayev Parties demanded that Wells Fargo freeze Turan's bank

12  accounts, they did so *on behalf of Turan* in a letter signed by Kanet Merimanov *in his capacity as*

13  *an alleged director of Turan* on *Turan* letterhead:

14          *We request that Wells Fargo urgently put a freeze on [Turan's] accounts*

15          *at your bank…or any other accounts in the Corporation's name, until the*
          *receivership is instituted and confirmed by the court.*"

16
    Vanetik Dec., ¶ 3 and Ex. 3 (Emphasis Added).

17
        What is more, it was this letter that caused Wells Fargo to file its Counterclaim in

18  Interpleader and pay the Interpleaded Funds into court:

19
            …[O]n March 2, 2009, Wells Fargo received a facsimile transmission

20          labeled 'urgent' from Kanet Merimanov…The letter, *written on Turan letterhead*,
            demands that Wells Fargo freeze three accounts pending receivership and is

21          *signed by Mr. Merimanov as the director of Turan.* [¶]…Accordingly, *two*

22          *factions, each purporting to act for Turan*, have made demand on Wells Fargo
            with regard to the [Interpleaded Funds]…[¶] The evidence…makes it clear that

23          *there are competing factions, each vying for control of Turan in some manner.*
            Whether the claim of one party is valid and the competing claim is without merit

24          is not for Wells Fargo to decide.

25
    Request for Judicial Notice, Ex. 4 at 2-5 (Emphasis Added).

26
        Third, *Turan* is liable for the fees and costs that *Turan* agreed to pay Judgment Creditor no

27
28  matter which faction the Court decides is entitled to control Turan's board since he was *defending*

MOTION FOR ORDER LEVYING/RELEASING PORTION OF INTERPLEADED FUNDS TO SATISFY
JUDGMENT/LIEN

1   Turan against lawsuits filed by third parties, including the California Department of Corporations,

2   which filed suit separate actions against it, demanded *over $10 million* in damages and tried to

3   freeze *all* of its assets.  Declaration of Rick Augustini, ¶ 1.  *Turan* therefore benefitted directly

4   from Judgment Creditor's work.

5        Fourth, any reliance on the Ninth Circuit's decision in *Texaco, Inc. v. Ponsoldt*, 118 F.3d

6   1367 (9th Cir. 1997) is misplaced because, among other things, its facts are distinguishable from

7   those in this case.

8        In *Texaco*, the defendant settled two cases with the plaintiff for $500,000.00. *Texaco*, 118

9   F.3d at 1367.

10        The defendant had several *judgment creditors* at the time of the settlement, and the District

11   Court recommended that the plaintiff commence an interpleader and pay the settlement proceeds

12   into court after *competing judgment creditors* claimed they were entitled thereto.  *Id.*

13        A judgment creditor who obtained a judgment *after* the interpleader action was filed, Imar

14   Arabians, thereafter claimed that its notice of lien gave him priority over earlier liens because he

15   was the first one to serve a notice of lien in the interpleader action.  *Id.* at 1368-1369.

16        One of the earlier judgment creditors, Jerry Vanier, disagreed, and Mr. Vanier filed a

17   summary judgment motion, which the District Court granted based on its conclusion that Mr.

18   Vanier was first in time even though Mr. Arabians had filed his notice of lien in the interpleader

19   action first. *Id.* at 1369.

20        The Ninth Circuit affirmed, holding that: (1) judgment creditors could not obtain priority

21   over earlier creditors because they filed notices of lien in the interpleader action first; and (2) there

22   was no conflict between the general rules governing federal interpleader actions and the California

23   rule of first in time, first in right. *Id.* at 1369-1370.

24        Unlike *Texaco*, this is not a "priority" case, or even a true interpleader case.

25        To the contrary, it is *undisputed* in this case that: (1) *Turan* owns the Interpleaded Funds;

26   and (2) Judgment Creditor is the only creditor of Turan's who has obtained a judgment and/or

27   recorded a lien; (3) none parties to the Counterclaim in Interpleader *other than Turan* has a claim

28   to the Interpleaded Funds; and (4) Turan benefitted directly from Judgment Creditor's work.

6

1    Where, as here, the time to appeal the judgment has passed, the only thing that will happen

2   if the Court does not release the funds is that the amount of the judgment (and Turan's liability to

3   Judgment Creditor) will increase by 10%, or roughly $20,000.00, per year.

4    Judgment Creditor therefore is entitled to an order releasing the sum of $203,452.10 from

5   the Interpleaded Funds to pay his judgment, plus interest of $54.85 per day from and after

6   December 17, 2012.  Augustini Dec., ¶ 3 and Ex. 2.

7

**III.**

**IN THE ALTERNATIVE, JUDGMENT CREDITOR IS ENTITLED TO AN ORDER**
**GRANTING HIM A LIEN ON ANY CAUSE OF ACTION, RIGHT TO RELIEF OR**
**JUDGMENT THAT TURAN MAY HAVE VIS-À-VIS THE INTERPLEADER**

8

9

10

11    California Code of Civil Procedure section 708.470(a)  provides:

12    If the judgment debtor is entitled to money or property under the judgment
     in the action or special proceeding and a lien created under this article exists, upon

13    application of any party to the action or special proceeding, the court may order that
     the judgment debtor's rights to money or property under the judgment be applied to

14    the satisfaction of the lien created under this article as ordered by the court.
     Application for an order under this section shall be on noticed motion. The notice of

15    motion shall be served on all other parties. Service shall be made personally or by

16    mail.

17    California Rule of Court 3.1360 provides:  "A motion that a lien be granted on a cause of

18   action, right to relief, or judgment must be accompanied by an authenticated record of the

19   judgment on which the judgment creditor relies and a declaration as to the identity of the party

20   involved and the amount due."

21    Judgment Creditor is entitled to relief under California Code of Civil Procedure section

22   708.470(a) by virtue of his judgment, and he has satisfied the requirements of California Rule of

23   Court 3.1360.  Augustini Dec., ¶¶ 2-3 and Ex. 2-3.

24    Where, as here, this action involves an interpleader, Judgment Creditor wants to make

25   sure that he is protected going forward.

26    In the event the Court decides not to let Judgment Creditor levy any of the Interpleaded

27   Funds, Judgment Creditor therefore requests that it issue an order granting him an express lien

28

7

MOTION FOR ORDER LEVYING/RELEASING PORTION OF INTERPLEADED FUNDS TO SATISFY
JUDGMENT/LIEN

1  with respect to any "cause of action, right to relief or judgment" that Turan may have vis-à-vis the

2  Interpleaded Funds.

### IV.
### CONCLUSION

For the foregoing reasons, Judgment Creditor respectfully requests that the Court grant

this motion in its entirety.

Dated:  November 16, 2012              LAW OFFICE OF RICK AUGUSTINI

                                        s/Rick Augustini
                                   By: _____
                                        Rick Augustini
                                        Attorneys for Judgment Creditor/Lien Claimant
                                        RICK AUGUSTINI

MOTION FOR ORDER LEVYING/RELEASING PORTION OF INTERPLEADED FUNDS TO SATISFY
JUDGMENT/LIEN

### Declaration Of Rick Augustini

I, Rick Augustini, declare:

1.      I am an attorney licensed to practice in this Court.  I used to represent TURAN PETROLEUM, INC. ("Turan") in various matters, including defending it in actions commenced by third parties, including the California Department of Corporations, which filed two separate actions against Turan wherein it demanded *over $10 million* in damages and unsuccessfully tried to freeze *all* of its assets.  I have personal knowledge of the following facts and could testify thereto if called upon to do so.

2.      Turan failed and refused to pay me despite repeated assurances, so I filed suit in Orange County Superior Court, obtained a judgment for $218,926.24, withdrew as Turan's attorney in this action and filed a notice of lien.  A true and correct copy of my notice of lien (which includes a certified copy of my judgment) is attached as Exhibit 1.

3.      Through the date of the hearing on this motion, i.e., December 17, 2012, the amount due and owing on my judgment will be $203,452.10, which sum reflects interest at the legal rate of 10% per annum under California law (based on a 365 day year) from and after entry of judgment, less all payments and/or credits.  A true and correct copy of the accounting that I prepared is attached as Exhibit 2.

4.      From November 14-16, 2012, I attempted to meet and confer pursuant to Local Rule 7-3.

5.      I spoke with counsel for Turan, John Hamilton, on Wednesday, November 14, 2012.  Turan subsequently indicated that it supports this motion.

6.      I thereafter tried to meet and confer with counsel for Third Party Claimants YERKIN BEKTAYEV, KANET MERIMANOV, YERKIN AKKUZOV, SABIRGAN DUSHALIEV and IGOR MAXIMOV ("Third Party Claimants"), John Schreiber.

7.      I tried to call Mr. Schreiber on the morning of November 14, 2012, but none of the phone numbers I could find for him (including those on the Court's docket and his website) worked, so I sent Mr. Schreiber an e-mail that provided:

MOTION FOR ORDER LEVYING/RELEASING PORTION OF INTERPLEADED FUNDS TO SATISFY
JUDGMENT/LIEN

> I tried to contact you several times by phone today, but the number listed your state bar profile and your website are not working. I'm going to be filing a motion for (1) an order releasing the sum of $203,452.10 (plus interest from and after the date of the hearing until paid) from the $1,499,942.42 that Wells Fargo paid into court on April 1, 2009 (the "Interpleaded Funds") to satisfy my judgment/lien; or in the alternative; (2) an order granting me an express lien with respect to any "cause of action, right to relief or judgment" that Turan may have vis-à-vis the Interpleaded Funds. I already have discussed the motion with counsel for Turan. Please contact me to discuss the motion today or tomorrow at the latest so we can discuss the motion pursuant to Local Rule 7-3. Thanks.

8.    Roughly a day and a half later, at approximately 5:30 p.m. on Thursday, November 15, 2012, I received two e-mails from Mr. Schreiber asking whether I had written fee agreements. I responded at 8:09 a.m. on Friday, November 16, 2012: "Yes. I have written fee agreements that comply with the rules. The superior court would not have entered judgment without them. Please call me ASAP to discuss the motion so I can file/serve it today. Thanks."

9.    When I still had not heard from Mr. Schreiber by 11:30 a.m. on Friday, November 16, 2012, I tried to call him again, but his phone still was not working. I therefore sent Mr. Schreiber another e-mail at 11:34 a.m. and provided Mr. Schreiber with my cell phone number in case he tried to call me over the lunch hour:

> I tried to call you again a few minutes ago, but your phone is still not working. I don't know what the problem is, but I need to speak with you regarding my motion as soon as possible. Either your clients oppose paying me from the funds previously paid into court or they do not. The next available hearing date is open. I have completed the motion (including interest calculations) based on that hearing date, and I don't want to have to change all the numbers around. I also have to file the motion manually (as opposed to electronically) and serve it by mail given my status as a judgment creditor/lien claimant. That means I need to file/serve today, and I'd rather not get stuck in Friday afternoon traffic. Please call me by 1:00 p.m. so I don't have to file the motion with a revised declaration. If you miss me at the office, you always can reach me on my cell: (949) 291-6173. Thanks in advance for your professional courtesy.

10.    When I returned from lunch on Friday, November 16, 2012 at approximately 1:15 p.m., I still had not heard from Mr. Schreiber. I therefore filed this motion before speaking with him since: (a) December 17, 2011 was an available hearing date on the Court's calendar; (b) the Court will be dark on the next two hearing dates, i.e., December 24 and 31, 2012; (c) I am

1    scheduled to start a trial on the next hearing date, i.e., January 7, 2012; and (d) I already had

2    prepared the motion (including interest calculations) based on a December 17, 2012 hearing date.

3         11.    I therefore do not know as of the time I signed this declaration whether the Third

4    Party Claimants intend to oppose this motion.

5         I declare under penalty of perjury under the laws of the United States of America that the

6    foregoing is true and correct.  Executed on November 16, 2012 at Newport Beach, California.

7

8                        s/Rick Augustini

9                        _____

                         Rick Augustini

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR ORDER LEVYING/RELEASING PORTION OF INTERPLEADED FUNDS TO SATISFY
JUDGMENT/LIEN

## Declaration Of Anatoly Vanetik

I, Anatoly Vanetik, declare:

1.      I am a party to this action.  I also have been an officer and/or director of TURAN
PETROLEUM, INC. ("Turan") at the relevant times. I have personal knowledge of the following
facts and could testify thereto if called upon to do so.

2.      All of $1,499,942.42 that Wells Fargo Bank, N.A. ("Wells Fargo") paid into court
on or about April 1, 2009 belonged to *Turan* (the "Interpleaded Funds").  The Interpleaded Funds
consisted of monies that *Turan* deposited in its bank account *before* Third Party Claimants
YERKIN BEKTAYEV, KANET MERIMANOV, YERKIN AKKUZOV, SABIRGAN
DUSHALIEV and IGOR MAXIMOV (the "Bektayev Parties") demanded that Wells Fargo
freeze Turan's accounts.  None of the Interpleaded Funds belonged to any of the Bektayev
Parties.

3.      Attached as Exhibit 3 is a true and correct copy of the letter that the Bektayev
Parties transmitted to Wells Fargo that caused it to freeze Turan's accounts.

4.      The board of directors of Turan supports this motion, and it asks that the Court
grant it so that, among other things:  (a) Judgment Creditor is paid for the work he performed; and
(b) it stops incurring additional post-judgment interest on Judgment Creditor's judgment.

I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct.  Executed on November 14, 2012 at Newport Beach, California.


s/Anatoly Vanetik
_____
Anatoly Vanetik

MOTION FOR ORDER RELEASING PORTION OF INTERPLEADED FUNDS TO SATISFY
JUDGMENT/LIEN

1

**<u>Request for Judicial Notice</u>**

2      Pursuant to Federal Rule of Evidence 201 and the Federal Rules of Evidence, Judgment

3  Creditor hereby requests that the Court take judicial notice of the following document(s)

4  previously filed in this action:

5          1.      The Memorandum of Points and Authorities that Wells Fargo Bank, N.A. filed on

6  April 3, 2009 as Docket No. 151-2, a true and correct copy of which is attached as Exhibit 4.

7          2.      The Answer and Counter-Claim in Interpleader that Wells Fargo Bank, N.A. filed

8  on April 3, 2009 as Docket No. 167, a true and correct copy of which is attached as Exhibit 5.

9  Dated: November 16, 2012                    LAW OFFICE OF RICK AUGUSTINI

10                                                 s/Rick Augustini

11                                          By: _____

12                                              Rick Augustini
                                                Attorneys for Judgment Creditor/Lien Claimant
13                                              RICK AUGUSTINI

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR ORDER LEVYING/RELEASING PORTION OF INTERPLEADED FUNDS TO SATISFY
JUDGMENT/LIEN

**EXHIBIT 1**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Rick Augustini (Bar No. 160934) | (949)721-6624 | |

620 Newport Center Drive, Suite 1100

Newport Beach, CA 92660

**ATTORNEY FOR LIEN CLAIMANT:** Rick Augustini

**NAME OF COURT:** United States District Court-Central

**STREET ADDRESS:** District of California

**MAILING ADDRESS:**

**CITY AND ZIP CODE:** 411 West Fourth Street

**BRANCH NAME:** Santa Ana, CA 92701-4516

**PLAINTIFF:** Kazenercom Too, et al.

**DEFENDANT:** Turan Petroleum, Inc., et al.

| | |
|---|---|
| **NOTICE OF LIEN**<br>(Attachment—Enforcement of Judgment) | **CASE NUMBER:**<br>8:09-cv-00059-JVS-MLG |

**ALL PARTIES IN THIS ACTION ARE NOTIFIED THAT**

1. A lien is created by this notice under
   a. ☐ Article 3 (commencing with section 491.410) of Chapter 11 of Title 6.5 of Part 2 of the Code of Civil Procedure.
   b. ☒ Article 5 (commencing with section 708.410) of Chapter 6 of Title 9 of Part 2 of the Code of Civil Procedure.

2. The lien is based on a
   a. ☐ right to attach order and an order permitting the creation of a lien (copies attached).
   b. ☒ money judgment.

3. The right to attach order or the money judgment is entered in the following action:
   a. Title of court (specify): Orange County Superior
   b. Name of case (specify): Augustini v. Turan Petroleum, Inc., et al.
   c. Number of case (specify): 30-2012-00541903
   d. ☒ Date of entry of judgment (specify): July 20, 2012
   e. ☐ Dates of renewal of judgment (specify):

4. The name and address of the judgment creditor or person who obtained the right to attach order are (specify):
   Rick Augustini, 620 Newport Center Dr., Ste. 1100, Newport Beach, CA 92660

5. The name and last known address of the judgment debtor or person whose property is subject to the right to attach order are (specify):
   Turan Petroleum, Inc., 2575 McCabe Way, Suite 100, Irvine, CA 92614

6. The amount required to satisfy the judgment creditor's money judgment or to secure the amount to be secured by the attachment at the time this notice of lien is filed is
   $ 234,556.49 plus post-judgment interest from July 20, 2012.

7. The lien created by this notice attaches to any cause of action of the person named in item 5 that is the subject of this action or proceeding and to that person's rights to money or property under any judgment subsequently procured in this action or proceeding.

8. No compromise, dismissal, settlement, or satisfaction of this action or proceeding or any of the rights of the person named in item 5 to money or property under any judgment procured in this action or proceeding may be entered into by or on behalf of that person, and that person may not enforce any rights to money or property under any judgment procured in this action or proceeding by a writ or otherwise, unless one of the following requirements is satisfied.
   a. the prior approval by order of the court in this action or proceeding has been obtained;
   b. the written consent of the person named in item 4 has been obtained or that person has released the lien; or
   c. the money judgment of the person named in item 4 has been satisfied.

| |
|---|
| **NOTICE** The person named in item 5 may claim an exemption for all or any portion of the money or property within 30 days after receiving notice of the creation of the lien. The exemption is waived if it is not claimed in time. |

Date: August 20, 2012

Rick Augustini

(TYPE OR PRINT NAME)          ▶          (SIGNATURE OF LIEN CLAIMANT OR ATTORNEY)

CV-60 (12/03)
(AT-180, EJ-185 [New January 1, 1985])

**NOTICE OF LIEN**
(Attachment—Enforcement of Judgment)

CCP 491.410, 708.410
Page 1 of 1

ELECTRONICALLY RECEIVED
Superior Court of California,
County of Orange
06/22/2012 at 03:10:46 PM
Clerk of the Superior Court
By Latasaha M Staiforth,Deputy Clerk

**JUD-100**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Rick Augustini (Bar No. 160934)<br>620 Newport Center Drive, Suite 1100<br>Newport Beach, CA 92660<br>TELEPHONE NO. (949) 721-6624   FAX NO. *(Optional)* (949) 721-6623<br>E-MAIL ADDRESS *(Optional)*<br>ATTORNEY FOR *(Name)* Plaintiff Rick Augustini | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br>**JUL 20 2012**<br>ALAN CARLSON, Clerk of the Court<br>BY ☒ FRAHS ⑥ |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange |
|---|
| STREET ADDRESS: 700 Civic Center Drive West |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Santa Ana, CA 92701 |
| BRANCH NAME: Central Justice Center |

| PLAINTIFF: Rick Augustini |
|---|
| DEFENDANT: Turan Petroleum, Inc., et al. |

| **JUDGMENT**<br>☐ By Clerk   ☑ By Default   ☐ After Court Trial<br>☑ By Court   ☐ On Stipulation   ☐ Defendant Did Not Appear at Trial | CASE NUMBER<br>30-2012-00541903 |
|---|---|

**JUDGMENT**

1. ☑ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☐ Clerk's Judgment (Code Civ. Proc., § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.
   e. ☑ Court Judgment (Code Civ. Proc., § 585(b)). The court considered
      (1) ☐ plaintiff's testimony and other evidence.
      (2) ☑ plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2. ☐ **ON STIPULATION**
   a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and
   b. ☐ the signed written stipulation was filed in the case.
   c. ☐ the stipulation was stated in open court   ☐ the stipulation was stated on the record.

3. ☐ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on *(date and time):*
      before *(name of judicial officer):*
   b. Appearances by:
      ☐ Plaintiff *(name each):*        ☐ Plaintiff's attorney *(name each):*
         (1)                              (1)
         (2)                              (2)
      ☐ Continued on Attachment 3b.

      ☐ Defendant *(name each):*        ☐ Defendant 's attorney *(name each):*
         (1)                              (1)
         (2)                              (2)
      ☐ Continued on Attachment 3b.

   c. ☐ Defendant did not appear at trial. Defendant was properly served with notice of trial.

   d. ☐ A statement of decision (Code Civ. Proc., § 632) ☐ was not ☐ was   requested.

Form Approved for Optional Use<br>Judicial Council of California<br>JUD-100 [New January 1, 2002]

**JUDGMENT**

Code of Civil Procedure §§ 585, 664.6

| PLAINTIFF: Rick Augustini | CASE NUMBER: |
|---|---|
| DEFENDANT: Turan Petroleum, Inc., et al. | 30-2012-00541903 |

**JUDGMENT IS ENTERED AS FOLLOWS BY:** [✓] **THE COURT**  [ ] **THE CLERK**

4. [ ] Stipulated Judgment. Judgment is entered according to the stipulation of the parties.

5. Parties. Judgment is
 a. [✓] for plaintiff (name each):       c. [ ] for cross-complainant (name each):
  **Rick Augustini**
  and against defendant (names):       and against cross-defendant (name each):
  **Turan Petroleum, Inc., a Nevada Corporation**

  [ ] Continued on Attachment 5a.       [ ] Continued on Attachment 5c.

 b. [ ] for defendant (name each):       d. [ ] for cross-defendant (name each):

6. Amount.
 a. [✓] Defendant named in item 5a above must pay plaintiff on the complaint:      c. [ ] Cross-defendant named in item 5c above must pay cross-complainant on the cross-complaint:

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| (1) | [✓] | Damages | $ 218,926.24 | | (1) | [ ] | Damages | $ |
| (2) | [✓] | Prejudgment interest at the annual rate of   % | $ 15,215.35 | | (2) | [ ] | Prejudgment interest at the annual rate of   % | $ |
| (3) | [ ] | Attorney fees | $ 0.00 | | (3) | [ ] | Attorney fees | $ |
| (4) | [✓] | Costs | $ 414.90 | | (4) | [ ] | Costs | $ |
| (5) | [ ] | Other (specify): | $ 0.00 | | (5) | [ ] | Other (specify): | $ |
| (6) | | **TOTAL** | **$ 234,556.49** | | (6) | | **TOTAL** | $ |

 b. [ ] Plaintiff to receive nothing from defendant named in item 5b.
  [ ] Defendant named in item 5b to recover costs $
   [ ] and attorney fees $

 d. [ ] Cross-complainant to receive nothing from cross-defendant named in item 5d.
  [ ] Cross-defendant named in item 5d to recover costs $
   [ ] and attorney fees $

7. [ ] Other (specify):

Date: **7-20-12**       [ ] _____
                  JOHN C. Gastelum

Date: _____  [ ] Clerk, by _____, Deputy

| (SEAL) | **CLERK'S CERTIFICATE** (Optional) |
|---|---|
| | I certify that this is a true copy of the original judgment on file in the court. |
| | Date: |
| | Clerk, by _____, Deputy |

Page 2 of 2

JUD-100 [New January 1, 2002]      **JUDGMENT**

I hereby certify the foregoing instrument consisting of ____ page(s)
is a true and correct copy of the original on file in this court.

AUG 06 2012

ATTEST (DATE)_____
ALAN CARLSON  EXECUTIVE OFFICER AND CLERK OF THE
SUPERIOR COURT OF CALIFORNIA  COUNTY OF ORANGE

BY _____ DEPUTY

Patricia M. Conde

## PROOF OF SERVICE

    I am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 620 Newport Center Drive, Suite 1100, Newport Beach, CA 92660.

    On August 21, 2012, I served the foregoing document(s) NOTICE OF LIEN by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| John M. Hamilton, Esq.<br>JOHN M. HAMILTON LAW OFFICES<br>5757 West Century Boulevard, Suite 700<br>Los Angeles, CA 90045 | Paul A. Hoffman, Esq.<br>GREENWALD & HOFFMAN<br>1851 E First Street, Suite 860<br>Santa Ana, CA 92705-4039 |
| John T. Schreiber, Esq.<br>LAW OFFICES OF JOHN T SCHREIBER<br>1255 Treat Boulevard, Suite 300<br>Walnut Creek, CA 94597 | Leonard J. Suchanek, Esq.<br>LEONARD J SUCHANEK & ASSOCIATES<br>1025 Connecticut Avenue Suite 1000 NW<br>Washington, DC 20036 |
| Sylvia M. Scott, Esq.<br>Russell R. Fisk, Esq.<br>FREEMAN FREEMAN AND SMILEY LLP<br>3415 Sepulveda Boulevard, PH-Suite 1200<br>Los Angeles, CA 90034-6060 | Richard A. Solomon, Esq.<br>Stephen M. Spinella, Esq.<br>SOLOMON GRINDLE SILVERMAN & SPINELLA<br>12651 High Bluff Drive, Suite 300<br>San Diego, CA 92130 |
| Alex Striganov<br>80 Gingerwood<br>Irvine, CA 92603 | |

I mailed such envelope(s) by depositing them in the United States mail at Newport Beach, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 21, 2012 at Newport Beach, California.

Michelle Broughman

FIRST-CLASS MAIL

**Hasler**
08/21/2012
**US POSTAGE** **$00.65⁰**

ZIP 92660
011D11609242

LAW OFFICE OF RICK AUGUSTINI
620 NEWPORT CENTER DRIVE, SUITE 1100
NEWPORT BEACH, CALIFORNIA 92660

John T. Schreiber, Esq.
LAW OFFICES OF JOHN T SCHREIBER
1255 Treat Boulevard, Suite 300
Walnut Creek, CA 94597

---

FIRST-CLASS MAIL

**Hasler**
08/21/2012
**US POSTAGE** **$00.65⁰**

ZIP 92660
011D11609242

LAW OFFICE OF RICK AUGUSTINI
620 NEWPORT CENTER DRIVE, SUITE 1100
NEWPORT BEACH, CALIFORNIA 92660

Paul A. Hoffman, Esq.
GREENWALD & HOFFMAN
1851 E First Street, Suite 860
Santa Ana, CA 92705-4039

Hasler
08/21/2012
US POSTAGE
FIRST-CLASS MAIL
$00.65º
ZIP 92660
011D11609242



LAW OFFICE OF RICK AUGUSTINI
620 NEWPORT CENTER DRIVE, SUITE 1100
NEWPORT BEACH, CALIFORNIA 92660

Alex Striganov
80 Gingerwood
Irvine, CA 92603

Hasler
08/21/2012
US POSTAGE
FIRST-CLASS MAIL
$00.65º
ZIP 92660
011D11609242



LAW OFFICE OF RICK AUGUSTINI
620 NEWPORT CENTER DRIVE, SUITE 1100
NEWPORT BEACH, CALIFORNIA 92660

John M. Hamilton, Esq.
JOHN M. HAMILTON LAW OFFICES
5757 West Century Boulevard, Suite 700
Los Angeles, CA 90045

LAW OFFICE OF RICK AUGUSTINI
620 NEWPORT CENTER DRIVE, SUITE 1100
NEWPORT BEACH, CALIFORNIA 92660

Hasler
08/21/2012
US POSTAGE
FIRST-CLASS MAIL
$00.65⁰
ZIP 92660
011D11609242

Sylvia M. Scott, Esq.
Russell R. Fisk, Esq.
FREEMAN FREEMAN AND SMILEY LLP
3415 Sepulveda Boulevard, PH-Suite 1200
Los Angeles, CA 90034-6060

LAW OFFICE OF RICK AUGUSTINI
620 NEWPORT CENTER DRIVE, SUITE 1100
NEWPORT BEACH, CALIFORNIA 92660

Hasler
08/21/2012
US POSTAGE
FIRST-CLASS MAIL
$00.65⁰
ZIP 92660
011D11609242

Richard A. Solomon, Esq.
Stephen M. Spinella, Esq.
SOLOMON GRINDLE SILVERMAN & SPINELLA
12651 High Bluff Drive, Suite 300
San Diego, CA 92130

FIRST-CLASS MAIL

**Hasler**
08/21/2012
**US POSTAGE** $00.65⁹

ZIP 92660
011D11609242

LAW OFFICE OF RICK AUGUSTINI
610 NEWPORT CENTER DRIVE, SUITE 1100
NEWPORT BEACH, CALIFORNIA 92660

Leonard J. Suchanek, Esq.
LEONARD J SUCHANEK & ASSOCIATES
1025 Connecticut Avenue Suite 1000 NW
Washington, DC 20036

**EXHIBIT 2**

Accounting

| | |
|---|---|
| Balance as of date of entry of judgment, i.e., July 20, 2012 | 234556.49 |
| Post-Judgment Interest At The Legal Rate of 10% Per Annum On $234,556.49 From July 20, 2012 to September 28, 2012 (70 Days @ $64.26/day)[1] | 4498.20 |
| Balance as of September 28, 2012 | 239054.69 |
| Payment/Credit | (5635.42) |
| New Balance as of September 28, 2012 | 233419.27 |
| Post-Judgment Interest At The Legal Rate of 10% Per Annum On $233,419.27 From September 28, 2012 to October 12, 2012 (14 Days @ $63.95/day)[2] | 895.30 |
| Balance as of October 12, 2012 | $234314.57 |
| Payment/Credit | (25000.00) |
| New Balance as of October 12, 2012 | 209314.57 |
| Post-Judgment Interest At The Legal Rate of 10% Per Annum On $209,314.57 From October 12, 2012 to October 19, 2012 (7 Days @ $57.34/day)[3] | 401.38 |
| Balance as of October 19, 2012 | 200715.95 |
| Payment/Credit | (500.00) |
| New Balance as of October 19, 2012 | 200215.95 |
| Late/Finance Charge On Past Due Balance of $200,215.95 From October 19, 2012 to December 17, 2012 (59 Days @ $54.85/day)[4] | 3236.15 |
| Balance as of December 17, 2012 | 203452.10 |

---

[1] Calculated as follows:  $234,556.49 *.10 = $23,455.64/365 = $64.26.
[2] Calculated as follows: $233,419.27 * .10 =  $23,341.92/365 = $63.95.
[3] Calculated as follows: $209,314.57 * .10 =  $20,931.45/365 = $57.34.
[4] Calculated as follows: $200,215.95 * .10 =  $20,021.59/365 = $54.85.

**EXHIBIT 3**



Wells Fargo Bank
Legal Department, Management
420 Montgomery St.
San Francisco, CA 94163

cc.: Wells Fargo Branch
Senior Manager
Harbor Boulevard,
2970 Harbor Blvd
Costa Mesa, CA 92626
By fax (714) 979 7832
By FedEx

Dear Madam/Sir:

**URGENT**

**Re.: Accounts in the name Turan Petroleum, Inc.,
Accounts ## 313-8162700, 265-3846101, 573-8215283,
Request to freeze three accounts pending receivership**

We are submitting to you the Resolutions of the Special Meeting of the Stockholders of Turan Petroleum, Inc. (the "Corporation"), a Nevada corporation, held on February 19th, and the Decisions of its newly elected Board of Directors.

As there had not been a shareholders' meeting held since 2005, which is a direct and serious breach of Nevada law, the new Board has replaced all prior individuals who held themselves out as the Corporation's directors and officers, as those particular individuals, Messieurs Askar Karabayev and Robin Bisarya, have not been appointed by a Board duly elected, at any time, by the shareholders.

The Stockholders elected five individuals as new Directors of the Corporation: Yerkin Akkuzov, Yerkin Bektayev, Sabirgan Dushaliev, Igor Maximov and Kanet Merimanov (myself).

c/o: Gowling Lafleur Henderson, Suite 2600, 160 Elgin St.,
Ottawa, ON, K1P 1C3, Canada, Attn. Michael Boehm, Esq.,
tel. No.: +7-701-720-3737; fax: +7-727-254-39-44, e-mail: turanpetroleum.office@gmail.com

1

EXHIBIT G, P. 65

The attached Resolutions passed by the shareholders, and the subsequent Decisions passed by the Board, relied on the allegations of fraud, conversion, Ponzi schemes, and money laundering contained in several complaints brought against the former directors and officers. These admissions, derived from legal actions brought by these previous directors suing each other, have established that the former alleged officers of Turan Petroleum Inc. have seriously and continuously compromised the interests of all of Turan's shareholders. These Resolutions and Decisions are published on the Internet.

The Resolutions and Decisions authorized the institution of a receivership and restitution of the contributions of the Stockholders.

We request that Wells Fargo urgently put a freeze on the above noted 3 accounts at your bank (containing, on information and belief, about $4 million) or any other accounts in the Corporation's name, until the receivership is instituted and confirmed by the court. Given the facts that the former operators in the name of the Corporation used offshore entities in Belize, the British Virgin Islands and Panama, for apparent laundering proceeds, we believe that there is an extreme likelihood that the funds held by your Bank will be dissipated.

Please also advise as to which officer of the Bank will be acting as a contact on these issues.

Thank you for your consideration and cooperation.

Yours very truly,

Kanet Meirmanov,
Director,
Turan Petroleum Inc.

Enclosure: Resolutions of the Stockholders' Meeting on February 19, 2009 and of the Board of Directors' Minutes, notarized Affidavit confirming authenticity.

cc: counsel

2

EXHIBIT G, P. 66

ss.
District of Columbia          )
                             )
                             )

## AFFIDAVIT

The undersigned affiant, Kanet Mutalievich Meirmanov, born on February 2, 1954 in Kazakhstan, being duly sworn, herby states and deposes:

1.    I am over the age of eighteen, suffer no legal disabilities, have personal knowledge of the documents which are annexed.

2.    The annexed documents represent true and correct copies of the Resolutions of the Special Meeting of the Stockholders, held on February 19, 2009 and the Minutes of the Board of Directors, held on February 19-24, 2009, i.e. 31 pages.

3.    I am one of five new directors of the Board of Directors of Turan Petroleum Inc., a Nevada corporation, elected on February 19, 2009.

4.    All prior alleged directors of Turan Petroleum, Inc. (not elected as such by stockholders) were removed for cause by the Special Meeting of the Stockholders on February 19, 2009, with the revocation of signatory rights on any accounts in the name of Turan Petroleum, Inc.

5.    As a director and acting per the Decisions of the Board of Directors, I am duly authorized to submit to the banking institution Wells Fargo Bank, that holds the accounts of Turan Petroleum, Inc. these Resolutions and Minutes, with the request to freeze the accounts operated by the former operators of the corporation, pending the receivership.

Dated:

KANET MEIRMANOV

Director, Turan Petroleum, Inc.

District of Columbia  ss
Subscribed and Sworn to before me
this 27 day of February , 2009

Notary Public, D.C.
My commission expires 1/31/2014

William Kanst
Notary Public, District of Columbia
My Commission Expires 1/31/2014

**EXHIBIT 4**

1  Richard A. Solomon, SBN 82923
   Stephen M. Spinella, SBN 144732
2  SOLOMON, GRINDLE, SILVERMAN & SPINELLA
   A Professional Corporation
3  12651 High Bluff Drive, Suite 300
   San Diego, California 92130
4  Tel: (858) 793-8500; Fax: (858) 793-8263

5  Attorneys for Third-Party Defendant and Counter-Claimant
   WELLS FARGO BANK, N.A.
6

7                    UNITED STATES DISTRICT COURT

8                   CENTRAL DISTRICT OF CALIFORNIA

9                   SOUTHERN DIVISION – SANTA ANA

10 KAZENERCOM TOO, ET AL.,                )   Docket No.  08:09cv00059 JVS (MLGx)
                                          )
11              Plaintiffs,               )   Assigned for All Purposes to:
                                          )   Hon. James V. Selna
12      vs.                               )
                                          )   MEMORANDUM OF POINTS AND
13 TURAN PETROLEUM, INC., ET AL.,         )   AUTHORITIES IN SUPPORT OF
                                          )   MOTION BY THIRD-PARTY
14              Defendants.               )   DEFENDANT WELLS FARGO BANK,
                                          )   N.A., FOR DISCHARGE OF
15 ─────────────────────────────────     )   STAKEHOLDER, DISMISSAL OF
                                          )   THIRD-PARTY COMPLAINT AGAINST
16 TURAN PETROLEUM, INC,                  )   WELLS FARGO AND JUDGMENT FOR
                                          )   ATTORNEY FEES
17              Defendant and             )
                Counterclaimant,          )
18                                        )   Date: April 27, 2009
        vs.                               )   Time: 1:30 p.m.
19                                        )   Dept: 10-C
   YERKIN BEKTAYEV and KANET             )
20 MEIRMANOV,                             )
                                          )
21              Plaintiffs and            )
                Counterdefendants.        )
22 ─────────────────────────────────     )
                                          )
23 TURAN PETROLEUM, INC.,                 )
                                          )
24              Defendant and             )
                Third-Party Plaintiff,    )
25                                        )
        vs.                               )
26                                        )
   WELLS FARGO, N.A., YERKIN             )
27 AKKUZOV, SABIRGAN DUSHALIEV,          )
   IGOR MAXIMOV,                          )
28                                        )
                Third-Party Defendants.   )

                              1
   Memorandum of Points & Authorities SA-CV-09-0059 JVS (MLGx)

1   WELLS FARGO BANK, N.A.,                           )
                                                       )
2                       Third-Party Defendant          )
                        and Counter-Claimant,          )
3                                                       )
                                                       )
4       vs.                                             )
                                                       )
5                                                       )
       TURAN PETROLEUM, INC., YERKIN                    )
6       BEKTAYEV, KANET MEIRMANOV,                      )
       YERKIN AKKUZOV, SABIRGAN                         )
7       DUSHALIEV and IGOR MAXIMOV,                     )
                                                       )
8                       Defendants, Third-Party        )
                        Claimants and Counter-          )
9                       Defendants.                     )
       _____)

10

11

## I.   INTRODUCTION

Third-Party Defendant and Counter-Claimant WELLS FARGO BANK, N.A. ("Wells Fargo")
moves the Court for discharge in the counter-claim in interpleader filed herein by Wells Fargo, on the
grounds that Wells Fargo is merely a stakeholder which has no interest in or knowledge of the issues
among the parties. Wells Fargo further requests dismissal with prejudice of the third-party claim filed
against Wells Fargo by Turan Petroleum, Inc. and a judgment for attorney fees and costs incurred by
Wells Fargo in this action to date.

## II.   FACTUAL BACKGROUND

This case involves a dispute among various individuals and defendant/counter-claimant Turan
Petroleum, Inc. ("Turan") over ownership and control of several business accounts on deposit with
Wells Fargo Bank in Costa Mesa, CA. In March 2009, Wells Fargo was notified of an alleged change
in control of Turan's Board of Directors, who requested that the accounts should be frozen pending a
court order of receivership. See Exhibit G to the Declaration of Askar Karabayev in Support of Turan's
Ex Parte Application dated March 6, 2009, a copy of which is provided herein as Exhibit 1 to Wells
Fargo's Request for Judicial Notice ("RJN"), filed and served herewith.

The parties were before the Court at an ex-parte OSC hearing on March 26, 2009, brought by
Turan demanding release of the subject accounts to Turan. In response to Turan's ex-parte application,

1   Wells Fargo filed a Memorandum of Points and Authorities and Declarations setting forth its position
2   as a mere stakeholder, a disinterested party which should bear no liability and have no involvement in
3   the dispute over the right to the subject accounts. See Response of Wells Fargo to Order to Show
4   Cause and Declarations of Sean M. Appenrodt ["Appenrodt Dec."] and Richard A. Solomon ["Solomon
5   Dec."] dated and filed March 20, 2009. Wells Fargo has answered the Third-Party Complaint filed
6   against it by Turan and also filed a Counter-claim in Interpleader. It has deposited all monies in the
7   subject accounts with the court. This motion seeks discharge from liability and recovery of fees
8   incurred by Wells Fargo in this action.

9   **III.   ARGUMENT**

10      **A.      Wells Fargo Has Been Subjected to Multiple Claims.**

11          A party seeking interpleader and discharge has the burden of showing that the interpleader is
12   justified in that the stakeholder may be exposed to multiple liability with respect to property it holds
13   because of conflicting claims. *Interfirst Bank Dallas, N.A. v. Purolater Courier Corp.*, 608 F.Supp.
14   351, 353 (N.D. Tex. 1985). Wells Fargo has made such a showing in its response to Turan's ex-parte
15   application referenced above. To reiterate Wells Fargo's position, on March 2, 2009, Wells Fargo
16   received a facsimile transmission labeled "urgent" from Kanet Meirmanov. See, RJN, Exhibit 2,
17   Appenrodt Dec., ¶ 11, and Exhibit B thereto. The letter, written on Turan letterhead, demands that
18   Wells Fargo freeze three accounts pending receivership and is signed by Mr. Meirmanov as the director
19   of Turan. The letter attaches a notarized affidavit which itself appends Resolutions of the Special
20   Meeting of the Stockholders [of Turan], held on February 19, 2009, etc. RJN, Exhibit 2, Appenrodt
21   Dec., ¶ 11 , and Exhibit B thereto.

22          The letter and attachments speak for themselves. In effect, they alert Wells Fargo that the
23   previous directors and officers of Turan had been replaced as a result of the Special Meeting of the
24   Stockholders [of Turan], held on February 19, 2009, claiming also that the former directors and officers
25   of Turan had engaged in fraud, and demanding Wells Fargo freeze certain accounts. Wells Fargo froze
26   all Turan accounts that day. RJN, Exhibit 2, Appenrodt Dec., ¶¶ 12 and 13.

27          On March 4, 2009, others who claimed the authority to act for Turan became aware of the freeze
28   (e.g., Askar Karabayev, who submitted a declaration with respect to the OSC). On that day, counsel for

Case 8:09-cv-00059-JVS-MLG  Document 478  Filed 11/16/12  Page 35 of 55  Page ID
#:10577
Case 8:09-cv-000   JVS-MLG  Document 151-2  Filed    /3/09  Page 4 of 7

1   the moving party, Freeman, Freeman & Smiley ("FFS") wrote to Wells Fargo and demanded that the

2   freeze on all Turan's accounts be lifted. RJN, Exhibit 2, Appenrodt Dec., ¶ 14, and Exhibit C thereto.

3   In essence, the FFS letter contends that the attachments to the correspondence of March 2, 2009

4   (received from Mr. Meirmanov as the director of Turan) were invalid and that the shareholder meeting

5   referenced therein was likewise invalid. The FFS letter threatens to hold Wells Fargo responsible for

6   damages if it does not lift the freeze. RJN, Exhibit 2, Appenrodt Dec., ¶ 14, and Exhibit C thereto.

7        Since March 4, 2009, further demands have been made on Wells Fargo by both factions –

8   mainly via emails directed to its counsel. RJN, Exhibit 2, incorporating Solomon Dec. at ¶¶ 2 and 3.

9   Among other things, those emails advised of various filings in this action, including a motion to

10  disqualify FFS. In that motion to disqualify, the party sending the March 2, 2009, letter to Wells Fargo

11  maintains its position that the pre-existing board of directors of Turan had been validly dismissed and

12  others elected in its stead – just as represented to Wells Fargo in Turan's letter of March 2, 2009. RJN,

13  Exhibit 2, Solomon Dec., ¶ 3 and Exh. E thereto. Additionally, in an email dated March 9, 2009,

14  counsel for the faction spearheaded by Meirmanov indicated that his clients oppose this instant OSC on

15  both "substantive and procedural grounds." See, RJN, Exhibit 3, Declaration of R. Fisk, Exhibit A

16  thereto.

17       Accordingly, two factions, each purporting to act for Turan, have made demand on Wells Fargo

18  with regard to the account. FFS, purportedly representing Turan herein[1], has demanded that Wells

19  Fargo make a "judgment call" – to its peril if it should decide wrongly – as to who is entitled to the

20  monies on deposit. Self-evidently, Wells Fargo cannot do this. It is entitled to freeze the monies on

21  deposit, per the parties' Business Account Agreement, or otherwise interplead if the various claimants

22  prove unable to resolve the dispute themselves (with or without court intervention).

23       **B.    Wells Fargo is a Mere Stakeholder and Should Not Be Subject to Liability.**

24       The evidence provided to the Court at the ex-parte hearing makes it clear that there are

25  competing factions, each vying for control of Turan in some manner. Whether the claim of one party is

27       [1]Wells Fargo says "purportedly representing Turan" because of the motion to disqualify

28  FFS which was set for hearing in this Court on April 20, 2009, but was subsequently vacated by
the court at the March 26, 2009 hearing.

1   valid and the competing claim without merit is not for Wells Fargo to determine.  To decide wrongly

2   would expose Wells Fargo to significant liability.  For example, in the context of an interpleader, all

3   Wells Fargo need show is that it has a bona fide fear of several prospective claims.  The relative merit

4   of the claims is not relevant and not for the stakeholder to decide.  *New York Life Ins. Co. v. Lee,* 232

5   F.2d 811 (9th Cir. 1956); see also *Algemene Bank Nederland, N.V. v. Soysen Tarim Urunleri Dis*

6   *Ticaret Ve Sanayi, A.S.,* 748 F.Supp. 177, 180 (S.D.N.Y. 1990).

7     There is no question Wells Fargo is simply a stakeholder with no interest in the outcome of the

8   action and should be allowed to interplead the funds and obtain a discharge from further responsibility

9   or liability.  In fact, at the ex-parte hearing, the court invited Wells Fargo to bring an interpleader action

10  – and the conflicting claims leveled against it – likely in recognition of the clear facts pointing to Wells'

11  Fargo's non-involvement in the merits of the case.  Wells Fargo has filed its Counter-Claim in

12  interpleader and now seeks discharge, dismissal of the Cross-Claim against it with prejudice and an

13  award of attorney fees and costs to compensate it for having to appear and defend in this action to date.

14    **C.**  **Wells Fargo Has Deposited All Funds in Question with the Court.**

15    Federal Rule 22 permits interpleader in any action that meets the normal jurisdictional

16  requirements in federal court.  There is also a statutory interpleader provided by 28 U.S.C. § 1335.

17  Deposit of the funds with the court is a jurisdictional prerequisite to maintaining the action.  *Murphy v.*

18  *Travelers Ins. Co.,* 534 F.2d 1155, 1159 (5th Cir. 1976).  However, Rule 22 does not require that the

19  money or property be deposited with the court.  Nevertheless, Wells Fargo deposited all funds into the

20  Court on April 1, 2009.  See, Declaration of Stephen M. Spinella, filed and served herewith, ¶ 4 and

21  Exhibit 1 thereto.

22    **D.**  **Wells Fargo is Entitled to an Award of Attorney Fees and Costs.**

23    Courts have discretion to award attorney fees to a disinterested stakeholder in an interpleader

24  action under the court's inherent equitable powers.  *Abex Corp. v. Ski's Enterprises, Inc.,* 748 F.2d 513,

25  516 (9th Cir. 1984).  The rationale is that it would be inequitable to make the disinterested stakeholder

26  bear the expense of guarding against vexatious and multiple litigation.  Moreover, the interpleader

27  action benefits the claimants by facilitating an early determination of ownership of the stake.  *Schirmer*

28  *Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp.,* 306 F.2d 188, 190 (9th Cir. 1962).

1    The factors to be considered in awarding attorney fees are, *inter alia*, the necessity of services,

2    the diligence in pursuing the remedy, the degree to which determination is – or, in this case is not – part

3    of the stakeholder's ordinary cost of doing business. *Rutter Group Practice Guide: Federal Civil*

4    *Procedure Before Trial*, Chapter 10-B, § 10:206 and cases cited therein. In the case at bar, it is clear

5    Wells Fargo's attorney fees have been necessitated by the real threat of multiple claims and potential

6    liability. Wells Fargo has responded immediately to the counter-claim filed against it and immediately

7    filed this motion within a week after the initial ex-parte hearing. Most importantly, Wells Fargo is

8    incapable of making a determination on its own as to who is the legitimate owner of the disputed funds

9    – this is not part of Wells Fargo's normal course of business. Certainly, the equities favor

10   compensating Wells Fargo for the necessary legal fees incurred in responding to Turan's Third-Party

11   claim and bringing this interpleader action and motion for discharge.

12   In addition, the accountholder agreement between Wells Fargo and Turan provides for attorney

13   fees. Upon the opening of a business account, Wells Fargo provides its depositors with a Business

14   Account Agreement that outlines the rights and obligations of the account holder and Wells Fargo.

15   RJN, Exhibit 2, Appenrodt Dec., ¶ 10. When Wells Fargo revises its business account agreements, the

16   revised version is mailed to the account holder at the address to which statements are sent. *Id.* The

17   most recent version of the Business Account Agreement provides in relevant part:

18          Adverse Claims

19   If any person or entity makes a claim against funds in your Account, or if
     the Bank believes that conflict exists between or among the Authorized

20   Signers on you Account, or that there is a dispute over matters such as the
     ownership of you Account or the authority to withdraw funds from your

21   Account, the Bank may, without any liability to you, take one or more of
     the following actions:

22                          *        *        *

     •       Freeze all or a part of the funds in your Account until the dispute is resolved to

23           the Bank's satisfaction . . .

24   •       Pay the funds into an appropriate court.

25   **The Bank may charge your Account for expenses (including attorney's fees and
     expenses) and fees the Bank incurs.**

26

27   RJN, Exhibit 2, Appenrodt Dec., ¶ 10, and Exhibit A thereto, emphasis added.

28

1    As shown in the Declaration of Stephen M. Spinella, filed concurrently herewith, Wells Fargo

2    has incurred $10,501.00 in attorney fees to date herein.

3    **E.    Wells Fargo Agrees to Have This Motion Heard on a Shortened-Notice Basis.**

4    The within motion is set for April 27, 2009, in accord with Local Rule 6-1, given the filing date

5    of this instant motion of April 3, 2009. However, at the ex-parte hearing of March 26, 2009, the Court

6    invited any hearing on Wells Fargo's motion for discharge to be heard on shortened time.

7    After this motion is filed and served, Wells Fargo will determine if any party intends to oppose

8    it. If not, Wells Fargo will appear on April 8, 2009 – the date scheduled for certain cross-motions for

9    summary judgment at which all potentially interested parties will also appear – in order to report to the

10   Court that there is no opposition to the within motion. In this manner, the Court may, in its discretion,

11   render a ruling hereon at its earliest convenience.[2] Alternatively, if any party wishes to oppose this

12   motion, Wells Fargo will seek the cooperation of all affected parties in order to set this motion for

13   hearing on shortened time (i.e, prior to April 24, 2009) and report any such agreement reached to the

14   Court on April 8, 2009.

15   **IV.    CONCLUSION**

16   Based on the foregoing, Wells Fargo requests the court deem its interpleader action proper,

17   order that Wells Fargo be discharged from further liability to any or all of the parties named herein

18   under the allegations of the Complaint, Counter-Claim or Third-Party Claim, that the Third-Party Claim

19   be dismissed as to Wells Fargo with prejudice, and that judgment be entered in favor of Wells Fargo in

20   the amount of $10,501.00, allowing said sum to be directed immediately to Wells Fargo out of the

21   corpus of all interpleaded funds.

22   Dated: April 3, 2009                    SOLOMON, GRINDLE, SILVERMAN & SPINELLA, APC

23

24                    By: _____\s\ S. Spinella_____
                          Stephen M. Spinella
25                        Attorneys for Third-Party Defendant/Counter-Claimant,
                          Wells Fargo Bank, N.A.
26

27   _____

28   [2]Should Wells Fargo learn that no party opposes its motion herein prior to April 8, 2009,
     it will report this to the Court the moment it confirms same in a notice of non-opposition.

**EXHIBIT 5**

**BY FAX**

1   Richard A. Solomon, SBN 82923
    Stephen M. Spinella, SBN 144732
2   SOLOMON, GRINDLE, SILVERMAN & SPINELLA
    A Professional Corporation
3   12651 High Bluff Drive, Suite 300
    San Diego, California 92130
4   Tel: (858) 793-8500; Fax: (858) 793-8263

5   Attorneys for Third-Party Defendant, Counter-Claimant
    and Cross-Claimant, WELLS FARGO BANK, N.A.
6

7              UNITED STATES DISTRICT COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9              SOUTHERN DIVISION – SANTA ANA

10  KAZENERCOM TOO, ET AL.,                 )   Docket No.  08:09cv00059 JVS (MLGx)
                                            )
11              Plaintiffs,                 )   Assigned for All Purposes to:
                                            )   Hon. James V. Selna
12       vs.                                )
                                            )   ANSWER OF THIRD-PARTY
13  TURAN PETROLEUM, INC., ET AL.,          )   DEFENDANT WELLS FARGO BANK,
                                            )   N.A. TO THIRD-PARTY COMPLAINT
14              Defendants.                 )   OF TURAN PETROLEUM, INC;
                                            )
15  ─────────────────────────────          )   COUNTER-CLAIM OF WELLS
                                            )   FARGO IN INTERPLEADER
16  TURAN PETROLEUM, INC,                   )   (AGAINST TURAN, BEKTAYEV,
                                            )   MERIMANOV, DUSHALIEV,
17              Defendant and               )   AKKUZOV AND MAXMOV)
                Counterclaimant,            )
                                            )
18       vs.                                )
                                            )
19  YERKIN BEKTAYEV and KANET              )
    MEIRMANOV,                              )
20                                          )
                Plaintiffs and              )
21              Counterdefendants.          )
                                            )
22  ─────────────────────────────          )
                                            )
23  TURAN PETROLEUM, INC.,                  )
                                            )
24              Defendant and               )
                Third-Party Plaintiff,      )
25                                          )
         vs.                                )
26                                          )
    WELLS FARGO, N.A., YERKIN              )
27  AKKUZOV, SABIRGAN DUSHALIEV,           )
    IGOR MAXIMOV,                           )
28                                          )
                Third-Party Defendants.     )

1  WELLS FARGO BANK, N.A.,

2  　　　　　　　　Third-Party Defendant
　　　　　　　　and Counter-Claimant,

3

4  　　vs.

5

6  TURAN PETROLEUM, INC., YERKIN
BEKTAYEV, KANET MEIRMANOV,
YERKIN AKKUZOV, SABIRGAN
7  DUSHALIEV and IGOR MAXIMOV,

8  　　　　　　　　Defendants, Third-Party
　　　　　　　　Claimants and Counter-
9  　　　　　　　　Defendants.

10  ─────────────────────

11

12  　　　Third-Party Defendant, Counter-Claimant and Cross-Claimant WELLS FARGO BANK, N.A.

13  ("Wells Fargo") submits the following Answer to the Third-Party Complaint of Turan Petroleum, Inc.

14  　　　1.　　Answering paragraph 1 of the Third-Party Complaint of Turan Petroleum, Inc. ("TPC"),

15  Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the

16  allegations contained in paragraph 1, and on that basis denies each and every allegation contained

17  therein.

18  　　　2.　　Answering paragraph 2 of the TPC, Wells Fargo is without sufficient knowledge or

19  information to form a belief as to the truth of the allegations contained in paragraph 2, and on that basis

20  denies each and every allegation contained therein.

21  　　　3.　　Answering paragraph 3 of the TPC, Wells Fargo admits that Turan is a corporation

22  organized under the laws of the State of Nevada, based on publicly-available information reasonably

23  accessible by Wells Fargo. Wells Fargo is without sufficient knowledge or information to form a belief

24  as to the truth of the remaining allegations contained in paragraph 3, and on that basis denies said

25  remaining allegations.

26  　　　4.　　Answering paragraph 4 of the TPC, Wells Fargo is without sufficient knowledge or

27  information to form a belief as to the truth of the allegations contained in paragraph 4, and on that basis

28  denies each and every allegation contained therein.

Answer of Wells Fargo to Third-Party Complaint and Counter Claim　　　　　SA-CV-09-0059 JVS (MLGx)

5.     Answering paragraph 5 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5, and on that basis denies each and every allegation contained therein.

6.     Answering paragraph 6 of the TPC, Wells Fargo admits that it is a federally chartered national bank with its main office located in South Dakota.  Wells Fargo denies the remaining allegations of paragraph 6.

7.     Answering paragraph 7 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7, and on that basis denies each and every allegation contained therein.

8.     Answering paragraph 8 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8, and on that basis denies each and every allegation contained therein.

9.     Answering paragraph 9 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9, and on that basis denies each and every allegation contained therein.

10.     Answering paragraph 10 of the TPC, Wells Fargo admits it is aware of a letter dated February 4, 2009, entitled "Letter to Stockholders Regarding Special Meeting of Shareholders Convened by Majority Shareholders in Turan Petroleum, Inc., a Nevada corporation, inasmuch as a copy of said letter was directed to it on a date subsequent to February 4, 2009.  Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 10, and on that basis denies said remaining allegations.

11.     Answering paragraph 11 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11, and on that basis denies each and every allegation contained therein.

12.     Answering paragraph 12 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12, and on that basis denies each and every allegation contained therein.

///

Answer of Wells Fargo to Third-Party Complaint and Counter Claim          SA-CV-09-0059 JVS (MLGx)

1    13.    Answering paragraph 13 of the TPC, Wells Fargo is without sufficient knowledge or

2    information to form a belief as to the truth of the allegations contained in paragraph 13, and on that

3    basis denies each and every allegation contained therein.

4    14.    Answering paragraph 14 of the TPC, Wells Fargo is without sufficient knowledge or

5    information to form a belief as to the truth of the allegations contained in paragraph 14, and on that

6    basis denies each and every allegation contained therein.

7    15.    Answering paragraph 15 of the TPC, Wells Fargo is without sufficient knowledge or

8    information to form a belief as to the truth of the allegations contained in paragraph 15, and on that

9    basis denies each and every allegation contained therein.

10    16.    Answering paragraph 16 of the TPC, Wells Fargo is without sufficient knowledge or

11    information to form a belief as to the truth of the allegations contained in paragraph 16, and on that

12    basis denies each and every allegation contained therein.

13    17.    Answering paragraph 17 of the TPC, Wells Fargo is without sufficient knowledge or

14    information to form a belief as to the truth of the allegations contained in paragraph 17, and on that

15    basis denies each and every allegation contained therein.

16    18.    Answering paragraph 18 of the TPC, Wells Fargo is without sufficient knowledge or

17    information to form a belief as to the truth of the allegations contained in paragraph 18, and on that

18    basis denies each and every allegation contained therein.

19    19.    Answering paragraph 19 of the TPC, Wells Fargo is without sufficient knowledge or

20    information to form a belief as to the truth of the allegations contained in paragraph 19, and on that

21    basis denies each and every allegation contained therein.

22    20.    Answering paragraph 20 of the TPC, Wells Fargo is without sufficient knowledge or

23    information to form a belief as to the truth of the allegations contained in paragraph 20, and on that

24    basis denies each and every allegation contained therein.

25    21.    Answering paragraph 21 of the TPC, Wells Fargo is without sufficient knowledge or

26    information to form a belief as to the truth of the allegations contained in paragraph 21, and on that

27    basis denies each and every allegation contained therein.

28    ///

Answer of Wells Fargo to Third-Party Complaint and Counter Claim          SA-CV-09-0059 JVS (MLGx)

Case 8:09-cv-00059-JVS-MLG   Document 478   Filed 11/16/12   Page 44 of 55   Page ID
Case 8:09-cv-000   JVS-MLG   Document 167   Filed 0   /09   Page 5 of 14
#:10586

1    22.    Answering paragraph 22 of the TPC, Wells Fargo is without sufficient knowledge or

2  information to form a belief as to the truth of the allegations contained in paragraph 22, and on that

3  basis denies each and every allegation contained therein.

4    23.    Answering paragraph 23 of the TPC, Wells Fargo is without sufficient knowledge or

5  information to form a belief as to the truth of the allegations contained in paragraph 23, and on that

6  basis denies each and every allegation contained therein.

7    24.    Answering paragraph 24 of the TPC, Wells Fargo is without sufficient knowledge or

8  information to form a belief as to the truth of the allegations contained in paragraph 24, and on that

9  basis denies each and every allegation contained therein.

10    25.    Answering paragraph 25 of the TPC, Wells Fargo is without sufficient knowledge or

11  information to form a belief as to the truth of the allegations contained in paragraph 25, and on that

12  basis denies each and every allegation contained therein.

13    26.    Answering paragraph 26 of the TPC, Wells Fargo is without sufficient knowledge or

14  information to form a belief as to the truth of the allegations contained in paragraph 26, and on that

15  basis denies each and every allegation contained therein.

16    27.    Answering paragraph 27 of the TPC, Wells Fargo is without sufficient knowledge or

17  information to form a belief as to the truth of the allegations contained in paragraph 27, and on that

18  basis denies each and every allegation contained therein.

19    28.    Answering paragraph 28 of the TPC, Wells Fargo admits that it placed a freeze on the

20  bank accounts of Turan based, in part, on a letter it received from Meirmanov which was accompanied

21  by an Affidavit from Merimanov.  Wells Fargo is without sufficient knowledge or information to form

22  a belief as to the truth of the remaining allegations contained in paragraph 28, and on that basis denies

23  said remaining allegations.  Wells Fargo also specifically denies that the freeze placed on the bank

24  accounts of Turan was "unlawful" as alleged in paragraph 28.

25    29.    Answering paragraph 29 of the TPC, Wells Fargo is without sufficient knowledge or

26  information to form a belief as to the truth of the allegations contained in paragraph 29, and on that

27  basis denies each and every allegation contained therein.

28  ///

Answer of Wells Fargo to Third-Party Complaint and Counter Claim          SA-CV-09-0059 JVS (MLGx)

1    30.    Answering paragraph 30 of the TPC, Wells Fargo is without sufficient knowledge or

2    information to form a belief as to the truth of the allegations contained in paragraph 30, and on that

3    basis denies each and every allegation contained therein.

4    31.    Answering paragraph 31 of the TPC, Wells Fargo admits that, on or about March 5,

5    2009, it provided to Sylvia Scott, Esq., who represented to Wells Fargo that she was the legal

6    representative of Turan, with a copy of the letter Wells Fargo received from Meirmanov.  Wells Fargo

7    is without sufficient knowledge or information to form a belief as to the truth of the remaining

8    allegations contained in paragraph 31, and on that basis denies said remaining allegations.  Wells Fargo

9    also specifically denies that it had not notified Turan of the freeze placed on the bank account.

10    32.    Answering paragraph 32 of the TPC, Wells Fargo admits that it refused to lift the freeze

11    it placed on Turan's accounts.  Wells Fargo also admits that representatives of Turan apprised Wells

12    Fargo that it was allegedly suffering damages as a result of the freeze.  Wells Fargo is without sufficient

13    knowledge or information to form a belief as to the truth of the remaining allegations contained in

14    paragraph 32, and on that basis denies said remaining allegations.  Wells Fargo also specifically denies

15    that the freeze placed on Turan's accounts was "wrongful" in nature as alleged by Turan, herein.

16    33.    Answering paragraph 33 of the TPC, Wells Fargo is without sufficient knowledge or

17    information to form a belief as to the truth of the allegations contained in paragraph 33, and on that

18    basis denies each and every allegation contained therein.

19    34.    Answering paragraph 34 of the TPC, Wells Fargo is without sufficient knowledge or

20    information to form a belief as to the truth of the allegations contained in paragraph 34, and on that

21    basis denies each and every allegation contained therein.

22    35.    Answering paragraph 35 of the TPC, Wells Fargo is without sufficient knowledge or

23    information to form a belief as to the truth of the allegations contained in paragraph 35, and on that

24    basis denies each and every allegation contained therein.

25    36.    Answering paragraph 36 of the TPC, Wells Fargo is without sufficient knowledge or

26    information to form a belief as to the truth of the allegations contained in paragraph 36, and on that

27    basis denies each and every allegation contained therein.

28    ///

Answer of Wells Fargo to Third-Party Complaint and Counter Claim        SA-CV-09-0059 JVS (MLGx)

37. Answering paragraph 37 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 37, and on that basis denies each and every allegation contained therein.

38. Answering paragraph 38 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 38, and on that basis denies each and every allegation contained therein.

39. Answering paragraph 39 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 39, and on that basis denies each and every allegation contained therein.

40. Answering paragraph 40 of the TPC, Wells Fargo incorporates by this references its responses set forth in paragraphs 1 through 39 above.

41. Answering paragraph 41 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 41, and on that basis denies each and every allegation contained therein.

42. Answering paragraph 42 of the TPC, Wells Fargo admits that there were efforts made to resolve certain issues embraced in the motion for emergency and injunctive relief filed herein by Third-party Plaintiff. Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 42, and on that basis denies said remaining allegations.

43. Paragraph 43 of the TCP, and all sub-paragraphs thereof, is a request for relief which, under the Federal Rules of Civil Procedure, Wells Fargo is not obligated to admit or deny.

44. Answering paragraph 44 of the TPC, Wells Fargo incorporates by this references its responses set forth in paragraphs 1 through 43 above.

45. Answering paragraph 45 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 45, and on that basis denies each and every allegation contained therein.

46. Answering paragraph 46 of the TPC, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 46, and on that

1     basis denies each and every allegation contained therein.

2        47.      Answering paragraph 47 of the TPC, Wells Fargo is without sufficient knowledge or

3 information to form a belief as to the truth of the allegations contained in paragraph 47, and on that

4 basis denies each and every allegation contained therein.

5        48.      Answering paragraph 48 of the TPC, Wells Fargo admits that, in part, in reliance on the

6 representations of parties holding themselves out as having authority to act for Turan, it froze the

7 subject accounts. Wells Fargo is without sufficient knowledge or information to form a belief as to the

8 truth of the remaining allegations contained in paragraph 48, and on that basis denies said remaining

9 allegations.

10       49.      Answering paragraph 49 of the TPC, Wells Fargo is without sufficient knowledge or

11 information to form a belief as to the truth of the allegations contained in paragraph 49, and on that

12 basis denies each and every allegation contained therein.

13        50.      Answering paragraph 50 of the TPC, Wells Fargo is without sufficient knowledge or

14 information to form a belief as to the truth of the allegations contained in paragraph 50, and on that

15 basis denies each and every allegation contained therein.

16        51.      Answering paragraph 51 of the TPC, Wells Fargo is without sufficient knowledge or

17 information to form a belief as to the truth of the allegations contained in paragraph 51 and on that basis

18 denies each and every allegation contained therein.

19        52.      Answering paragraph 52of the TPC, Wells Fargo incorporates by this references its

20 responses set forth in paragraphs 1 through 51 above.

21        53.      Answering paragraph 53 of the TPC, Wells Fargo is without sufficient knowledge or

22 information to form a belief as to the truth of the allegations contained in paragraph 53, and on that

23 basis denies each and every allegation contained therein.

24        54.      Answering paragraph 54 of the TPC, Wells Fargo is without sufficient knowledge or

25 information to form a belief as to the truth of the allegations contained in paragraph 54, and on that

26 basis denies each and every allegation contained therein.

27        55.      Answering paragraph 55 of the TPC, Wells Fargo is without sufficient knowledge or

28 information to form a belief as to the truth of the allegations contained in paragraph 55, and on that

Answer of Wells Fargo to Third-Party Complaint and Counter Claim        SA-CV-09-0059 JVS (MLGx)

Case 8:09-cv-00059-JVS-MLG   Document 478   Filed 11/16/12   Page 48 of 55   Page ID
Case 8:09-cv-000... JVS-MLG   Document 167   Filed 0..  ./09   Page 9 of 14
#:10590

1    basis denies each and every allegation contained therein.

2        56.    Answering paragraph 56 of the TPC, Wells Fargo denies each and every allegation

3    contained therein to the extent it is alleged to be a "third-party Defendant" as alleged in this paragraph.

4

5                        **AFFIRMATIVE DEFENSES**

6        Wells Fargo alleges the following matters as separate and affirmative defenses to each and every

7    cause of action in the TPC:

8                        **FIRST AFFIRMATIVE DEFENSE**

9                        **(Failure to State a Claim)**

10        Third-party Plaintiff has failed to plead facts sufficient to state a cause of action against Wells

11    Fargo.

12                        **SECOND AFFIRMATIVE DEFENSE**

13                        **(Own Acts)**

14        Wells Fargo is informed and believes and on that basis alleges that any damages suffered by

15    plaintiff were the result of Third-party Plaintiff's own acts and/or omissions.

16                        **THIRD AFFIRMATIVE DEFENSE**

17                        **(Intervening Acts)**

18        Wells Fargo is informed and believes and on that basis alleges that any damages suffered by

19    Third-party Plaintiff are the result of an intervening and/or independent cause and not the result of any

20    act or omission by Wells Fargo.

21                        **FOURTH AFFIRMATIVE DEFENSE**

22                        **(Acts of Others)**

23        Wells Fargo is informed and believes and on that basis alleges that any damages suffered by

24    Third-party Plaintiff were caused either wholly or in part by persons or entities other than Wells Fargo,

25    and that the conduct of such other parties comparatively reduces the percentage of responsibility, if any,

26    to be borne by Wells Fargo.

27    ///

28    ///

Answer of Wells Fargo to Third-Party Complaint and Counter Claim          SA-CV-09-0059 JVS (MLGx)

## FIFTH AFFIRMATIVE DEFENSE

### (Privilege)

Wells Fargo alleges that Third-party Plaintiff is precluded and estopped from maintaining any of the causes of action pleaded against Wells Fargo herein inasmuch as Wells Fargo was permitted and privileged to undertake all actions of which Third-party Plaintiff now complains.

## SIXTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

Wells Fargo currently has insufficient information available upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Wells Fargo reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

**WHEREFORE,** Wells Fargo prays:

1. That Third-Party Plaintiff Turan Petroleum, Inc. take nothing by way of its Third-Party Complaint against Wells Fargo and that judgment be entered in favor of Wells Fargo;

2. For attorney fees and costs of suit;

3. For such other and further relief as the Court deems just and proper.

Dated: March 30, 2009                    SOLOMON, GRINDLE, SILVERMAN & SPINELLA, APC

                                         By: _____
                                             Stephen M. Spinella
                                             Attorneys for Third-Party Defendant Wells Fargo Bank,
                                             N.A.

Answer of Wells Fargo to Third-Party Complaint and Counter Claim          SA-CV-09-0059 JVS (MLGx)

1

**COUNTER-CLAIM OF WELLS FARGO**

2      Counter-Claimant Wells Fargo Bank, N.A. ("Wells Fargo") files the following Counter-Claim

3   against Defendant, Third-Party Claimant and Counter-Defendant, TURAN PETROLEUM, INC.

4   ("Turan"), and Counter-Defendants, YERKIN BEKTAYEV ("Bektayev"), KANET MEIRMANOV

5   ("Meirmanov"), YERKIN AKKUZOV ("Akkuzov"), SABIRGAN DUSHALIEV ("Dushaliev") and

6   IGOR MAXIMOV ("Maximov"), and alleges as follows:

7

8      1.      This Court has jurisdiction over this Counter-Claim pursuant to Federal Rules of Civil

9   Procedure, Rule 22 and 28 U.S.C. § 1335.  Venue is proper in this jurisdiction pursuant to 28 U.S.C. §

10  1391.

11     2.      Third-party Defendant and Counter-Claimant, Wells Fargo Bank, N.A., is a federally-

12  chartered national bank with its main office located in South Dakota.

13     3.      Wells Fargo is informed and believes that Turan is a corporation organized under the

14  laws of the state of Nevada, with its principal place of business in Orange County, California.

15     4.      Wells Fargo is informed and believes that Bektayev is a citizen of the Republic of

16  Kazakhstan who, on information and belief, resides in the Republic of Kazakhstan.

17     5.      Wells Fargo is informed and believes that Meirmanov is a citizen of the Republic of

18  Kazakhstan who, on information and belief, resides in the Republic of Kazakhstan.

19     6.      Wells Fargo is informed and believes that Akkuuzov is a citizen of the Republic of

20  Kazakhstan who, on information and belief, resides in the Republic of Kazakhstan.

21     7.      Wells Fargo is informed and believes that Dushaliev is a citizen of the Republic of

22  Kazakhstan who, on information and belief, resides in the Republic of Kazakhstan.

23     8.      Wells Fargo is informed and believes that Maximov is a citizen of the Republic of

24  Kazakhstan who, on information and belief, resides in the Republic of Kazakhstan.

25     9.      Turan maintains several business accounts with Wells Fargo at its Costa Mesa banking

26  center.  Those accounts bear the following account numbers:  573-8215283, 313-8162700 and 265-

27  3846101 ("the Accounts").

28  ///

---

11

10.    Upon the opening of a business account, Wells Fargo provides its depositors with a Business Account Agreement that outlines the rights and obligations of the account holder and Wells Fargo.  When Wells Fargo revises its business account agreements, the revised version is mailed to the account holder at the address to which statements are sent.

11.    The most recent version of the Business Account Agreement provides in relevant part:

Adverse Claims

If any person or entity makes a claim against funds in your Account, or if the Bank believes that a conflict exists between or among the Authorized Signers on your Account, or that there is a dispute over matters such as the ownership of your Account or the authority to withdraw funds from your Account, the Bank may, without any liability to you, take one or more of the following actions:

*      *      *

•    Freeze all or a part of the funds in your Account until the dispute is resolved to the Bank's satisfaction . . .

•    Pay the funds into an appropriate court.

The Bank may charge your Account for expenses (including attorney's fees and expenses) and fees the Bank incurs.

12.    On March 2, 2009, Wells Fargo received a facsimile transmission labeled "urgent" from Merimanov.  The letter, written on Turan letterhead, demands that Wells Fargo freeze the Accounts pending receivership and is signed by Merimanov as the director of Turan.  The letter attaches a notarized affidavit which itself appends Resolutions of the Special Meeting of the Stockholders [of Turan], held on February 19, 2009.

13.    Said letter and attachments of March 2, 2009, represent that pursuant to a Special Meeting of the Stockholders of Turan, held on February 19, 2009, Meirmanov, Bektayev, Dushaliev, Maximov and Akkuzov became the newly-elected Board of Directors, authorized to act on behalf of Turan.  Said letter and attachments further represents that all individuals holding themselves out previously as directors and/or officers of Turan had been replaced by the aforementioned individuals constituting the newly-elected Board of Directors.

14.    In accord with the Business Account Agreement, Wells Fargo froze the Accounts on March 2, 2009.

Answer of Wells Fargo to Third-Party Complaint and Counter Claim          SA-CV-09-0059 JVS (MLGx)

15.     On March 4, 2009, legal representatives of the Turan board of directors who were allegedly relieved of their duties by the newly-elected board of directors claimed that the newly-elected board of directors had no authority to act for Turan, that the election by which said newly-elected board of directors was elected was invalid, and that these competing factions were involved in active litigation.

16.     Accordingly, Wells Fargo has been subjected to competing demands by competing parties, each of which claims to have the sole authority to act for Turan and control the Accounts.  On the one hand, the individuals named herein; i.e., Meirmanov, Bektayev, Dushaliev, Maximov and Akkuzov, claim the authority to act for Turan as its newly-elected board of directors and have demanded that Wells Fargo freeze the Accounts.  On the other hand, representatives of the board of directors of Turan who were allegedly relieved of their duties by the aforementioned newly-elected board of directors claim that said newly-elected board of directors has no authority to act for Turan, that the election by which said newly-elected board of directors was elected was invalid, and have demanded that Wells Fargo lift the freeze placed on the Accounts.

17.     Wells Fargo is a mere stakeholder and has no interest in the Accounts.

18.     Wells Fargo has a bona fide fear that it may be subjected to multiple liability, is unable to determine the validity of the conflicting demands made on the Accounts, and cannot safely determine who has the authority to act for Turan with respect to the Accounts without Court intervention herein.

19.     Wells Fargo has incurred costs and reasonable attorney fees in connection with these proceedings and may incur additional costs and attorney fees hereafter.

20.     Wells Fargo interpleads into court herewith, via deposit with the Clerk of the Court, the sum of $1,499,942.42, representing all sums on deposit in the Accounts.

WHEREFORE, Wells Fargo prays judgment as follows:

(1)     that counter-defendants herein be ordered to interplead and litigate their claims to the money described in this Cross-Complaint in Interpleader;

(2)     that Wells Fargo be discharged from liability to each of said counter-defendants, and any other party with notice of this Counter-Claim, with respect to all monies interpleaded herein; and

13

Answer of Wells Fargo to Third-Party Complaint and Counter Claim          SA-CV-09-0059 JVS (MLGx)

1        (3)      that Wells Fargo be awarded costs and reasonable attorney fees to be paid to it from the

2 funds deposited with the Clerk of the Court; and

3        (4)      for such other and further relief as the Court deems just.

4

5 Dated: March 30, 2009           SOLOMON, GRINDLE, SILVERMAN & SPINELLA, APC

6

7                   By: _____

8                       Stephen M. Spinella
                      Attorneys for Third-Party Defendant/Counter-Claimant,

9                       Wells Fargo Bank, N.A.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Answer of Wells Fargo to Third-Party Complaint and Counter Claim       SA-CV-09-0059 JVS (MLGx)

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 620 Newport Center Drive, Suite 1100, Newport Beach, CA 92660.

On November 16, 2012, I served the foregoing document(s) NOTICE OF MOTION AND MOTION: (1) FOR ORDER RELEASING FUNDS TO SATISFY JUDGMENT/LIEN; OR IN THE ALTERNATIVE, (2) FOR ORDER GRANTING LIEN ON ANY CAUSE OF ACTION, RIGHT TO RELIEF OR JUDGMENT THAT TURAN PETROLEUM MAY HAVE; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF ANATOLY VANETIK AND RICK AUGUSTINI IN SUPPORT THEREOF by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| John M. Hamilton, Esq.<br>JOHN M. HAMILTON LAW OFFICES<br>5757 West Century Boulevard, Suite 700<br>Los Angeles, CA 90045 | Paul A. Hoffman, Esq.<br>GREENWALD & HOFFMAN<br>1851 E First Street, Suite 860<br>Santa Ana, CA 92705-4039 |
| John T. Schreiber, Esq.<br>LAW OFFICES OF JOHN T<br>SCHREIBER<br>1255 Treat Boulevard, Suite 300<br>Walnut Creek, CA 94597 | Leonard J. Suchanek, Esq.<br>LEONARD J SUCHANEK &<br>ASSOCIATES<br>1025 Connecticut Avenue Suite 1000 NW<br>Washington, DC 20036 |
| Sylvia M. Scott, Esq.<br>Russell R. Fisk, Esq.<br>FREEMAN FREEMAN AND SMILEY<br>LLP<br>3415 Sepulveda Boulevard, PH-Suite 1200<br>Los Angeles, CA 90034-6060 | Richard A. Solomon, Esq.<br>Stephen M. Spinella, Esq.<br>SOLOMON GRINDLE SILVERMAN &<br>SPINELLA<br>12651 High Bluff Drive, Suite 300<br>San Diego, CA 92130 |
| Alex Striganov<br>80 Gingerwood<br>Irvine, CA 92603 | |

I mailed such envelope(s) by depositing them in the United States mail at Newport Beach, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 16, 2012 at Newport Beach, California.

s/Michelle Broughman
_____
Michelle Broughman